

# OJS DeKalb County, GA

Online Judicial System

OJS SEARCH HOME

March 18, 2010 ( Information last refreshed 18-MAR-2010 12:19:07 PM EST )

LOGOUT

Civil Case Search

| | | | | |
|---|---|---|---|---|
| Case ID: | 10CV2598 | | Case Type: | All Types |
| Last Name / First Name: | BOONE | CAROLYN | Case Status: | (●) Open ( ) All |
| OR Company Name: | | | Court Code: | All Courts |
| [x] Exact Last Name Search [ ] Phonetic Search | | | Filing Date From: | MM/DD/YYYY |
| search reset | | | Filing Date To: | MM/DD/YYYY |

Case Information

Case: 10CV2598 (Open) BOONE VS JP MORGAN CHASE BANK (JAB)
Filing Date: 02/18/2010 Type: Superior General Civil
Judge: ROBERT J. CASTELLANI Superior Court
Secondary: Personal Property
Tertiary:
**Related Cases:**
***No Related Cases.***

Parties

| Party | Type |
|---|---|
| BOONE, CAROLYN | Plaintiff |
| JP MORGAN CHASE BANK | Defendant |
| NATIONAL ASSOCIATION | Defendant |
| MCCURDY & CANDLER, LLC. | Defendant |

Scheduled Events

| Scheduled Date/Time | Event Description | Building | Room |
|---|---|---|---|

***No Events Scheduled.***

Docket Entries

| Description | Filing Date | Text | Assoc. Party? |
|---|---|---|---|
| ANSWER FILED | 16-MAR-2010 | DEFT MCCURDY & CANDLER LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLTFS COPLAINT (...more | No |
| CERTIFICATE OF SERVICE | 16-MAR-2010 | OF A COPY OF THE FOREGOING DEFT MCCURDY & CANDLER LLC'S ANSWER AND AFFIRMATIVE D...more | No |
| AFFIDAVIT OF SERVICE | 11-MAR-2010 | UPON KERAN SITH ON FEB 19, 2010 UPON JP MORGAN CHASE BY LEAVING COPIES WITH SHA...more | No |
| SERVICE, NOTORIOUS | 25-FEB-2010 | UPON MCCURDY CANDLER LLC BY LEAVING COPIES WITH SCOTTIE CANDLER/PARTNER ON FEB 2...more | No |
| MISCELLANEOUS | 19-FEB-2010 | SENT SERVICE TO DKSO (TB) | No |
| COMPLAINT FILED | 18-FEB-2010 | WITH EXHIBITS A-K, CASH AMT $125.50 (JLC) | No |

Disclaimer
Copyright 2007. All rights Reserved.
Service provided by DeKalb County, GA

OJS Online Judicial System DeKalb County, GA

THE SUPERIOR COURT OF DEKALB COUNTY

*State of Georgia*

-------------------------------------------------------X

CAROLYN BOONE

    Pro se

                Plaintiff

    -against-

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION            COMPLAINT
MCCURDY & CANDLER, LLC

                Defendants

-------------------------------------------------------X

10 CU2598 - 1

FILED 2010 FEB 18 P 3 23

The plaintiff acting as pro se, complaining of the defendants herein allege, upon information and belief as follows.

    PLAINTIFF:  CAROLYN BOONE, Pro Se, resides at 115-14 209th Street Cambria Heights, New York 11411

1.  DEFENDANT: JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, registered with Georgia's Office of the Secretary of State as a foreign entity c/o CT Corporation Systems, 1201 Peach Tree Street North East, Atlanta Georgia 30361

2.  DEFENDANT: MCCURDY & CANDLER, L.L.C. Registered with Georgia's Office of the Secretary of State to conduct business at suite 600 250 East Ponce De Leon Avenue, Decatur Georgia 30030

### STATEMENT OF CLAIM

3.  Plaintiff complaint plead claims for: Wrongful Non-Judicial Foreclosure and Sale, Deceptive Business Practices, Breach of Contract, Gross Negligence, Conversion, Fraud, Violation of Business & Professional Code Section Unfair Business Practices Violation of Rico Civil Act, Malice Willful Misconduct. Oppression.

4.  When reference in this Complaint is made to any act of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, subsidiaries, affiliates, or representatives of the Defendants committed or authorized such act and did so while acting within the scope of their employment or agency.

### WRONGFUL NON-JUDICIAL FORECLOSURE AND SALE

### FIRST CAUSE OF ACTION

5.      On May 5, 2009 the defendant JP Morgan´Chase Bank, National Association purportedly conducted or had conducted a wrongful non-judicial foreclosure and sale pursuant to an Equity Line of Credit Security Deed dated 8/21/03, Recorded in the DeKalb County Records Deed Book 15258, Page 488. **(Exhibit A)**

6.      The Security Deed reads a Maximum Credit Limit of $133,955.60 the ("Credit Agreement".) The Property Address being 815 Mountain Oaks Parkway, Stone Mountain Georgia, 30087. Further the defendant did not extend any funds to the plaintiff. There was no consideration amount for a Security Deed. No Future Advance clause is written in the Deed and the defendant is not in the chain of title.

7.      The Security Deed has a power of sale clause but it is contingent upon the execution of provision #12, Waiver of Grantor's Rights upon Default, which reads: **By execution of this paragraph.**

8.      The prerequisite or the ability of the **Lender** to exercise the power of sale clause and to conduct a non-judicial foreclosure and sale is by the execution by plaintiff of a single page document known as an Acknowledgment and Waiver of Borrower's rights. Attached to this document would be a Closing Attorney's Affidavit.

9.      The plaintiff never waived her Constitutional rights to notices and a judicial hearing because the plaintiff never executed an Acknowledgment and Waiver of Borrower's Rights document and no such document is recorded in the County Records. Further plaintiff was not given a Notice of Default and none was recorded in the County Records.

10.     Plaintiff never waived any and all rights which Grantor may have under the Fifth and Fourteenth Amendments to the Constitution of the United States, the various provisions of the Constitution for the several states or by reason of any other applicable law to notices and to judicial hearing prior to the exercise by Lender of any remedy herein provided to Lender.

11.     The defendant did not explain to the plaintiff neither did the defendant make plaintiff aware of the power of sale clause or its meaning. The defendant's own Security Deed signature page have a box to be checked which reads **Waiver of Grantor's/ Borrower's Rights and Attorney's Affidavit.**

12.     The defendant knew or should have known that an Attorney was supposed to be present.

13.     The Security Deed does not contain a legal description. It reads see exhibit A, but it does not have attached to and incorporated herein, rendering the Security Deed defective.

14.     The Modification of a WaMu Mortgage Plus Agreement and Security Instrument was recorded in the DeKalb County Records, Deed Book 19192 Page 340. It does not have Lender, its successors or assigns, nor does it have a power of sale clause. No Agreement is filed in the County Records. Provision

# 1 reads. The provisions of this Modification shall prevail over and supersede the inconsistent provisions of the Agreement or Security Instrument. **(Exhibit B)**

15. The Modification states an extended credit limit of $157,955.00 yet it was not utilized for the foreclosure and sale.

## DEFECTIVE NOTICE OF SALE UNDER POWER PUBLICATION

### AS AND FOR A SECOND CAUSE OF ACTION

The plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 15.

16. The Published Notice misrepresents the defendant JP Morgan Chase Bank, National Association as the foreclosing party even though they had no record interest in the property at the time of either the publication or foreclosure sale. **(Exhibit C)**

17. The defendant failed to comply with the strict adherence to the statute's notice provisions. One of those requirements is that the notice identify "the holder of the note." It's failure to do so renders the Notice defective and the ( "sale void as a matter of law.")

18. The Notice of Sale Publication misrepresents because of default in the payment of the indebtedness secured by a Security Deed executed by plaintiff to Washington Mutual Bank, FA as last transferred to JP Morgan Chase Bank, National Association by an assignment.

19. There is no assignment recorded in the County Records.

20. Further the Publication misrepresents a legal description is in the deed, when there is no legal description in the Security Deed. The notice does not state a present default. No Corporate Official Affidavit evidencing a debt, or default is recorded.

21. The Publication Notice misrepresents the order in which the proceeds from the sale is to be distributed, it states and the proceeds from said sale will be applied to the payment of said indebtedness as provided in said deed.

22. This does not comply with the terms of Provision #7 (a) of the Security Deed which states Lender shall apply the proceeds of the sale in the following order (1) to the expenses of the sale.

23. The Security Deed reads, **Lender shall mean the Holder and Owner of the Credit Agreement**. The Notice does not identify the Holder and Owner of the Credit Agreement. The defendant JP Morgan Chase Bank, National Association is not the Holder and Owner of the Credit Agreement.

24.      The Notice misrepresents that the sale will be conducted pursuant to final confirmation and
audit of the status of the loan with the holder of the security deed. The fact that the Security Deed was
modified does not appear in the notice advertisement. It also states and the undersigned will execute a
deed to the purchaser as provided in the aforementioned Security Deed. It does not state in Minnesota
once again the notice is defective and the fraudulent foreclosure sale is void as a matter of law.


### NOTICE OF RECISSION

### AS AND FOR A THIRD CAUSE OF ACTION

The plaintiff repeats and re-alleges each and every allegation contained in paragraphs
designated 1 through 24.

25.      The plaintiff sent an official letter March 30, 2009 to the defendant rescinding the September
12, 2006 transaction due to the fact that the notice of right to rescind did not have the dates filled in.
And not receiving the proper disclosures required.

26.      The defendant did not respond back to the plaintiff within the twenty day time span set by TILA.
April 12, 2009 plaintiff received a letter from the defendant stating the Notice of Right to Cancel is for
the modification of the WaMu Mortgage Plus Agreement that you completed on September 14, 2006, as
the only available rescission to you would be for the additional line amount that was granted with the
September 14, 2006, modification. The rescission was never honored by the defendant. **(Exhibit D)**

### FRAUDULENT FORECLOSURE DEED

### AS AND FOR A  FOURTH CAUSE OF ACTION

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs
designated 1 through 26.

27.      The foreclosure deed fails to identify who conducted the sale.  Whether the party conducting
the foreclosure had the authority to do so, the defendant failed to prove that it had such authority.

28.      The deed intentionally  misrepresents that plaintiff was acting by and through her duly
appointed agent and attorney-in-fact JP Morgan Chase Bank, National Association as S/I/I to Washington
Mutual Bank fka Washington Mutual Bank, FA Party of the First Part, and JP Morgan Chase Bank,
National Association as Party of the Second Part. The deed does not mention as last transferred by an
assignment as it did in the published notice, now it's stating as S/I/I on the foreclosure deed. **(Exhibit E)**

29.      Further it misrepresents that the Security Deed described the indebtedness. The foreclosure
deed reads purchased by the defendant for Seventy Thousand Seventy-Four and 52/100Dollars

($70,074.54), cash in hand paid, the receipt of which is herby acknowledged.  The tax assessor's office shows a different sale price.  The tax assessor's valued the property at $150,000.00.

30.     The foreclosure deed shows a legal description and no legal description was incorporated into the Security Deed. Additionally

31.     The foreclosure deed was executed in the State of Minnesota, County of Dakota.  The signature page reads executed pursuant to a Limited Power of Attorney recorded in Deed Book 2115 Page 1 DeKalb County, Georgia Records.  There is no Notary Acknowledgement.  No signatory Affidavit attached. It was not executed pursuant to the attorney-in-fact clause within the Security Deed.

32.     The invalid Limited Power of Attorney document was recorded in Douglas County 10/27/08 then recorded in DeKalb County on 11/4/08, the document was between Washington Mutual Bank, and FIS Foreclosure Solutions, Inc. (FIS) presently known as Lender Processing Services.  The document had nothing to do with the defendant. It was for Weissman Nowack Curry & Wilco, P.C. Attorney at law.

33.     Washington Mutual Bank was closed and taken into Receivership by the Federal Deposit Insurance Corporation (FDIC) 7/11/08 rendering this document as void.  The plaintiff never received a Welcome letter or any other correspondences from the defendant stating a debt prior to the foreclosure and sale. The plaintiff never received the required RESPA Servicing Transfer Disclosure.

34.     The defendant foreclosure deed failed to meet the terms of the Security Deed which reads. The Lender's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Security Instrument.  The foreclosure deed failed to be prima facie evidence of such compliance and conclusive evidence of the truth of the statements made therein.

35.     The Notary's signature on the foreclosure deed does not match the authentication signature from the Minnesota Secretary of State. **(Exhibit J)**

36,     Lender Processing Services fka, Foreclosure Solutions Inc (FIS) the entity who executed the foreclosure deed as the attorney-in fact, are not registered with Georgia's Secretary of State to conduct business.

### BREACH OF THE TERMS, CONVENANTS, AND PROVISIONS

### AS AND FOR A FIFTH CAUSE OF ACTION

        The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through
36.

37.     Defendant failed to comply with Georgia Law requiring all assignments to be recorded before the foreclosure and sale. The purported assignment was never recorded.

38.     These recitals shall be prima facie evidence of such compliance and conclusive evidence of the truth of the statements made herein.

39.     The defendant breached the terms of the Security Deed by not having an Attorney present as Georgia Law prohibits non lawyers from conveying real estate.  Further the Security Deed reads, this Security Instrument shall be governed by and construed in accordance with federal law, and to the extent federal law does not apply the laws of the State of Georgia, and

40.     The Security Deed was not properly executed as it lacks a Notary Seal, and an Acknowledgment was not taken by the Notary.  The deed's signature page is not dated and the unofficial witness signature appears first on the document.  The Notary's handwritten my commission expires date is 11/13/03, and the stamp date is 11/13/05.

41.     The defendant failed to comply with the terms and covenants of the Security Deed regarding notices as a Notice of Default was not sent to the plaintiff and no Notice of Default was recorded in the County Records before the foreclosure and sale.  Additionally

42.     The defendant breached the terms of the Security Deed by not complying with Georgia Residential Mortgage Act, regarding the Foreclosure Disclosure which reads that failure to comply with the terms and conditions of the loan could result in foreclosure against the subject property.  The defendant failed to provide the plaintiff with the Foreclosure Disclosure and none is recorded.  Provision #4(g) of the Security Deed was not complied with it reads the Lender as Grantor attorney –in- fact to execute all documents necessary to transfer title if there is a default.

### STATEMENT OF FACTS

### AS AND FOR A SIX CAUSE OF ACTION

The plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 42

43.     The defendant McCurdy & Candler, LLC letter dated March 30, 2009 to plaintiff misrepresented that JP Morgan Chase Bank, National Association as the Creditor, and Washington Mutual Mortgage as the servicer. In one letter defendant stated they were representing JP Morgan Chase Bank, National Association.

44.     In another letter defendant stated Washington Mutual Mortgage provided the information to the defendant for a payoff quote of $172,364.95, stating the investor has authorized Washington Mutual Mortgage to provide this information and to act on its behalf.  The investor was not named.

45.     The March 30, 2009 letter from the defendant to the plaintiff had a sale date of May 5, 2009. The Notice of Sale Under Power was sent to the Champion Newspaper for Publication on March 27, 2009, two days before the defendant's initial correspondence letter to the plaintiff.  The notice ran 4/9, 4/16, 4/23, 4/30.  The foreclosure deed does not show the dates and the notice advertisement was not recorded.  The Notice was running before the legal 30days to dispute the alleged debt was up.

46.     The defendants refused to tell the plaintiff who conducted the foreclosure sale.

47.     An email to the plaintiff from Lieutenant Logan of the DeKalb County Police Department Ms. Boone I spoke with Dianna at McCurdy & Candler she told me that Washington Mutual Bank reported you as being late on your mortgage payments.

48.     A letter dated 3/30/09 from the defendant to the plaintiff reads I notified you that the above referenced Creditor JP Morgan Chase Bank, National Association has referred the referenced loan to this law firm for handling. **(Exhibit F),**

49.     The defendant McCurdy & Candler, LLC provided the Courts with a fraudulent document and had the plaintiff disposed from her home on 8/12/09. The Judge gave the plaintiff seven days to vacate the property. The Judge told the plaintiff she could not challenge the sale. **(Exhibit G)**

50.     The document that the defendant presented to the Judge alleging JP Morgan Chase Bank, National Association as the purported new owners of said property is not recorded in the County Records. The defendant did not show the Judge the foreclosure deed and the Judge did not ask to see it.

51.     The defendants are in violation of Georgia Mortgage Fraud Act which states anyone who files or causes to be filed with the Official Registrar of deed of any County of Georgia any document the person knows to contain a deliberate misstatement misrepresentation or omission $5,000.00, three to twenty years. The defendant did record in the DeKalb County Records a fraudulent foreclosure deed.

52.     Additionally the defendant misrepresented in its Sworn Application for a Writ of Possession from the State Court of DeKalb County Georgia, dated 7/31/09 that pursuant to Court's Order, and Plaintiff has not accepted money in the interim. The payment history transaction document shows the defendant JP Morgan Chase Bank, National Association accepted payment in the amount of $159,622.14 on 5/7/09. **(Exhibit H)**

53.     May 7, 2009 two days after the foreclosure sale plaintiff received a Notice titled Relocation Program.  LPS Asset Management Solutions name was at the top this company is a division of Lender Processing Services, Inc. It reads this notice will confirm that WaMu Home Equity (referred to herein as the Owner/Servicer is the owner/servicer) is the owner/servicer of the property located at 815 Mountain Oaks Pkwy Stone Mountain, Georgia 3007. The Owner/Servicer has obtained the Property as a consequence of a foreclosure sale.  Offering the plaintiff $1,000.00 cash incentive to vacate the property on or before 5/21/09. **(Exhibit I)**

54.     The defendants have engaged in deceptive means to collecting a debt in violation of the Federal Debt Collection Practice Act specifically 15 U.S.C 169 2e(10) & 1692j (id)  misconduct in collecting consumer debt, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some legal right when such person know that the right does not exist.

55.     No Memorandum of Sale is recorded.  The defendant JP Morgan Chase did not send the plaintiff any notices of intent to foreclose or sell.

56.     No Notices were sent to the plaintiff stating the foreclosure and sale was completed.

57.     The defendant JP Morgan Chase Bank, National Association has failed to provide proof of the facts constituting the claim, the default and the amount due, by an affidavit made by the defendant. An affidavit as to the default should have been made, by the defendant or the defendant's attorney. Such an affidavit is not recorded in the County Records.

58.     Further the defendant initiated the transaction as a predatory and deceptive transaction. The one and only document recorded pertaining to the purported foreclosure and sale, is the foreclosure deed, which was fraudulently executed in another State. And the party that executed the foreclosure deed is not even registered to conduct business in the State of Georgia.

59.     The defendants do not have an affidavit recorded in the County Records stating Plaintiff was not serving in the military forces at the time the foreclosure and sale was commenced.

60.     According to the defendant McCurdy & Candler, LLC website showing their Representative Clients Washington Mutual is listed LPS Asset Management Solutions and LPS Foreclosure Solutions are listed. The one that is not listed is JP Morgan Chase Bank, National Association. **(Exhibit K)   There appears to be great discrepancies as to who the defendant received their authorization from when the foreclosure and sale was commenced.**

61.     The defendants have subjected the plaintiff to cruel and unjust hardship in conscious disregard of plaintiff rights.   Plaintiff suffering of homelessness, extreme emotional distress, sleeplessness, humiliation and a severe outbreak of eczema all over the body from the stress and displacement of her home, and the loss of plaintiff's personal property. Plaintiff is also suing for Illegal eviction.

        WHEREFORE, it is respectfully requested that the Court would void the wrongful foreclosure and sale and convey back to the plaintiff her rightful property located at 815 Mountain Oaks Parkway, Stone Mountain Georgia 3007. That the Court would award the plaintiff punitive & statutory damages for the above mentioned acts of fraud defective Notice and illegal foreclosure in the amount of 3.5 Million Dollars from each of the defendants named in the Complaint.   JP Morgan Chase Bank National Association & McCurdy & Candler, LLC. Each defendant participated in the conspiracy to steal property through deception and fraud.  Plaintiff is also seeking damages for false advertisement and defamation of character. Court costs and attorney fee's if they become applicable.

Plaintiff Prays:  That the Court would award the plaintiff for the egregious acts of the defendants and any and all other awards for damages that the plaintiff would be entitled to under law.

Dated: February 18, 2010

Respectfully Submitted,

By: *[signature]*

Carolyn Boone, pro se

115-14 209th Street

Cambria Heights, N.Y. 1141

718-527-6139

2009115499    DEED BOOK **21493** Pg **185**

Real Estate Transfer Tax $0.00

Filed and Recorded:
9/18/2009 11:22:47 AM
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

When Recorded, Return to:
Mr. Anthony DeMario/dbarber /CONV
McCurdy & Candler, L.L.C.
P.O. Box 57
Decatur, GA 30031

## FORECLOSURE DEED

Washington Mutual Bank 150
File No. 09-07746 /Carolyn Boone

**STATE OF** ___Minnesota___
**COUNTY OF** ___Dakota___

THIS INDENTURE made and entered into May 5, 2009, by and between Carolyn Boone, acting by and through her duly appointed agent and attorney-in-fact, JPMorgan Chase Bank, National Association as S/I/I to Washington Mutual Bank fka Washington Mutual Bank, FA Party of the First Part, and JPMorgan Chase Bank, National Association as Party of the Second Part,

WITNESSETH: That, whereas, heretofore on August 21, 2003, Carolyn Boone executed a certain Deed to Secure Debt to Washington Mutual Bank, FA, which is recorded in Deed Book 15258, Page 488; modified 9/26/2006 in Deed Book 19192, page 340, DeKalb County, Georgia records, and which conveys the property hereinafter described to secure an indebtedness described therein, and

WHEREAS, said indebtedness was not paid in accordance with the terms of said Note and Deed to Secure Debt and became in default and under the terms thereof the entire principal and interest was declared due and payable, and

WHEREAS, the said JPMorgan Chase Bank, National Association as S/I/I to Washington Mutual Bank fka Washington Mutual Bank, FA as aforesaid, according to the terms of said Deed to Secure Debt did expose said property for sale to the highest and best bidder for cash on the first Tuesday in May, 2009, within the legal hours of sale before the Courthouse door in DeKalb County, Georgia, after first advertising said sale by a notice published in The Champion Newspaper once a week for four weeks immediately preceding said sale and complying with the terms of said Deed to Secure Debt and said advertising, and

WHEREAS, the property hereinafter described was knocked off to the Party of the Second Part, JPMorgan Chase Bank, National Association, being the highest and best bidder for cash, at and for the sum of Seventy Thousand Seventy-Four and 53/100 Dollars ($70,074.53).

NOW, THEREFORE, in consideration of the premises and the said sum of Seventy Thousand Seventy-Four and 53/100 Dollars ($70,074.53), cash in hand paid, the receipt of which is hereby acknowledged, the said Carolyn Boone, acting by and through her duly appointed agent and attorney-in-fact, JPMorgan Chase Bank, National Association as S/I/I to Washington Mutual Bank fka Washington Mutual Bank, FA as aforesaid, does hereby sell, transfer and convey unto JPMorgan Chase Bank, National Association its successors and assigns, the following described property, to-wit:

**All that tract or parcel of land lying and being in Land Lot 25 of the 18th District, DeKalb County, Georgia, being Lot 202, Block B, Mountain Oaks, Phase 1, as per plat recorded in Plat Book 84, Page 163, DeKalb County, Georgia, which plat is incorporated herein and made a part hereof by this reference.**

Notice of the foreclosure sale as required by Georgia Law in the form of a copy of the Notice of Sale submitted to the publisher was provided to the debtor at least thirty (30) days prior to the foreclosure sale on May 5, 2009.

Said property is conveyed subject to any outstanding taxes or assessments which may be liens against said property, any matters disclosed by survey and inspection, any liens, encumbrances, restrictions, covenants, zoning ordinances and any matters of record superior to the foreclosed Security Deed.

TO HAVE AND TO HOLD the said bargained premises, together with all and singular the rights, members and appurtenances thereof, to the same being, belonging or in any wise appertaining, to the only proper use, benefit and behoof of it, the said party of the Second Part, its successors and assigns, forever, in FEE SIMPLE.

DEED BOOK 21493 Pg 187
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

IN WITNESS WHEREOF, the said Party of the First Part has hereunto set his/her hand and affixed his/her seal, the day and year first above written.

Carolyn Boone

BY: JPMorgan Chase Bank, National Association as S/I/I to Washington Mutual Bank fka Washington Mutual Bank, FA

Executed pursuant to a Limited Power of Attorney recorded in Deed Book ___21125___, Page ___1___. DeKalb County, Georgia Records.

BY: _____

Name: Eric Tate
Title: Attorney in Fact

BY: _____

Name: Jodi Sobotta
Title: Attorney in Fact

As Attorney-in-Fact

Signed, Sealed and Delivered
in the presence of:

_____ Pang Vang
Witness

_____
Notary Public

Christina Anne Sauerer
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN, 31, 2014

RETURN TO:
Weissman, Nowack, Curry & Wilco, P.C.
300 Park Brooke Place
Suite 100
Woodstock, Ga. 30189

**Weissman Nowack**
**Curry & Wilco, P.C.**
ATTORNEYS AT LAW

www.wncwlaw.com

Doc ID: 002804400002 Type: GLR
Filed: 10/27/2008 at 09:56:00 AM
Fee Amt: $12.00 Page 1 of 2
Douglas County Georgia
RHONDA G PAYNE Clerk Superior Court
BK **2743** PG **3-4**

2008192777    DEED BOOK **21125** Pg **1**

Filed and Recorded:
11/4/2008 12:14:08 PM
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENT, that Washington Mutual Bank, a federal savings association (the "Association") by and through its officers hereby constitutes and appoints FIS Foreclosure Solutions, Inc. ("FIS") its true and lawful Attorney-in-Fact, in its name, place and stead and for its benefit, with full power of substitution in connection with mortgage loans or mortgage notes serviced by the Association on its own behalf or those serviced for others which are referred by the Association to FIS to provide administrative default support services.

FIS shall discharge its duties and exercise the grant authority under this Limited Power of Attorney by and through the following employees of FIS:

| | | | |
|---|---|---|---|
| Bill Newland | 1st Vice President | Christina Allen | Manager |
| Chris Hymer | 1st Vice President | Eric Tate | Manager |
| Greg Lyons | Vice President | Jeanelle Gray | Manager |
| Matthew Rogina | Vice President | Jodi Sobotta | Manager |
| Scott Walter | Vice President | Laura Hescott | Manager |
| Amy Weis | Assistant Vice President | Liquenda Allotey | Manager |
| Christine Anderson | Assistant Vice President | Mathew Casey | Manager |
| Chrys Houston | Assistant Vice President | Reginald Lynch | Manager |
| Dory Goebel | Assistant Vice President | Rick Wilken | Manager |
| John Cody | Assistant Vice President | | |

The Association hereby grants to FIS the authority to act in any manner necessary and proper to exercise the powers enumerated in the below paragraph and in accordance with that certain Default Services Agreement, as may be amended or extended from time to time ("Agreement") between the Association and FIS and its predecessor FNFS, pursuant to which FIS will provide foreclosure, bankruptcy and other mortgage loan related administrative support services to the Association in furtherance of its servicing obligations.

FIS is permitted to sign authorized documents for the following enumerated transactions on behalf of the Association as Attorney-in-Fact as fully as the Association might or could do in its servicing capacity with respect to any of the mortgages loans and mortgage notes secured thereby and nothing herein or in the Agreement shall be construed to the contrary: (a) applications for order of foreclosure; (b) assignments of mortgages or deeds of trust; (c) substitutions of trustee in deeds of trust, deeds to secure the debt, or co-ops and other forms of security instruments in accordance with state law; (d) assignments and transfers of lien; (e) foreclosure deeds; and (f) such other documents as may be necessary and proper to carry out the powers granted herein or to provide foreclosure and other related default services as requested by the Association.

GEORGIA, DOUGLAS COUNTY
This is to certify that the within
Limited P.O.A.
is a true and correct copy recorded in
the office of the Clerk of Superior / State
Court. Case #
Book 2743
This 10th Day of _____ 20__
Rhonda G Payne Clerk

Page 1 of 2

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (a) limit in any manner any indemnification provided by FIS to the Association under the Agreement, or (b) be construed to grant FIS the power to initiate or defend any suit, litigation or proceeding in the name of the Association except as specifically provided. If FIS receives any notice of suit, litigation or proceeding in the name of the Association, beneficiary, mortgagee or investor connection with one of the mortgage loans or mortgage notes serviced by the Association, then FIS shall promptly forward a copy of same to the Association.

This limited power of attorney is not intended to extend the powers granted to FIS under the Agreement or to allow FIS to take any action with respect to the mortgage loans or mortgage notes not authorized by the Agreement.

This Limited Power of Attorney shall be effective June 1, 2008, and shall continue until the earliest of: (a) the date of its revocation by the Association; or (b) May 31, 2012.

IN WITNESS WHEREOF, Washington Mutual Bank, has caused this Limited Power of Attorney to be signed and acknowledged in its name and behalf by a duly elected and authorized officer this ____ day of May, 2008.

Washington Mutual Bank

By: _____

Its:   **Elizabeth Boulton**
       **Vice President**

NOTARY ACKNOWLEDGMENT

DEED BOOK **21125** Pg **2**
**Linda Carter**
Clerk of Superior Court
DeKalb County, Georgia

STATE OF ___FL_____ )
                       )ss.
COUNTY OF __Duval__ )

I certify that I know or have satisfactory evidence that   **Elizabeth Boulton**   is the person who appeared before me, and said person acknowledged that s/he signed this instrument, on oath stated that s/he was authorized to execute the instrument and acknowledged it in his/her capacity as **Vice President** of Washington Mutual Bank, to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

LORA A. SATTLER
Notary Public, State of Florida
My comm. exp. Apr. 27, 2010
Comm. No. DD 543641

Dated: May 3__, 2008

_____
Notary Public, State of _____
My appointment expires _____

Page 2 of 2

420-223865 4/9,4/16,4/23,4/30JH
**NOTICE OF SALE UNDER**
**POWER**
Georgia, DeKalb County
Because of default in the payment
of the indebtedness, secured
by a Security Deed executed by
**Carolyn Boone to Washington**
**Mutual Bank, FA** dated August 21,
2003 in the amount of $137,855.60,
and recorded in Deed Book 15268,
Page 488, DeKalb County, Georgia
Records; as last transferred to
JPMorgan Chase Bank, National
Association by assignment, the
undersigned, JPMorgan Chase
Bank, National Association pursuant
to said deed and the note thereby
secured, has declared the entire
amount of said indebtedness due
and payable and pursuant to the
power of sale contained in said
deed, will on the first Tuesday in
May, 2009 , during the legal hours
of sale, at the Courthouse door in
DeKalb County, sell at public outcry
to the highest bidder for cash, the
property described in said deed towit:
All that tract or parcel of land lying
and being in Land Lot 25 of the
18th District, DeKalb County, Georgia,
being Lot 202, Block B, Mountain
Oaks, Phase 1, as per plat recorded
in Plat Book 84, Page 163,
DeKalb County, Georgia, which plat
is incorporated herein and made a
part hereof by this reference.
which has the property address of
**815 Mountain Oaks Pkwy, Stone**
**Mountain, Georgia,** together with
all fixtures and other personal property
conveyed by said deed.
The sale will be held subject to
any unpaid taxes, assessments,
rights-of-way, easements, protective
covenants or restrictions, liens, and
other superior matters of record
which may affect said property.
The sale will be conducted subject
(1) to confirmation that the sale
is not prohibited under the U.S.
Bankruptcy Code and (2) to final
confirmation and audit of the status
of the loan with the holder of the security
deed.
Notice has been given of intention
to collect attorneys' fees in accordance
with the terms of the note secured
by said deed.
Said property will be sold as the
property of Carolyn Boone and the
proceeds of said sale will be applied
to the payment of said indebtedness,
the expense of said sale, all
as provided in said deed, and the
undersigned will execute a deed to
the purchaser as provided in the
aforementioned Security Deed.
JPMorgan Chase Bank,
National Association
Attorney in Fact for
Carolyn Boone
Anthony DeMarlo,
Attorney/lseymore
McCurdy & Candler, L.L.C.
(404) 373-1612
www.mccurdycandler.com
File No. 05-07746 /CONV
THIS LAW FIRM IS ACTING AS
A DEBT COLLECTOR AND IS ATTEMPTING

Business Services
60 Empire Drive, Suite 100
Saint Paul, MN 55103



**Mark Ritchie**
Secretary of State

## Office of the Secretary of State
### Packing Slip

December 21, 2009

CAROLYN  BOONE
To Whom It May Concern
115-14 209TH ST
CAMBRIA HEIGHTS,  NY  11411

Page 1 of 1

Client Account Number: 76749891
Batch Number: 3608988

| Document Number | Document Detail | Filing Number | Fee |
|---|---|---|---|
| 36089880002 | COPY Non-Certified - Other (christina sauerer) | | 1.00 |

**Total Fees**  **$1.00**

| Payment Type Received | Payment Reference Number | Amount Paid |
|---|---|---|
| Check | 9990 | 1.00 |

**Total Payments Received**  $1.00

Any overage amount on account with our agency will be refunded after 60 days if not used.

 **Visit our online services web page to discover timesaving, electronic methods of doing business!  www.online.sos.state.mn.us**

(651) 296-2803

TTY (800) 627-3529

# ALL applicants MUST answer questions 1-4.

**If the answer to any question is YES, you must attach an explanation including the specific dates, charges, resolution, attach copies of legal documentation and complete the BCA form.  All items including these answered questions, Notary Application, BCA Form and supporting documentation when applicable, must be mailed together to the Office of the Secretary of State.  Do not send the BCA Form to the Department of Commerce.**

| | | YES | NO |
|---|---|---|---|
| 1. | Have you ever been the subject of any inquiry or investigation with respect to a notary commission or by any division of the Minnesota Commerce Department? (If yes, attach written explanation and copies of Department letters or order.) | ☐ | ☒ |
| 2. | Have you or has any occupational license held by you been censured, suspended, revoked, canceled, terminated or been the subject to any type of administrative action in any state including Minnesota? (If yes, attach written explanation and copies of Department letters or order.) | ☐ | ☒ |
| 3. | Have you ever been charged with, or convicted of, or been indicted for, or entered a plea to, any criminal offense (felony, gross misdemeanor or misdemeanor), in any State or Federal Court? (If yes, attach written explanation and copies of complaint, sentencing and disposition documents, and if currently on probation, attach letter from probation officer stating compliance with terms of probation.)  Note:  This does NOT include traffic violations such as DUI, DWI, speeding, etc. | ☐ | ☒ |
| 4. | Have you been a defendant in any lawsuit involving claims of fraud, misrepresentation, conversion, mismanagement of funds, breach of fiduciary duty or breach of contract? (If yes, attach written explanation and copies of court documents.) | ☐ | ☒ |

APPOINTMENT OF THE SECRETARY OF STATE AS AGENT FOR SERVICE OF PROCESS.  KNOW ALL PEOPLE BY THESE PRESENT: That in compliance with the Laws of the State of Minnesota, I, the undersigned applicant, if a nonresident, do hereby appoint the Secretary of State of the State of Minnesota, his/her successor or successors, as my true and lawful agent upon whom may be served all legal process in any action or proceeding in which I may be a party arising out of or relating to the transactions of the commission, and do hereby expressly consent and agree that service upon such agent shall be as valid and binding as if due and personal process has been made upon me and that such appointment shall be irrevocable.

I certify that the statements in this application and attachments are true and complete and that this document has not been altered or changed in any manner from the form adopted by the Office of the Secretary of State.

## OATH:  I swear to uphold the duties of a Notary Public in the State of Minnesota.

_____        2-5-09
**Signature of Notary Applicant**                    **Date**

# IN THE STATE COURT OF DEKALB
## STATE OF GEORGIA

## APPLICATION FOR WRIT OF POSSESSION

Case No. 09D21558

| | |
|---|---|
| JP Morgan Chase Bank National Association c/o McCurdy & Candler, LLC. | Carolyn Boone and/or all other residents |
| Plaintiff | Defendant |
| | 815 Mountain Oaks Parkway |
| P.O. Box 57 | |
| Address        vs. | Address                          Apt. # |
| | Stone Mountain, GA 30087 |
| Decatur    GA    30031 | |
| City      State      Zip | City        State        Zip |

Application is hereby made to the Court for the issuance of a Writ of Possession due to the failure of the Defendant to;

_____   file his/her answer, and Plaintiff has not accepted money.

_____   comply with the Order of this Court dated _____, in that payments(s) of $_____, due on _____ were missed, and Plaintiff has not accepted money after that date.

xxx      pursuant to Court's Order, and Plaintiff has not accepted money in the interim.

_____   Other: _____

Sworn to/Subscribed/filed before me.
This 29th day of July ,20 09

This 29th day of July ,20 09

Attorney/ Owner - Phone No.

Labor- Plaintiff
678 891-1863
**WRIT OF POSSESSION** Frank R. Olson, GA Bar #553077
Tel. 678-891-1862

## GEORGIA, DEKALB COUNTY

## TO THE MARSHAL OR HIS LAWFUL DEPUTIES:

You are hereby commanded to remove said Defendant together with his property hereon from said house and premises and to deliver full and quiet possession of same to the Plaintiff herein.

This 31 day of July ,20 09.

Judge, State Court of DeKalb County
(by Designation)

_____ Vacated, _____ Settled, _____ Ejected, _____ Held Up. _____

Comments: _____

FILED IN THIS OFFICE
THIS 31 DAY OF 7 20 09

Clerk, State Court, DeKalb County

writposs rev. 7/01

Deputy Marshal

FROM                                    (WED) 8.19'09 14:19/ST. 14:13/NO. 4861594638 P 28

Recording requested by and, when recorded
return to:
WASHINGTON MUTUAL BANK, FA
CONSUMER LOAN RECORDS CENTER
1170 SILBER RD
HOUSTON, TX 77055
ATTN: MAILSTOP: CLRVLTTX

**Washington**
**Mutual**

## EQUITY LINE OF CREDIT
## SECURITY DEED

Loan Number: 0067201269

THIS SECURITY DEED ("Security Instrument") is given on ___AUGUST 21, 2003___. This
Security Instrument includes all Riders and other attachments hereto. The Grantor of this Security
Instrument is:
CAROLYN BOONE

whose address is   815 MOUNTAIN OAKS PKWY
                   STONE MOUNTAIN, GA 30087-4744                              . This
Security Instrument is given to the following Grantee:
Washington Mutual Bank, FA, a federal association, which is organized and
existing under the laws of the United States of America, and whose address is
400 E. Main Street, Stockton, CA 95290 ("Lender") and its successors or
assigns.

1.  **Granting Clause.** To secure the debt and obligations set forth below, Grantor hereby
grants and conveys to Lender and Lender's successors and assigns, with power of sale, the real
property in   DEKALB   County, Georgia, described below and all rights and interest
in it Grantor ever gets:
SEE EXHIBIT "A"

which currently has the address of        815 MOUNTAIN OAKS PKWY
STONE MOUNTAIN                       , Georgia,   30087-4744     ("Property
Address").

Tax Parcel Number:  1802503059

30111 (05/19/03) W4.3                    **BANK**                      Page 1 of 6

FROM                                    (WED) 8. 19' 09 14:20/ST. 14:13/NO. 4861594638 P 29

0067201269

TO HAVE AND TO HOLD this Property unto Lender and Lender's successors and assigns, forever, together with all insurance proceeds and condemnation proceeds related to it; income, rents and profits from it; all plumbing, lighting, air conditioning and heating apparatus and equipment and other improvements; and all fencing, blinds, drapes, floor coverings, built-in appliances and other fixtures at any time installed on or in or used in connection with such real property; all improvements now or hereafter a part of the property; and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument.

All of the foregoing described above will be called the "Property". If any of the Property is a personal property this Security Instrument is also a Security Agreement which grants Lender, as the secured party, a security interest in all such property. Despite any other provision of this Security Instrument, however, Lender is not granted and will not have a nonpurchase money security interest in household goods, to the extent such security interest would be prohibited by applicable law. As used herein "State" shall refer to the state of Georgia.

2.   **Obligation Secured.** This Security Instrument is given to secure performance of each promise of Grantor contained herein and in a Home Equity Line of Credit Agreement with Lender of even date herewith with a maximum credit limit of _____ $137,955.60 _____ the ("Credit Agreement") including any extensions, renewals or modifications thereof and repayment of all sums borrowed by Grantor under the Credit Agreement, with interest from the date of each advance until paid at the rates provided therein. The Credit Agreement provides for a variable rate of interest. Under the Credit Agreement the Grantor may borrow, repay and re-borrow from time to time, up to the maximum credit limit stated above and all such advances shall be secured by the lien of this Security Instrument. This Security Instrument also secures payment of certain fees and charges payable by Grantor under the Credit Agreement, certain fees and costs of Lender as provided in Section 9 of this Security Instrument and repayment of money advanced by Lender to protect the Property or Lender's interest in the Property, including advances made pursuant to Section 6 below. The Credit Agreement provides that unless sooner repaid, all amounts due under the Credit Agreement are due and payable in full on _____ 09/05/2033 _____ (the "Maturity Date"). All amounts due under the Credit Agreement and this Security Instrument are called the "Debt".

3.   **Representations of Grantor.** Grantor represents, convenants and warrants that:
(a)   Grantor is the owner of the Property which is unencumbered except by easements, reservations and restrictions of record not inconsistent with the intended use of the Property and any existing first mortgage or security deed given in good faith and for value, the existence of which has been disclosed in writing to Lender;
(b)   The Property is not presently and will not during the term of this Security Instrument be used for any agricultural purposes; and
(c)   Grantor warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

4.   **Promises of Grantor.** Grantor promises:
(a)   To keep the Property in good repair and not to remove, alter or demolish any of the improvements on the Property without first obtaining Lender's written consent;
(b)   To allow representatives of Lender to inspect the Property at any reasonable hour and to comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the Property;
(c)   To pay on time all lawful taxes and assessments on the Property;

FROM                                          (WED) 8. 19' 09  14:20/ST. 14:13/NO. 4861594638  P 30

0067201269

(d)   To perform on time all terms, covenants and conditions of any prior mortgage or security deed covering the Property or any part of it and pay all amounts due and owing thereunder in a timely manner;

(e)   To see to it that this Security Instrument remains a valid security interest in the Property superior to all other security interests or liens except those described in Section 3(a) and to keep the Property free of all encumbrances which may impair Lender's security;

(f)   To keep the improvements on the Property insured by a company satisfactory to Lender against fire and extended coverage perils and against such other risks as Lender may reasonably require, in an amount equal to the full insurable value of the improvements and to deliver evidence of such insurance coverage to Lender. Subject to the rights of the holder of any lien described in 3(a), Lender shall be named as the loss payee on all such policies pursuant to a standard lender's loss payable clause. The amount collected under any insurance policy shall be applied to the repair of such improvements unless doing so would impair Lender's security, in which event such proceeds may be applied upon any indebtedness hereby secured. In the event of foreclosure or sale of the Property pursuant to the power of sale, all rights of the Grantor in insurance policies then in force shall pass to the purchaser at the foreclosure sale;

(g)   To sign all financing statements and other documents that Lender may request from time to time to perfect, protect and continue Lender's security interest in the Property. Grantor irrevocably appoints Lender as Grantor's attorney-in-fact to execute, file and record any financing statements or similar documents in Grantor's name and to execute all documents necessary to transfer title if there is a default; and

(h)   To advise Lender immediately in writing of any change in Grantor's name, address or employment.

**5.   Sale, Transfer or Further Encumbrance of Property.** Subject to applicable law, the entire Debt shall become immediately due and payable in full upon sale or other transfer of the Property or any interest therein by Grantor by contract of sale or otherwise including, without limit, any further encumbrance of the Property.

**6.   Curing of Defaults.** If Grantor fails to comply with any of the covenants in Section 4, including all the terms of any prior mortgage or security deed, Lender may take any action required to comply with any such covenants without waiving any other right or remedy it may have for Grantor's failure to comply. Repayment to Lender of all the money spent by Lender on behalf of Grantor shall be secured by this Security Instrument. At Lender's option, advance may be made against the Credit Agreement to pay amounts due hereunder; such shall not relieve Grantor from liability for failure to fulfill the covenants in Section 4. The amount spent shall bear interest at the rates from time to time applicable under the Credit Agreement and be repayable by Grantor on demand. Although Lender may take action under this paragraph, Lender is not obligated to do so.

If Grantor is permitted to cure a default of this Security Instrument or the Credit Agreement pursuant to the United States Bankruptcy Code (Title 11, U.S.C.) or other applicable law, the parties hereto specifically agree that the amount necessary to cure the default shall include the sum of all amounts past due under the terms of the Credit Agreement and this Security Instrument including all principal, interest and late charges and all amounts advanced by Lender pursuant to the terms of the Credit Agreement and this Security Instrument including all attorney's fees and costs, plus interest on such sum calculated at the annual interest rate required by the Credit Agreement from the date on which Grantor elects to cure the default to the date on which the default is fully cured. Nothing herein shall be construed to allow Grantor the right to cure any default of the Credit Agreement or this Security Instrument except as specifically authorized under the United States

0067201269

Bankruptcy Code (Title 11, U.S.C.) or other applicable law.

7. **Remedies For Default.**

(a) Prompt performance under this Security Instrument is essential. If Grantor does not pay any installment of the Debt or other amount due hereunder on time, any other event occurs that entitles Lender to declare the unpaid balance of the Debt due and payable in full under the Credit Agreement, if Grantor fails to comply with any other term, condition, obligation or covenant contained in the Credit Agreement or this Security Instrument or any rider thereto or any other security deed, mortgage, security agreement or other instrument having priority over this Security Instrument or if any representation of Grantor herein was false or misleading, the Debt and any other money whose repayment is secured by this Security Instrument shall immediately become due and payable in full at the option of Lender and the total amount owed by Grantor shall thereafter bear interest at the rate(s) stated in the Credit Agreement. Lender may then invoke the power of sale contained in the Security Instrument in accordance with applicable law. Grantor hereby appoints Lender Grantor's agent and attorney-in-fact to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided herein including, but not limited to, reasonable attorney's fees and costs. After giving any notices and the time required by applicable law, Lender shall sell the Property in one or more parcels and in such order as Lender may choose, at public auction to the highest bidder for cash. Lender or its designee may purchase the Property at any sale. Lender shall apply the proceeds of the sale in the following order: (i) to the expenses of the sale, including a reasonable attorney's fee; (ii) to the obligations secured by this Security Instrument; and (iii) the surplus, if any, shall go to the person(s) legally entitled thereto.

(b) Lender shall convey to the purchaser indefeasible title to the Property and Grantor hereby appoints Lender as Grantor's attorney-in-fact to make such conveyance. The Lender's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Security Instrument. These recitals shall be prima facie evidence of such compliance and conclusive evidence of the truth of the statements made herein. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by applicable law.

(c) To the extent permitted by law, the power of sale conferred by this Security Instrument is not an exclusive remedy. In connection with any portion of the Property which is personal property, Lender shall further be entitled to exercise the rights of a secured party under the Uniform Commercial Code as then in effect in the State of Georgia.

(d) By accepting payment of any sum secured by this Security Instrument after its due date, Lender does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

(e) If the Property is sold pursuant to this Paragraph 7, Grantor, or any person holding possession of the Property through Grantor, shall immediately surrender possession of the Property to the purchaser or such person. If possession is not surrendered, Grantor or such person shall be a tenant at sufferance and may be dispossessed in accordance with applicable law.

8. **Condemnation; Eminent Domain.** In the event any portion of the Property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the Debt shall, except as required by applicable law, be paid to the Lender.

9. **Fees and Costs.** Grantor shall pay Lender's reasonable cost of searching records, other reasonable expenses as allowed by law and reasonable attorney's fees in any lawsuit or other

FROM

(WED) 8. 19' 09 14:20/ST. 14:13/NO. 4861594638 P 32

0067201269

proceeding to foreclose this Security Instrument, in any lawsuit or proceeding which Lender prosecutes or defends to protect its interest in the Property, in any other action taken by Lender to collect the Debt including without limitation any disposition of the Property under the State Uniform Commercial Code, and any action taken in bankruptcy proceedings as well as any appellate proceedings.

10. **Release.** Upon payment of all sums secured by this Security Instrument and termination of the Credit Agreement with Lender, Lender shall cancel this Security Instrument. Grantor shall pay any recordation costs.

11. **Waiver of Homestead.** Grantor waives all rights of homestead exemption in the Property.

12. **Waiver of Grantor's Rights Upon Default.** By execution of this paragraph, Grantor expressly: (1) acknowledges the right to accelerate the debt and the power of attorney given herein to Lender to sell the premises by nonjudicial foreclosure upon default by Grantor without any judicial hearing and without any Notice other than such Notice as is required to be given under the provisions herein; (2) waives any and all rights which Grantor may have under the fifth and fourteenth amendments to the Constitution of the United States, the various provisions of the Constitution for the several states or by reason of any other applicable law to notice and to judicial hearing prior to the exercise by Lender of any right or remedy herein provided to Lender, except such Notice as is specifically required to be provided herein; (3) acknowledges that Grantor has read this Security Instrument and specifically this paragraph of this Security Instrument and any and all questions regarding the legal effect of said Security Instrument and its provisions have been explained fully to Grantor and Grantor has been afforded an opportunity to consult with counsel of Grantor's choice prior to executing this Security Instrument; and (4) acknowledges that all waivers of the aforesaid rights of Grantor have been made knowingly, intentionally and willingly by Grantors as part of a bargained for loan transaction.

13. **Savings Clause.** If a law which applies to this Security Instrument or the Credit Agreement and which sets maximum loan charges is finally interpreted by a court having jurisdiction so that the interest or other loan charges collected or to be collected in connection with this Security Instrument or the Credit Agreement exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from Grantor which exceeded permitted limits will be refunded to Grantor. Lender may choose to make this refund by reducing the principal owed or by making a direct payment. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

14. **Miscellaneous.** This Security Instrument shall benefit and obligate the heirs, devisees, legatees, administrators, executors, successors and assigns of the parties hereto. The term "Lender" shall mean the holder and owner of the Credit Agreement secured by this Security Instrument, whether or not that person is named as Lender herein. The words used in this Security Instrument referring to one person shall be read to refer to more than one person if two or more have signed this Security Instrument or become responsible for doing the things this Security Instrument requires. This Security Instrument shall be governed by and construed in accordance with federal law and, to the extent federal law does not apply, the laws of the State of Georgia. If any provision of this Security Instrument is determined to be invalid under law, the remaining provisions of this Security Instrument shall nonetheless remain in full force and effect.

0067201269

15. **Lender and Similar Statements.** Lender may collect a fee in the maximum amount allowed by law for furnishing any lender statement, payoff demand statement or similar statement.

16. **Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure payment of all sums secured hereby.

17. **Riders.** If one or more riders are executed by Grantor and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Adjustable Rate Rider             ☐ Rate Improvement Rider
☐ Graduated Payment Rider           ☐ 1-4 Family Rider
☐ Balloon Rider                     ☐ Biweekly Payment Rider
☐ Second Home Rider                 ☐ Waiver of Grantor's / Borrower's
☐ Condominium Rider                    Rights and Closing Attorney's Affidavit
☒ Planned Unit Development Rider     ☐ Other (specify)

Grantor accepts and agrees to the provisions of this Security Instrument and any rider(s) executed by Grantor and recorded with it.

IN WITNESS WHEREOF Grantor has signed and sealed this Security Instrument.

Signed, sealed, and delivered in the presence of:

_____
        Unofficial Witness

_____ (SEAL)
CAROLYN BOONE

```
VINCENTMARSH
Notary Public
Clayton County
State of Georgia
My Commission Expires Nov 13, 2006
```

Signed, sealed and delivered in the presence of: _____

_____
Vincent Marsh
Notary Public
My commission expires:  11/13/03

After recording return to:
WASHINGTON MUTUAL BANK
2006 CABOT BLVD. WEST

LANGHORNE, PA 19047
ATTN: GROUP 9, INC.

Deed Book 1 9 1 9 2 Ps   3 4 0
Filed and Recorded Sep-26-2006 03:10pm
2006-0181077
Georgia Intangible Tax Paid $0.00
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

**Washington Mutual**

Grantor/Mortgagor:

CAROLYN BOONE

# MODIFICATION OF THE WaMu Mortgage Plus™ AGREEMENT AND SECURITY INSTRUMENT

Loan Number: 0067201269

Borrower(s):

CAROLYN BOONE

This Modification of the ____WaMu Mortgage Plus(TM)____ ·Agreement and Security Instrument ("Modification") is made and entered into on ____September 12, 2006____ by and between ____WASHINGTON MUTUAL BANK____ ("we," "us," "our," or "Bank") and the other person(s) signing below ("Borrower" or "Grantor/Mortgagor," as applicable).

Borrower and Bank are parties to a ____WaMu Mortgage Plus____ agreement including any riders or previous amendments, the ("Agreement") that establishes an account with a loan number identified above (the "Account") from which Borrower may obtain credit advances on a revolving basis from Bank. The Agreement is secured by a mortgage, deed of trust, trust indenture, deed to secure debt or .other security instrument ("Security Instrument") with a maturity date of ____10/06/2033____, recorded on ____10/23/2003____ as Instrument No. ____2003-0177217____, in Book or Liber ____15258____, Page(s) ____488____, in the Official Records of ____DEKALB____ County, Georgia. The Security Instrument secures performance of Borrower's obligations under the Agreement and encumbers the property described in the Security Instrument and located at the address below (the "Property"), more particularly described in Exhibit "A" attached to and incorporated herein as part of this Modification.

Borrower, Grantor/Mortgagor, and Bank agree as follows:

1.   **Effect of this Modification.** This Modification modifies, amends and supplements the Agreement and Security Instrument. To the extent of any inconsistency between the provisions of this Modification and the provisions of the Agreement or Security Instrument, the provisions of this Modification shall prevail over and supersede the inconsistent provisions of the Agreement or Security Instrument. Except as modified, amended or supplemented by this Modification, the

Deed Book 1 9 1 9 2 Pg   341

0067201269

Agreement and Security Instrument shall remain in full force and effect. This Modification will be legally binding and effective upon the parties only when it is signed by each Borrower, Grantor/Mortgagor, and the Bank.

2.  **Modified Terms and Conditions.** The terms and conditions of the Agreement and Security Instrument that are modified, amended, and supplemented by this Modification are set forth on the attached Exhibit "B" attached to and incorporated herein as a part of this Modification. The terms used in Exhibit "B" shall have the same meanings as the same or substantially equivalent terms used in the Agreement and the Security Instrument, whether or not the terms used in Exhibit "B," or the Agreement or Security Instrument, are capitalized.

Borrower requests that a copy of any Notice of Default and any Notice of Sale under the Security Instrument be mailed to the Property address below.

Property Address:
815 MOUNTAIN OAKS PKWY  STONE MOUNTAIN, GA 30087-4744

WASHINGTON MUTUAL BANK

By:  _____
        (Bank Officer Signature)

        _Elenita S Farreas_
        (Printed Bank Officer Name)

Its:  _Auth. Signer_
        (Bank Officer Title)

STATE OF ~~GEORGIA~~ Washington  )
                                                        ) SS
COUNTY OF  Snohomish         )

The foregoing instrument was acknowledged before me this 19th day of Sept. 2008 by Elenita S. Farreas as Authorized Signer
   (Printed Bank Officer Name)                          (Bank Officer Title)
of          WASHINGTON MUTUAL BANK          .

WITNESS my hand and official seal

My commission expires: 3|10|09

_____
        Notary Public

```
Notary Public
State of Washington
CONNIE L WILSON
My Appointment Expires Mar 10, 2009
```

32613 (04/04/06) w7.4              **BANK**                    Page 2 of 4

FROM                                              (WED) 8. 19' 09 14:17/ST. 14:13/NO. 4861594638 P 12

Deed Book 1 9 1 9 2 Pg   3 4 2

0067201269

By signing below, each Borrower accepts and agrees to the terms of this Modification.

BORROWER(S):

CAROLYN BOONE

FROM                                (WED) 8. 19' 09 14:17/ST. 14:13/NO. 4861594638 P 13

Deed Book **19192** Pg   **343**

0067201269

IN WITNESS WHEREOF Grantor has signed and sealed this Modification of Home Equity Line of Credit Agreement and Security Instrument.

Signed, sealed, and delivered in the presence of:

_____ / Jeff Shene

Unofficial Witness

_____ (SEAL)

CAROLYN BOONE

Personally appeared before me, this 14 day of September 2006.

_____

Notary Public

My commission expires: 10 | 23 | 07

(Affix Seal)

32513 (04/04/06)                    BANK                        Page 4 of 4

Deed Book 19192 Pg 344

0067201269

## EXHIBIT "A"
## ATTACHMENT TO MODIFICATION AGREEMENT

LYING AND BEING LOCATED IN THE UNINCORPORATED AREA, COUNTY OF DE KALB, STATE OF GEORGIA; ALL THAT CERTAIN PARCEL OR TRACT OF LAND KNOWN AS:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 26 OF THE 18TH DISTRICT, DEKALB COUNTY, GEORGIA BEING LOT 202, BLOCK B, MOUNTAIN OAKS, PHASE 1, AS PER PLAT RECORDED IN PLAT BOOK 84, PAGE 163, DEKALB COUNTY, GEORGIA WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.

32674 (09/29/05) WB.4                    BANK                              Page  1

FROM                                          (WED) 8.19'09 14:17/ST. 14:13/NO. 4861594638 P 15

Deed Book 1 9 1 9 2 Pg 345

0067201269

## EXHIBIT "B"
## ATTACHMENT TO MODIFICATION AGREEMENT

**Annual Fee:** There is no annual fee on your Account.

**Cancellation Fee:** You will not be charged a cancellation fee for canceling the credit line within 36 months following the effective disbursement date or equivalent date stated in the Agreement. In any event, you may not cancel the credit line until you have paid in full all amounts owing under the Agreement and Security Instrument.

**Credit Limit:** The credit limit stated in the Agreement and the principal amount secured by the Security Instrument is hereby increased by $20,000.00, from the current amount of $137,955.00 to the increased amount of $157,955.00. All other terms and conditions relating to the credit limit including, without limitation, our ability to reduce the credit limit during any period when certain events have occurred on your obligation not to attempt, request or obtain a credit advance that will cause your Account balance to exceed your credit limit, remain in full force and effect.

**Daily Periodic Rate and ANNUAL PERCENTAGE RATE Change Dates:** The daily periodic rate and ANNUAL PERCENTAGE RATE for variable rate advances under the Agreement will change on each day that the index changes, and the index will be determined daily. Any provisions of the Agreement indicating that the daily periodic rate and ANNUAL PERCENTAGE RATE for variable rate advances under the Agreement may only change monthly, or indicating that the index is determined only as of a specified date of the calendar month, are hereby deleted.

**Margin:** The margin used in the calculation of the ANNUAL PERCENTAGE RATE for variable rate advances under the Agreement is -0.400%.

**Auto Pay Service for Variable Rate Advances:** The amount of the Margin for your Variable Rate Advances will be affected by how you decide to make payments on the Variable Rate Advances. You may decide whether to make payments on your Variable Rate Advances by making direct payments to us or by authorizing automatic loan payments from an account that you designate (which is our "Auto Pay" service). Your decision whether or not to authorize our Auto Pay service will not affect the availability of the Variable Rate Advances. If you authorize our Auto Pay service for the Variable Rate Advances, the Margin will be discounted (that is, it will be reduced) by either 0.250%, if the account you designate to make the Auto Pay payments is maintained with Washington Mutual Bank, or 0.000%, if that account is maintained with an institution other than Washington Mutual Bank. If you authorize our Auto Pay service, the discount will be put into effect as of a date that we select.

32858 (09/28/06) WS.4                          **BANK**                          Page: 1

Deed Book 19192 Pa 346
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia
008720128B

### EXHIBIT "B" CONTINUED
### ATTACHMENT TO MODIFICATION AGREEMENT

If you have authorized our Auto Pay service for the Variable Rate Advances and thereafter the Auto Pay service for the Variable Rate Advances is terminated by you or us for any reason, the discount that you have received on the Margin for the Variable Rate Advances will be eliminated. Specifically, the Margin will increase on the day that the Auto Pay service is terminated by 0.250%, if the account designated to make the Auto Pay payments is maintained with Washington Mutual Bank, or 0.000%, if that account is maintained with any other institution. If the account designated to make Auto Pay payments is changed from an account maintained at Washington Mutual Bank to an account maintained at any other institution, the discount that you have received on the Margin for the Variable Rate Advances will be reduced. Specifically, the Margin will increase by 0.250% on the day the account designated to make Auto Pay payments is changed to an account maintained at another institution. In any such event, the increase in the Margin will result in a simultaneous increase in the ANNUAL PERCENTAGE RATE (subject to any further increases or decreases that result from a change in the Index) for the Variable Rate Advances by the same amount (i.e., by 0.250% or 0.000%, as applicable), and the Daily Periodic Rate for the Variable Rate Advances will also be simultaneously changed to an amount that is equal to the new ANNUAL PERCENTAGE RATE divided by 365 (366 in a leap year). Following any termination of our Auto Pay service, the increased Daily Periodic Rate and ANNUAL PERCENTAGE RATE will not be greater than the maximum Daily Periodic Rate and ANNUAL PERCENTAGE RATE. Increases in the Daily Periodic Rate and ANNUAL PERCENTAGE RATE will increase your Minimum Payment and periodic FINANCE CHARGES and, if these rates are increased in the last billing period prior to the Maturity Date, then your Balloon Payment due on the Maturity Date will also increase.

If the Index, or any substitute Index, is no longer available, we will choose a new Index. The new Index will have a historical movement substantially similar to that of the prior Index, and the Margin will be changed so that the new Index plus the Margin will result in an ANNUAL PERCENTAGE RATE that is substantially similar to the ANNUAL PERCENTAGE RATE in effect at the time the prior Index becomes unavailable (plus any increase in the Margin that results from any termination of the Auto Pay service or any change in the account designated to make Auto Pay payments, as described above).

Borrower Initials: _CB_    Date: _9/14/06_

LAW OFFICES

# McCURDY & CANDLER, L.L.C.

SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

F.JLIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 . 1994)
J. ROBIN HARRIS (1925 . 1989)

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA R. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
CHRISTIE B. HENNINGS
DEBORAH V. CHANDLER

REBECCA A. HOELTING
MARGARET C. COURTRIGHT

FRANK R. OLSON*
TONYA M. KING
A. BRETT VERNER
LAURA A. GRIFKA*
C. ELIZABETH JONES
PATRICK N. TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
BRENT Z. SKOLNICK
CHRISTINA J. SOLOHUB
TENNIELLE B. BAILEY
OF COUNSEL:
FRANK J. RHODES, JR.
H. RAIFORD HODGES, JR. (RETIRED)

*ALSO ADMITTED IN TENNESSEE

March 30, 2009

Carolyn Boone
815 Mountain Oaks Pkwy
Stone Mountain, GA  30087

Re:    Our File No.:        09-07746
       Loan No.:            67201269
       Payoff:              $172,322.09
       Borrower Name:       Carolyn Boone
       Property Address:    815 Mountain Oaks Pkwy
                            Stone Mountain, GA  30087

**Servicer: Washington Mutual Mortgage**
**Creditor: JPMorgan Chase Bank, National Association**

Dear Borrower:

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692
INITIAL COMMUNICATION LETTER

This law firm represents JPMorgan Chase Bank, National Association the creditor on the above referenced loan. This letter is to advise you that we have been retained to collect the debt secured by the above-referenced property, which may involve foreclosure proceedings against said property. As of the date of this letter, you owe $172,322.09. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, you may call our loss mitigation department at 1-866-303-0517.

This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose. Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. If the creditor named in this letter is not the original creditor, and you make a written request to this law firm within thirty (30) days after receipt of this notice, then the name and address of the original creditor will be mailed to you by this law firm. We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client.

LAW OFFICES

# McCURDY & CANDLER, L.L.C.

SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 -1994)
J. ROBIN HARRIS (1925 - 1969)

JOHN WALTER DRAKE
ALAN E. KAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
CHRISTIE B. HENNINGS
DEBORAH Y. CHANDLER

REBECCA A. HOELTING
MARGARET C. COURTRIGHT

FRANK R. OLSON*
TONYA M. KING
A. BRETT VERNER
LAURA A. GRIFKA*
C. ELIZABETH JONES
PATRICK N. TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
BRENT Z. SKOLNICK
CHRISTINA J. SOLOHUB
TENNIELLE B. BAILEY
OF COUNSEL:
FRANK J. RHODES, JR
H. RAIFORD HODGES, JR (RETIRED)

*ALSO ADMITTED IN TENNESSEE

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

March 30, 2009

Carolyn Boone
815 Mountain Oaks Pkwy
Stone Mountain, GA  30087

Re:  Our File No.:        09-07746
     Loan No.:            67201269
     Borrower Name:       Carolyn Boone
     Property Address:    815 Mountain Oaks Pkwy
                          Stone Mountain, GA  30087

Dear Sir/Madam:

Enclosed is a copy of the **PAYOFF** quote provided to us by Washington Mutual Mortgage.  Please note this figure is good through April 23, 2009.  We must receive the entire amount of $172,364.95 in our office by 2:00 p.m. on April 23, 2009 to pull this file from the foreclosure sale and notify Washington Mutual Mortgage.  This needs to be delivered to our office in the form of a certified check or a money order made payable to Washington Mutual Mortgage. If you have any questions please contact our office.

PLEASE NOTE: There is a foreclosure sale date scheduled for your property, this letter does not extend or change that foreclosure sale date. Therefore, if the effective date for the payment quotation stated in this letter continues past the scheduled foreclosure sale date, the foreclosure sale will nonetheless occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale as required by applicable law.

Because of interest, late charges, trustee's and/or attorney's fees and costs (if applicable), and other charges that may vary from day to day or that may change after the date of this communication, the amount due on the day you pay may be greater. You may also owe the amount of any monthly or other payments and late charges that may fall due after the date of this communication. Therefore, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. For further information or for an updated figure write or call:

*PENNY RAY*

*McCURDY & CANDLER, L.L.C.*

*SUITE 600*

*250 EAST PONCE DE LEON AVENUE*

*DECATUR, GEORGIA 30030*

*DIRECT LINE: 404-214-9253*

*FAX: 678-891-4861*

Page 2

The information contained in this letter was provided by Washington Mutual Mortgage. Washington Mutual Mortgage acts as the mortgage loan servicer for the investor that owns your loan. The investor has authorized Washington Mutual Mortgage to provide this information and to act on its behalf.

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,


Penny Ray
Legal Assistant to Anthony DeMarlo

AD/pray
Enclosure

LAW OFFICES

# McCURDY & CANDLER, L.L.C.

SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J ROBIN HARRIS (1925 - 1989)

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
CHRISTIE B. HENNINGS
DEBORAH Y. CHANDLER

REBECCA A. HOELTING
MARGARET C. COURTRIGHT

FRANK R. OLSON*
TONYA M. KING
A. BRETT VERNER
LAURA A. GRIFKA*
C. ELIZABETH JONES
PATRICK N. TAGGART*
JOHN D. ANDRLE
C ERIC BURKETT
JESSICA A. PRICE
BRENT Z. SKOLNICK
CHRISTINA J. SOLOHUB
TENNIELLE B. BAILEY
OF COUNSEL:
FRANK J. RHODES, JR.
H. RAIFORD HODGES, JR. (RETIRED)

*ALSO ADMITTED IN TENNESSEE

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

March 30, 2009

Certified Mail
Return Requested 7008 3230 0000 0915 3012
and Regular Mail

Carolyn Boone
815 Mountain Oaks Pkwy
Stone Mountain, GA  30087

RE:   NOTICE OF FORECLOSURE SALE ENCLOSED
Our File No.:       09-07746
Loan No.:           67201269
Borrower Name:    Carolyn Boone
Property Address:  815 Mountain Oaks Pkwy
                   Stone Mountain, GA  30087

***Pursuant to O.C.G.A. Section 44-14-162.2, the following is the entity who has full authority to discuss, negotiate, or change all terms of the mortgage with you concerning the foreclosure alternatives described later in this letter.***

Servicer:    Washington Mutual Mortgage
Address:     Attn: Homeownership Preservation, 7255 Baymeadows Way
             Jacksonville, FL 32256
Phone Number: (866) 926-8937

Creditor: JPMorgan Chase Bank, National Association

Dear Sir or Madam:

By letter dated March 30, 2009, (the "Initial Communication Letter"), I notified you that the above-referenced creditor has referred the referenced loan to this law firm for handling.  That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter.  Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.

McCurdy & Candler LLC Default Practice FAQ                                    Page 1 of 3



## McCurdy & Candler LLC

Post Office Box 57
Decatur, Georgia 30031
(404) 373-1612
(404) 373-2471 fax
Get Directions to Our Office

### Default Practice

Georgia State Profile
Bankruptcy Courts - Georgia
Bankruptcy Courts - Tenn
Foreclosure Law - Georgia
Foreclosure Law - Tenn
Eviction Law - Georgia
Replevin
Frequently Asked Questions

| Home | About the Firm | Default Practice | General Practice | Foreclosure Listings | Library | Contact Info |

*McCurdy & Candler LLC has over 50 years experience handling matters in foreclosure, bankruptcy, replevins, eviction, title curative, REO closings and related litigation.*

# Frequently Asked Questions

McCurdy & Candler, L.L.C.

Mailing Address: P.O. Box 57 - Decatur, GA 30031

Street Address: 250 East Ponce De Leon Ave., Suite 600 • Decatur, GA 30030

Phone: (404) 373-1612 Fax: (404) 370-7237

Primary Contact:

Deborah Chandler, Attorney, Dir. of Client Relations and Business Dev.
Email: dchandler@mccurdycandler.com
Office: (404) 373-1612 ext. 1839 Fax: (678) 891-5714 Mobile: (404) 200-2313

Matters Handled: Representation of lenders, servicers, and credit unions for default related services including foreclosures, bankruptcy, replevins, eviction, title curative, REO closings and related litigation.

Jurisdiction(s) Covered: All matters in Georgia, as well as certain matters in Tennessee.

Fee Schedule/Invoicing: We handle most routine matters for an agreed upon fixed fee. Fees are generally set according to investor allowable. Non-routine matters will be handled at an agreed upon hourly rate. Firm will invoice direct or through 3rd pasty vendors such as NewInvoice or IClear. We will provide a more detailed fee schedule upon request.

Timelines: Non-judicial foreclosures in Georgia are completed well within 60 days (average timeframe for completed sales is approximately 45 days). Bankruptcy motions, evictions and replevins are filed or initiated within 24-48 hours. Calls or requests for information are responded to within 1-2 hours.

Experience: Firm has been in existence for over 50 years.

Rating: Firm has the highest "AV" rating.

Designated Counsel: Firm is designated by FannieMae to handle foreclosure

LAW OFFICES
# McCURDY & CANDLER, L.L.C.
SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J. ROBIN HARRIS (1925 - 1989)

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
CHRISTIE B. HENNINGS
DEBORAH Y. CHANDLER

REBECCA A. HOELTING
MARGARET C. COURTRIGHT

FRANK R. OLSON*
A. BRETT VERNER
LAURA A. GRIFKA*
C. ELIZABETH JONES
PATRICK N. TAGGAKI*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
BRENT Z. SKOLNICK
CHRISTINA J. SOLOHUB
TENNIELLE B. BAILEY
ROBERT J. WILKINSON*
OF COUNSEL:
FRANK J. RHODES, JR.
H. RAIFORD HODGES, JR. (RETIRED)

*ALSO ADMITTED IN TENNESSEE

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

April 20, 2009

Certified Mail
Return Receipt Requested
and Regular Mail

Carolyn Boone
815 Mountain Oaks Pkwy
Stone Mountain, GA 30087

RE:     Payment Dispute
        Our File No.:       09-07746
        Loan No.:           67201269
        Borrower Name:      Carolyn Boone
        Property Address:   815 Mountain Oaks Pkwy
                            Stone Mountain, GA 30087

Dear Borrower:

We are in receipt of your letter disputing the fair debt. Please find enclosed documentation verifying this amount as follows:

1.      A copy of the Note;
2.      A copy of the Security Deed; and
3.      A copy of the Payment History from the Lender.

Please feel free to contact our office should you have any further questions regarding this matter.

Yours very truly,

*Jessica Price* for *Michael Dugan*
J. Michael Dugan

JMD/lseymore
Enclosures

**IN THE SUPERIOR COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

Civil Action # 10 CV2398-1

Carolyn Boone

_____

_____

Plaintiff

VS

Mccurdy : Candler.LLC

_____

_____

Defendant

# SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Carolyn Boone
115-14 209 Street
Cambria Heights NY. 11411

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 18th day of Feb, 20 10.

Linda Carter
Clerk of Superior Court
By_____
Deputy Clerk

Civil Action No. _10 CV 2598-1_

Date Filed _2-18-10_

Superior Court ☐
State Court ☐
Georgia, DeKalb County

_Carolyn Boone_

**Plaintiff**

**Attorney's Address**

_Carolyn Boone_
_115-14 209 Street_
_Cambria Heights. NY 11411_

VS.

_McCurdy + Candler. LLC_

**Name and Address of Party to be Served**

_McCurdy + Candler LLC_

_Suite 1000 250 East Ponce de Leon Avenue_

_Decatur GA. 30030_

**Defendant**

**Garnishee**

_836 F9 CM_ **MARSHAL/SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _McCurdy + Candler, LLC_ a corporation

by leaving a copy of the within action and summons with _Scottie Candler / Partner_

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail. First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _24th_ day of _Feb._ , 20_10_

_L. Luker #737_
**DEPUTY**

2010 FEB 25 P 2:23

CLERK OF SUPERIOR CRT.
DEKALB COUNTY GEORGIA

FILED

SHERIFF DOCKET _____   PAGE _____

**Affidavit of Service**

## THE SUPERIOR COURT OF DEKLB COUNTY

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Carolyn Boone
    Pro Se

        Plaintiff

      -against-

                                    Civil Action No; 10CV2598-1
                                    Date Filed: 2/18/2010

JP Morgan Chase Bank National Association
McCurdy & Candler, LLC

        Defendants

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

STATE OF GEORGIA    COUNTY OF DEKALB:

Keran Smith, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARY TO THIS
ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF
GEORGIA.

That on February 19, 2010 approximately 3:00pm at c/o CT CORPORATION SYSTEMS
1201 PEACH TREE STREET NORTH EAST, ATLANTA GEORGIA 30361 deponent served the within
SUMMONS AND COMPLAINT bearing Civil Action Number and Filing Date endorsed thereon on
JP MORGAN CHASE BANK, NATIONAL ASSOCIATION defendant therein.

By personally delivering to and leaving with said defendant agent for receiving process services 1 true
Copy thereof with    Shakinah  Edwards.

I also sent one copie of summons by first class mail.

Sworn to before me on:

_____
Notary

Keran Smith

2010 MAR 11 P 3:58
CLERK OF SUPERIOR
DEKALB COUNTY GEORGIA
FILED

```
LYNNE MARION
NOTARY PUBLIC
Rockdale County - State of Georgia
My Comm. Expires Dec. 19, 2012
```

ORIGINAL

IN THE SUPERIOR COURT OF DEKALB COUNTY

STATE OF GEORGIA

CAROLYN BOONE, )
                                    )   CASE NO.
        Plaintiff,                  )   10-CV-2598-1
                                    )
v.                                  )
                                    )
JP MORGAN CHASE BANK, N.A.;         )
and McCURDY & CANDLER LLC,          )
                                    )
        Defendants.                 )

## DEFENDANT McCURDY & CANDLER LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant McCURDY & CANDLER LLC and hereby responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads the affirmative defenses of estoppel, waiver, failure of condition precedent, and laches.

### THIRD DEFENSE

Defendant and/or its clients and investors are entitled to fairly and lawfully exercise their rights under the Security Deed that is the subject of this action.

### FOURTH DEFENSE

Plaintiff is not able to seek equity from this Court because Plaintiff has failed to exercise reasonable prudence.

O.C.G.A. § 23-2-32.

## FIFTH DEFENSE

Plaintiff is not able to seek equity from this Court because Plaintiff has failed to exercise due diligence. O.C.G.A. § 23-2-29.

## SIXTH DEFENSE

Plaintiff is not able to seek equity from this Court because Plaintiff has unclean hands.

## SEVENTH DEFENSE

Plaintiff is not able to seek equity from this Court because she who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action. O.C.G.A. § 23-1-10.

## EIGHTH DEFENSE

Plaintiff is not able to seek equity from this Court because Plaintiff has failed to first tender to the Lender all amounts admittedly due under the loan agreement at issue herein as required by, *inter alia,* Coile v. Finance Co. of America, 221 Ga. 584 (146 SE2d 304), O'Kelley v. Evans, 224 Ga. 49(2) (159 SE2d 418), Holcomb v. Approved Bancredit Corp., 225 Ga. 271 (167 SE2d 655) and other Georgia authority.

## NINTH DEFENSE

Plaintiff is not able to seek equity from this Court because the operation of the general rules of law are not and

would not be deficient in protecting Plaintiff from anticipated wrongs or relieving for injuries allegedly done.

## TENTH DEFENSE

Defendant acted in good faith and in conformity with all rules and regulations appertaining to Plaintiff's loan and property, and any error resulted from a *bona fide* error notwithstanding procedures reasonably adapted to avoid such error.

## ELEVENTH DEFENSE

Plaintiff is not able to seek equity from this Court because a diligent creditor such as Defendant or its client or investor shall not needlessly be interfered with in the prosecution of its legal remedies. O.C.G.A. § 23-1-22.

## TWELFTH DEFENSE

Defendant, while incorporating each of the above defenses into its responses below, responding individually to the allegations contained in Plaintiff's Complaint, further answers as follows:

1. After reasonable inquiry this Defendant can neither admit nor deny the allegations contained in this paragraph of the Complaint.

2. Admitted.

3. Denied.

4. Denied.

WRONGFUL NON-JUDICIAL FORECLOSURE AND SALE

FIRST CAUSE OF ACTION

5.   Denied.

6.   Defendant admits the first sentence of this paragraph of
     the Complaint and denies all remaining allegations
     contained in this paragraph of the Complaint.

7.   Denied.

8.   Denied.

9.   Denied.

10.  Denied.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Defendant admits the first sentence of this paragraph of
     the Complaint and denies all remaining allegations
     contained in this paragraph of the Complaint.

15.  Denied.

DEFECTIVE NOTICE OF SALE UNDER POWER PUBLICATION

AND AS FOR A SECOND CAUSE OF ACTION

16.  Denied.

17.  Denied.

18.  Denied.

19.  Denied.

20.  Denied.

21.  Denied.

22.  Denied.

23.  Denied.

24.  Denied.

### NOTICE OF RESCISSION

### AND AS FOR A THIRD CAUSE OF ACTION

25.  Denied.

26.  Denied.

### FRAUDULENT FORECLOSURE DEED

### AND AS FOR A FOURTH CAUSE OF ACTION

27.  Denied.

28.  Denied.

29.  Denied.

30.  Denied.

31.  Denied.

32.  Denied.

33.  Denied.

34.  denied.

35.  Denied.

36.  Denied.

### BREACH OF THE TERMS, CONVENANTS [SIC] AND PROVISIONS

### AND AS FOR A FIFTH CAUSE OF ACTION

37.  Denied.

38.  Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

STATEMENT OF FACTS

AND AS FOR A SIX [SIC] CAUSE OF ACTION

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61.   Denied.

62.   All allegations contained in the prayer for relief are
      hereby denied.

63.   All allegations or statements contained in Plaintiffs'
      Complaint that are not specifically admitted or addressed
      herein are hereby expressly denied.

      WHEREFORE, Defendant prays as follows:

      (1)   That this action be dismissed with all costs cast
            against Plaintiff;

      (2)   That this Defendant recover its attorney's fees and
            costs for the defense of this frivolous, meritless
            action; and

      (3)   That Defendant have such other and further relief
            herein as is just, proper and equitable.

      Respectfully submitted this 15 day of March, 2010.

                              MCCURDY AND CANDLER, L.L.C.

                              By: _____
                                  Frank R. Olson
                                  Georgia Bar No. 553077
                                  Attorneys for Defendant McCurdy &
                                  Candler, L.L.C.

P.O. Box 57
Decatur, GA 30031
(404) 373-1612
(404) 373-2471 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the within and foregoing pleading upon the following by regular mail:

Carolyn Boone
115-14 209th Street
Cambria Heights, NY 11411

Shanon McGinnis
Wargo & French LLP
1170 Peachtree Street, N.E.
Suite 2020
Atlanta, GA 30309

This ____ day of March, 2010.

MCCURDY AND CANDLER, L.L.C.

By: _____
Frank R. Olson
Georgia Bar No. 553077
Attorneys for Defendant

P.O. Box 57
Decatur, GA 30031
(404) 373-1612
(404) 373-2471 (fax)