ORIGINAL

IN THE SUPERIOR COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CAROLYN BOONE, | ) |
| | ) CASE NO. |
| Plaintiff, | ) 10-CV-2598-1 |
| | ) |
| v. | ) |
| | ) |
| JP MORGAN CHASE BANK, N.A.; | ) |
| and McCURDY & CANDLER LLC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT McCURDY & CANDLER LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant McCURDY & CANDLER LLC and hereby responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads the affirmative defenses of estoppel, waiver, failure of condition precedent, and laches.

### THIRD DEFENSE

Defendant and/or its clients and investors are entitled to fairly and lawfully exercise their rights under the Security Deed that is the subject of this action.

### FOURTH DEFENSE

Plaintiff is not able to seek equity from this Court because Plaintiff has failed to exercise reasonable prudence.

O.C.G.A. § 23-2-32.

## FIFTH DEFENSE

Plaintiff is not able to seek equity from this Court because Plaintiff has failed to exercise due diligence. O.C.G.A. § 23-2-29.

## SIXTH DEFENSE

Plaintiff is not able to seek equity from this Court because Plaintiff has unclean hands.

## SEVENTH DEFENSE

Plaintiff is not able to seek equity from this Court because she who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action. O.C.G.A. § 23-1-10.

## EIGHTH DEFENSE

Plaintiff is not able to seek equity from this Court because Plaintiff has failed to first tender to the Lender all amounts admittedly due under the loan agreement at issue herein as required by, *inter alia*, Coile v. Finance Co. of America, 221 Ga. 584 (146 SE2d 304), O'Kelley v. Evans, 224 Ga. 49(2) (159 SE2d 418), Holcomb v. Approved Bancredit Corp., 225 Ga. 271 (167 SE2d 655) and other Georgia authority.

## NINTH DEFENSE

Plaintiff is not able to seek equity from this Court because the operation of the general rules of law are not and

would not be deficient in protecting Plaintiff from anticipated wrongs or relieving for injuries allegedly done.

### TENTH DEFENSE

Defendant acted in good faith and in conformity with all rules and regulations appertaining to Plaintiff's loan and property, and any error resulted from a *bona fide* error notwithstanding procedures reasonably adapted to avoid such error.

### ELEVENTH DEFENSE

Plaintiff is not able to seek equity from this Court because a diligent creditor such as Defendant or its client or investor shall not needlessly be interfered with in the prosecution of its legal remedies. O.C.G.A. § 23-1-22.

### TWELFTH DEFENSE

Defendant, while incorporating each of the above defenses into its responses below, responding individually to the allegations contained in Plaintiff's Complaint, further answers as follows:

1. After reasonable inquiry this Defendant can neither admit nor deny the allegations contained in this paragraph of the Complaint.
2. Admitted.
3. Denied.
4. Denied.

WRONGFUL NON-JUDICIAL FORECLOSURE AND SALE

FIRST CAUSE OF ACTION

5. Denied.

6. Defendant admits the first sentence of this paragraph of the Complaint and denies all remaining allegations contained in this paragraph of the Complaint.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendant admits the first sentence of this paragraph of the Complaint and denies all remaining allegations contained in this paragraph of the Complaint.

15. Denied.

DEFECTIVE NOTICE OF SALE UNDER POWER PUBLICATION

AND AS FOR A SECOND CAUSE OF ACTION

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

NOTICE OF RESCISSION

AND AS FOR A THIRD CAUSE OF ACTION

25. Denied.

26. Denied.

FRAUDULENT FORECLOSURE DEED

AND AS FOR A FOURTH CAUSE OF ACTION

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. denied.

35. Denied.

36. Denied.

BREACH OF THE TERMS, CONVENANTS [SIC] AND PROVISIONS

AND AS FOR A FIFTH CAUSE OF ACTION

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

STATEMENT OF FACTS

AND AS FOR A SIX [SIC] CAUSE OF ACTION

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. All allegations contained in the prayer for relief are hereby denied.

63. All allegations or statements contained in Plaintiffs' Complaint that are not specifically admitted or addressed herein are hereby expressly denied.

WHEREFORE, Defendant prays as follows:

(1) That this action be dismissed with all costs cast against Plaintiff;

(2) That this Defendant recover its attorney's fees and costs for the defense of this frivolous, meritless action; and

(3) That Defendant have such other and further relief herein as is just, proper and equitable.

Respectfully submitted this 15 day of March, 2010.

McCURDY AND CANDLER, L.L.C.

By: _____
Frank R. Olson
Georgia Bar No. 553077
Attorneys for Defendant McCurdy & Candler, L.L.C.

P.O. Box 57
Decatur, GA 30031
(404) 373-1612
(404) 373-2471 (fax)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the within and foregoing pleading upon the following by regular mail:

Carolyn Boone
115-14 209th Street
Cambria Heights, NY 11411

Shanon McGinnis
Wargo & French LLP
1170 Peachtree Street, N.E.
Suite 2020
Atlanta, GA 30309

This ___ day of March, 2010.

MCCURDY AND CANDLER, L.L.C.

By: _____
Frank R. Olson
Georgia Bar No. 553077
Attorneys for Defendant

P.O. Box 57
Decatur, GA 30031
(404) 373-1612
(404) 373-2471 (fax)