FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR - 9 2010

JAMES N. HATTEN, CLERK
By: [signature]

UNITED STATES DISTRICT COURT
NORTERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLYN BOONE ) | |
| Pro Se ) | |
|     Plaintiff ) | |
| ) | JUDGE: THOMAS THASH |
| ) | |
| -against- ) | |
| ) | CIVIL ACTION NO. 1: 10 CV800 TWT |
| JP MORGAN CHASE BANK, N.A. ) | |
| McCURDY & CANDLER LLC. ) | |
| ) | |
|     Defendants | |

## MOTION TO REMAND

Plaintiff Carolyn Boone hereby files this Motion to Remand pursuant to 28 U.S.C. 1447(c). In support of this Motion, Plaintiff states as follows:

1.    On February 18, 2010 Plaintiff commenced a civil action in the Superior Court of DeKalb County, State of Georgia, Civil Action File No. 10CV2598-1 (the State Court Action) against JP Morgan Chase Bank, National Association (Chase) ("Defendant") and McCurdy & Candler, LLC ("Defendant").

2.    Plaintiff denies Defendant (Chase) allegations that removal of this action is appropriate under, 28 U.S.C. 1331 as the Complaint asserts federal question causes of action. TILA, RESPA and the FDCPA are not the subject of this claim. They are additional violations of the Defendants.

3.    For purposes of removal of an action from state court to federal court, the United States Supreme Court has long held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule which provided that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams 482 U.S. 386, 392, (1987).

4.  "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Merrell Dow, 478 U.S. at 813."

5.  Federal law is not a potential ingredient of this case.

6.  Plaintiff deny Defendant (Chase) allegation that Removal of this action is appropriate under 28 U.S.C. 1331 as the complaint asserts federal question causes of action. The TILA RESPA and FDCPA are three (3) issues within the other Sixty One (61) primary issues in plaintiffs' Complaint. Plaintiff's civil case is not based on these (3) particular issues. These (3) issues does not constitute original jurisdiction of the above –entitled action.

7.  The Defendant McCurdy & Candler, LLC confirmed that the Security Deed is the bases of plaintiffs' complaint, as their Third Defense Answer to the Complaint states **("under the Security Deed that is the subject of this action")**. The defendant further stated in its Eighth Defense **the loan agreement is the issue herein.**

## UNTIMELY NOTICE OF REMOVAL

8.  The Defendant (Chase) Notice of Removal was untimely and defective under 28 U.S.C. 1446 (b) which provides. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant. Through service or otherwise of a copy of the initial pleading setting forth the claim for relief, upon which such action or proceeding is based, or **within** thirty days after the service of summons upon the defendant. If such initial pleading has been filed in court and is not required to be served on the defendant whichever period is the shorter". (Emphasis added).

9.      The Defendant (Chase) Notice of Removal paragraph 1, reads "Chase purportedly was served through its agent, CT Corporation, on February 19, 2010". The Notice of Removal was filed on March 19, 2010. The period for removal expired on March 18th 2010; and

10.     The Defendant McCurdy & Candler LLC joined and signed the consent on March 19, 2010 therefore the consent was untimely and defective as well. A defendant joins a Notice of Removal by supporting it in writing. This written support must be communicated to the court **within** thirty days of the date when the removing defendant was served. See Thomas v. Klinkhamer, 2000 WL 967984, 2-3 (N.D. Ill. July 10, 2000) Fellhauer v. City of Geneva, 673 F. Supp 1145, 1447 (N.D. Ill. 1987).

### EXHIBIT A - JOINDER AND CONSENT TO REMOVAL ARE DEFECTIVE

11.     The Defendant McCurdy & Candler, LLC, by and through its undersigned counsel, Joiner and Consent to Removal were improperly executed under Federal Rule of Civil Procedure (FRCP) 11. The signature of the undersigned counsel Frank R. Olson was executed by someone other than himself. On the right hand side of the signature it reads, by sign with express permission. Rendering Joiner and Consent to Removal defective. It is further evidenced that the signature of attorney Frank R. Olson, is different on the Answer to the Complaint, than it is on the Joiner and Consent to Removal.

12.     Federal Rule of Civil Procedure (FRCP) 11 expressly requires the original signature of the "attorney of record." Under the controlling authority cited above, the Defendant (Chase) Notice of Removal and Joiner, is defective as a matter of law.

13.     The removing Defendants have the burden of demonstrating that removal to federal court is appropriate. Thomas v. Brown and Williamson Tobacco Corp 2006 WL 1194873 (W.D. Mo April 28, 2006). If subject jurisdiction is lacking, however, the case must be remanded back to the state court, 28 U.S.C. 14479(c). The Defendants have not met their burden of proof.

## 28 U.S. C 1446 VIOLATIONS

14.     Plaintiff denies Defendant (Chase) allegation that a copy of all process and pleading s in the State Court Action is attached hereto as Exhibit B.

15.     Exhibits (H) (K) and (I) were filed 2/18/10, along with the initial Complaint in the Superior Court of DeKalb County.   Copies of the above exhibits were not removed with the process and pleadings.  As required by 28 U.S.C. 1446.

16.     The court has discretion to decline jurisdiction and remand the case because plaintiff has asserted predominantly state law claims in her Complaint.

17.     Plaintiff denies Defendant (Chase) allegations that Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law based on his Complaint's allegations under federal law.  Plaintiff's right to relief are based in state court.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request that this action be Remanded back to Superior Court of DeKalb County, State of Georgia.

Respectfully submitted this 5th day of April, 2010

CAROLYN BOONE
Pro Se
115-14 209TH Street
Cambria Heights, N.Y. 11411
(347) 274-4727

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the Plaintiff's Motion to remand to the Defendant's attorneys of record by depositing a true copy by U.S. Mail, postage pre-paid upon the following:

Shanon J. McGinnis
John P Mittelbach
Wargo & French LLP
1170 Peachtree Street, N.E.
Suite 2020
Atlanta Georgia 30309

Frank R. Olson
McCurdy & Candler, LLC
P.O. Box 57
Decatur, Georgia 30031

This 6th day of April, 2010.

By: _____
CAROLYN BOONE
Pro Se
115-14 209th Street
Cambria Heights, N.Y. 11411
(347) 274-4727

```
CA-View Browse - ALRS0568 -SEA SARALTEL----------------------------------
--- Rec 000001007 Pg 0000019.001 Lock 00 Col 001 132
Command ===>
                              Scroll ===> PAGE
*********************************************************** Top of Data *********
***********************************************************
SARPAGE 19
```

*Exhibit H*

WASHINGTON MUTUAL BANK                                            10/01/09

1201 THIRD AVENUE                              1   1              67201269

SEATTLE           WA   98101                REPORT REQUESTED BY U247528

                                            REPORT START DATE    08/20/03

                                            REPORT END DATE      10/01/09

                                                                        L

CAROLYN BOONE

815 MOUNTAIN OAKS PKWY

STONE MOUNTAIN  GA 30087-4744


| TYPE OF ACCOUNT | SIMPLE INTEREST | ACCOUNT OPENED | 08/20/03 |
|---|---|---|---|
| NOTE AMOUNT | 0.00 | PROCEEDS | 0.00 |
| INTEREST RATE | .03750 | CURRENT BALANCE | 0.00 |
| INTEREST DUE | 0.00 | NEXT PAYMENT DUE | 07/06/09 |
| | | PAYMENT AMOUNT | 0.00 |

| DATE | DESCRIPTION | TRANSACTION DETAIL | BALANCE |
|---|---|---|---|

OCT-06-2009 16:17 From:WMU   8435519100   Case 1:10-cv-00800-TWT   Document 6   Filed 04/09/10   Page 7 of 10   P.13/15

```
 CA-View Browse - ALRS0568 -SEA SARALTEL---------------------------------------
-- Rec 000001282 Pg 0000023.031 Lock 00 Col 001 132
 Command ===>                                          Scroll ===> PAGE
```

|          |                           |            |           |
|----------|---------------------------|-----------:|----------:|
|          | INTEREST PAYMENT          |     890.44 |           |
|          | INTEREST PAYMENT          |     917.93 |           |
|          | INTEREST PAYMENT          |     747.88 |           |
|          | INTEREST PAYMENT          |     773.34 |           |
|          | INTEREST PAYMENT          |     647.32 |           |
|          | INTEREST PAYMENT          |     635.89 |           |
|          | INTEREST PAYMENT          |     595.54 |           |
|          | INTEREST PAYMENT          |     615.39 |           |
|          | INTEREST PAYMENT          |     615.39 |           |
|          | INTEREST PAYMENT          |     595.54 |           |
|          | INTEREST PAYMENT          |     589.06 |           |
|          | INTEREST PAYMENT          |     532.68 |           |
|          | PRINCIPAL PAYMENT         |   1,298.10 |           |
|          | INTEREST PAYMENT          |     505.82 |           |
|          | INTEREST PAYMENT          |     506.36 |           |
|          | INTEREST PAYMENT          |     458.13 |           |
|          | INTEREST PAYMENT          |     507.21 |           |
| 05/07/09 | PAYMENT RECD-THANK YOU    | 159,662.14 | 10,215.73 |
|          | INTEREST PAYMENT          |     490.85 |           |
|          | PRINCIPAL PAYMENT         |      16.36 |           |
|          | PRINCIPAL PAYMENT         | 147,722.91 |           |
|          | TO REO                    | 147,722.91 |           |
| 05/07/09 | ACCOUNT CLOSED            |       0.00 |      0.00 |
|          | PAYOFF PRINCIPAL ADJ      |  10,215.73 |           |
|          | PAYOFF INTEREST ADJUSTMEN |  10,215.73 |           |

```
CA-View Browse -- ALRS0568 -SEA SARALTEL-----------------------------------
-- Rec 000001307 Pg 0000023.056 Lock 00 Col 001 132
Command ===>
                                   Scroll ===> PAGE
```

|  | CLOSING COST DR | 598.35 |  |
| --- | --- | --- | --- |
| 05/13/09 | CHARGE OFF PRINCIPAL CR | 10,624.77 | 149,037.37 |
| 05/13/09 | EXPENSE ASSESSED | 63,333.10 | 149,037.37 |
| 05/14/09 | EXPENSE ASSESSED | 474.53 | 149,037.37 |
| 05/14/09 | EXPENSE ASSESSED | 600.00 | 149,037.37 |
| 05/19/09 | EXPENSE ASSESSED | 145.00 | 149,037.37 |

SARPAGE 24

10/01/09

1  1     67201269

REPORT REQUESTED BY U247528

| DATE | DESCRIPTION | TRANSACTION DETAIL | BALANCE |
| --- | --- | --- | --- |
| 05/19/09 | EXPENSE ASSESSED | 10.85 | 149,037.37 |
| 05/19/09 | EXPENSE ASSESSED | 10.85 | 149,037.37 |
| 06/18/09 | EXPENSE ASSESSED | 2,548.01 | 149,037.37 |
| 07/13/09 | EXPENSE ASSESSED | 145.00 | 149,037.37 |
| 07/24/09 | PAYMENT RECD-THANK YOU | 154,467.39 | 0.00 |
|  | EXPENSE PAYMENT | 474.53 |  |
|  | EXPENSE PAYMENT | 600.00 |  |
|  | EXPENSE PAYMENT | 125.00 |  |
|  | EXPENSE PAYMENT | 2,548.01 |  |

*[handwritten notes in margin: W. atHood, MLS.com, 7-833-4949, on hold, 99,900-as is, 8/26 - on Market, Exhibit I, 86,900.00, 85,000.00, 79,000.00, 69.9 12/22]*

## RELOCATION PROGRAM

1. This notice will confirm that WAMU Home Equity (referred to herein as the Owner/Servicer) is the owner/servicer of the property located at:

   **815 Mountain Oak Pkwy**
   **Stone Mountain, GA 30087**
   **WRO264069**
   It is the understanding of the Owner/Servicer that you are currently occupying this Property. The Owner/Servicer has obtained the Property as a consequence of a foreclosure sale.

   This is to inform you that the Owner/Servicer has retained the following representative to work with you regarding your occupancy of the property:

   **C-21 Dynamic Realty**

   **Thomas Brown**

   **770-482-2100**

   You may have already received, or you will shortly receive, a notice to vacate or quit from the Owner/Servicer's attorneys, confirming that the Owner/Servicer is seeking to recover possession of the Property. The Owner/Servicer may also seek to recover from you the fair market value of the Property for the period of time commencing on the date of the foreclosure sale and ending on the date on which you vacate the property.

2. While the Owner/Servicer has the right to pursue these legal actions against you, the Relocation Program provides that in the event you vacate the Property on or before, **5/21/2009 12:00:00 AM** (the "Delivery Date"), the Owner/Servicer: (a) will not file or will voluntarily dismiss, any legal actions against you for possession of the Property or for fair rental value payments, and (b) will make payment to you on the date on which you vacate the Property of **$1,000.00** ("Cash Incentive"). The Owner/Servicer's representative has no authority to increase the amount of the Cash Incentive@SignDocument, or to extend the Delivery Date.

3. If you vacate the Property by the Delivery Date, the Owner/Servicer's representative will make a final inspection of the Property. If you have returned all keys and have left the Property (including but not limited to interior, exterior, and/or any out buildings such as garages or sheds) in broom clean condition (meaning no remaining personal property or trash left on the property) and in no worse condition as they are now, ordinary wear and tear excepted, then upon signing a simple release form, the Owner/Servicer's representative shall pay you by check the entire Cash Incentive. The Owner/Servicer will be entitled to deduct from the Cash Incentive: (a) the cost of any repairs for damages caused by you between this date and the date you vacate the Property and (b) the cost of replacing any fixtures or property removed from the Property.

4. If you choose to participate in the Relocation Program, then until the Delivery Date, to the maximum extent permitted by law, you agree that: (a) the Owner/Servicer will not be liable for any injury or damage to person or property on the Property (the same being at your sole risk) and (b) you agree to release, indemnify and hold the Owner/Servicer and its agents harmless from and against any and all claims arising out of the condition of the Property and/or your use and occupancy thereof.

5. You also agree to cooperate with the Owner/Servicer in allowing reasonable access to the Property upon at least 24 hours notice for the purpose of inspecting, appraising, marketing, taking interior/exterior photgraph and showing the Property to prospective purchasers.

6. IN NO EVENT SHALL THIS NOTICE CONSTITUTE AN ACCEPTANCE OF YOUR CONTINUED OCCUPATION OF THE PROPERTY, AND NOTHING HEREIN SHALL BE DEEMED TO CREATE ANY TENANCY. THIS PROGRAM DOES NOT PRECLUDE THE OWNER/SERVICER FROM INITIATING ANY EVICTION PROCEEDINGS PERMITTED



Exhibit R

# McCurdy & Candler LLC

Post Office Box 57
Decatur, Georgia 30031
(404) 373-1612
(404) 373-7174 fax

## About the Firm

Firm History
Mission Statement
Attorney Profiles
— Representative Clients
Member Associations
Technology

| Home | About the Firm | Default Practice | General Practice | Foreclosure Listings | Library | Contact Info |

*A general business practice law firm with an emphasis in real estate and mortgage banking law.*

## Representative Clients

McCurdy & Candler represents a diverse group of clients, serving lenders, servicers, outsourcing firms, and asset management companies, whether local or national and regardless of size. The firm highly values its relationships with its clients, working with them as a team to create innovative and efficient strategies to resolve issues and to exceed the clients' expectations and goals.

### SERVICERS/LENDERS:

American Home Mortgage Servicing
Aurora Loan Services
Bank of America
Citimortgage Corporation
EMC Mortgage Corporation
FDIC Saxon Mortgage Services, Inc.
GMAC Mortgage Corporation
HomeEq Servicing
HSBC Mortgage Services, Inc.

IndyMac Federal Bank, FSB
Litton Loan Servicing
M&T Mortgage Corporation
National City Mortgage, LLC
Nationstar Mortgage, LLC
Ocwen Loan Servicing
Select Portfolio Servicing
Washington Mutual
Wells Fargo Bank, NA
Wilshire Credit Corporation

### OUTSOURCING FIRMS:

First American National Default Outsourcing
First American National Default Title Services
LandAmerica Default Services

LPS Asset Management Solutions
LPS Default Solutions
LPS Foreclosure Solutions

### ASSET MANAGEMENT COMPANIES:

AssetLink LP
Coldwell Banker Residential Real Estate, Inc.
Fidelity Residential Solutions

Integrated Asset Services
Real Estate Disposition Corporation
U.S. Real Estate Services, Inc.

### RETAINED ATTORNEYS FOR:

Freddie Mac Designated Counsel (Georgia)
Fannie Mae Attorney Foreclosure and Eviction Network (Georgia)

http://www.mccurdyandcandler.com/about/clients.htm

1/2/2010