FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 06 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLYN BOONE
PRO SE                                    )
                                          )
        Plaintiff                         )
                                          )
    -against-                             )
                                          )        CIVIL ACTION NO. 1: 10-CV-800-TWT-LTW
J.P. MORGAN CHASE BANK, N.A.              )
McCURDY & CANDLER, LLC                    )
                                          )
        Defendant                         )

**PLAINTIFF'S REPLY TO DEFENDANT J.P. MORGAN CHASE BANK, N.A.
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Defendant conducted a wrongful non-judicial foreclosure and sale of Plaintiff property on May 5, 2009. The Security Deed states in paragraph 12 that a Waiver of Borrower's Rights document was to be executed. The signature page clearly shows Waiver of Grantor's/Borrower's Right and Closing Attorney's Affidavit should have been executed.  Plaintiff never executed the document and the Defendant had no power to conduct a non-judicial foreclosure and sale. Further the Defendant was not the holder/owner of the Security Deed.  Granted the Security Deed is invalid.

Prudent closing procedure since 1973 following the decision of Law v. United States Dept of Agriculture 366 F. Supp 1233 (N.D. Ga . 1973) has included the use of the Borrower's Waiver in conjunction with the execution of the deed to secure debt containing the power of sale by non-judicial foreclosure.

The Security Deed was invalid and non enforceable for several reasons, one being that no contract was created between the parties, because no consideration was provided to the Plaintiff at the time of execution.  Secondly no Attorney was present to facilitate the conveyance of the Security Deed, as is required.  Georgia  requires  the physical presence of an attorney for preparation and execution of



a deed of conveyance, security deed, and deed to secure debt. See, e.g. Formal Advisory Op. No 86-5 86-R9) (May 12, 1989); Formal Advisory OP. No. 00-3 (Feb 11, 2000). Defendant conducted a notary witness only closing in violation of state statue. Since at least 1932 it has been the statutory policy in the State of Georgia that only attorneys properly licensed in Georgia are authorized to close real estate transactions. See O.C.G.A. 15-19-50

As the Supreme Court explained, the general rule is that an agreement may not be enforced if it is illegal. Stating the rule broadly, an agreement is illegal if it violates a statue or cannot be performed without violating a statue Id. at 689. The Security Deed was not attested it lacks an oath, the unofficial witness signature is first, and there is no notary seal. A contract is formed when there is manifestation of mutual assent to the exchange and a consideration. Hill-Shaefer Partnership v. Chilson Family Trust, 799 P2d 810,815 (ARIZ. 1990)

The Security Deed was defective as it did not have a legal description. The Defendant (Chase) does not appear anywhere in the records and held no right to foreclose and sell Plaintiff's property. When the mortgagee has no right to foreclose it is generally said the foreclosure itself is wrongful because no right to sell exists, then such a sale is wholly void and the mortgagee can acquire no title under it Id at 604 (Kennon v. Camp, 353, S.W. 2d 693 (Mo. 1962).

Defendant (Chase) failed to send notice to Plaintiff pursuant to O.C.G.A.44-14-162.2(a) plainly requires the secured creditor send notice to the property address. No Notice of Default was sent as required by the Modified 2006 instrument. Though defendant (Chase) misrepresented itself as the creditor, the defendant was not the creditor.

## INVALID LIMITED POWER OF ATTORNEY DOCUMENT

The Limited Power of Attorney document referenced in Plaintiff's Complaint No. 33, utilized by the Defendant (Chase) to illegally transfer title out of Plaintiff's name, was illegal and is invalid. The document was not witnessed by an unofficial witness nor was it witnessed by a Corporate Officer and it

does not have a Corporate Seal.  What purports to be a Notary Public Seal is illegible along with the Commission No.

Plaintiff called the Florida Secretary of State at 850-245-6500 Notary Division.  Lora A Sattler is not a licensed notary.

Plaintiff obtained a Certified Copy of the document from the Douglas County Superior Court.  This Certified document does not have a Notary Seal, attached as exhibit (A).  Furthermore the Security Deed does not authorize the use of this document.  Neither does the Security Deed authorize Lender as attorney in fact to have another attorney in fact, to execute the foreclosure deed.

Typically, punitive damages are limited.  If however it is found that the defendants acted or failed to act, with the specific intent to cause harm." There is no limit on the amount of punitive damages that can be awarded O.C.G.A. 51-12-5.1 (f).

## PLAINTIFF WAS NOT IN DEFAULT

Plaintiff was not in default and no Notice of Default was sent to Plaintiff.  The Defendant (Chase) had no legal right or authority to foreclose and sell Plaintiff's property.  Defendant McCurdy & Candler letter dated April 20, 2009 states a reinstatement quote of $0.00. Coats v. Jones, 142 Ga 237 (1914) (Sheriff's Sale Plainville Brick Co. V. Williams 170 Ga 75 (1930) (sales under power) a foreclosure sale whether made under judicial process or under a power of sale, will not be allowed to stand where the requirements of the law or of the mortgage itself have not been obeyed and such non compliance resulted in injury to the mortgagor or those claiming under him.  Such a sale should be set aside where:

The indebtedness is not justly due, the mortgagor is not actually in default, the sale was not properly advertised the mandatory procedural requirements are not met.  Defendant violated all of the above.

Defendant (Chase) violated Senate Bill 531 which requires the identity of the current holder be disclosed.  Also Senate Bill 531 requires that the current holder of the mortgage loan record the

assignment of the Security Deed, which shows the present owner of the mortgage loan, in the public deed records before conducting the foreclosure sale.

The Defendant is asking the Court to Dismiss the wrongful non-judicial foreclosure and sale case without providing any documents evidencing it had legal authority, a debt owed to it, a binding contract, or a contract period is frivolous and without merit and the defendant and its attorneys should be sanctioned. Defendant is not recorded as holder of anything.

### VIOLATIONS OF FDCPA

The Defendant (Chase) and the Defendant McCurdy & Candler, LLC engaged in deceptive means to collecting a debt in violation of the Federal Debt Collection Practice Act specifically 15 U.S.C. 169 2e & 1692(d) misconduct in collecting consumer debt, no person shall claim, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some legal right when such person know that the right does not exist. The Plaintiff owed no debt to the defendant.

### CONCLUSION

Competent evidence does not exist in the record to support the conclusion that a valid debt existed between the parties. There was a failure of Consideration and no valid debt was created by the parties. The defendant (Chase) did not have the right to proceed with foreclosure under the power of sale. Defendant (Chase) makes reference to a HELOC but again fails to provide one to the court. Further Plaintiff never executed a HELOC evidencing a debt. Unlike the wrongful non-judicial foreclosure and sale a lawsuit requires documents be presented to the court. The Defendant cannot attempt to rely on so call Publicly-available records that have no bearing on this case. Defendant is required to prove it allege rights, even though it had none.

Plaintiff respectfully request that Defendant's J.P. Morgan Chase Bank, N.A. Motion to Dismiss Plaintiff's Complaint be denied in its entirety.

Dated:  May 4th 2010

Respectfully submitted,

CAROLYN BOONE, PRO SE
115-14 209TH Street
Cambria Heights, N.Y. 11411
(347) 445-3130

**CERTIFICATE OF SERVICE**

Doc ID: 002804400002 Type: GLR
Filed: 10/27/2008 at 09:56:00 AM
Fee Amt: $12.00 Page 1 of 2
Douglas County Georgia
RHONDA G PAYNE Clerk Superior Court
BK 2743 PG 3-4



**Weissman Nowack Curry & Wilco, P.C.**
ATTORNEYS AT LAW
8701 Hospital Drive   Suite A   Douglasville, Georgia 30134
www.wncwlaw.com

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENT, that Washington Mutual Bank, a federal savings association (the "Association") by and through its officers hereby constitutes and appoints FIS Foreclosure Solutions, Inc. ("FIS") its true and lawful Attorney-in-Fact, in its name, place and stead and for its benefit, with full power of substitution in connection with mortgage loans or mortgage notes serviced by the Association on its own behalf or those serviced for others which are referred by the Association to FIS to provide administrative default support services.

FIS shall discharge its duties and exercise the grant authority under this Limited Power of Attorney by and through the following employees of FIS:

| | | | |
|---|---|---|---|
| Bill Newland | 1st Vice President | Christina Allen | Manager |
| Chris Hymer | 1st Vice President | Eric Tate | Manager |
| Greg Lyons | Vice President | Jeanelle Gray | Manager |
| Matthew Rogina | Vice President | Jodi Sobotta | Manager |
| Scott Walter | Vice President | Laura Hescott | Manager |
| Amy Weis | Assistant Vice President | Liquenda Allotey | Manager |
| Christine Anderson | Assistant Vice President | Mathew Casey | Manager |
| Chrys Houston | Assistant Vice President | Reginald Lynch | Manager |
| Dory Goebel | Assistant Vice President | Rick Wilken | Manager |
| John Cody | Assistant Vice President | | |

The Association hereby grants to FIS the authority to act in any manner necessary and proper to exercise the powers enumerated in the below paragraph and in accordance with that certain Default Services Agreement, as may be amended or extended from time to time ("Agreement") between the Association and FIS and its predecessor FNFS, pursuant to which FIS will provide foreclosure, bankruptcy and other mortgage loan related administrative support services to the Association in furtherance of its servicing obligations.

FIS is permitted to sign authorized documents for the following enumerated transactions on behalf of the Association as Attorney-in-Fact as fully as the Association might or could do in its servicing capacity with respect to any of the mortgages loans and mortgage notes secured thereby and nothing herein or in the Agreement shall be construed to the contrary: (a) applications for order of foreclosure; (b) assignments of mortgages or deeds of trust; (c) substitutions of trustee in deeds of trust, deeds to secure the debt, or co-ops and other forms of security instruments in accordance with state law; (d) assignments and transfers of lien; (e) foreclosure deeds; and (f) such other documents as may be necessary and proper to carry out the powers granted herein or to provide foreclosure and other related default services as requested by the Association.

GEORGIA, DOUGLAS COUNTY
This is to certify that the within
Power of Attorney
is a true and correct copy as recorded in
the office of the Clerk of Superior/State
Court. Case #
Book 2743 Page 3
This 30 Day of April 20 10
Rhonda G. Payne

...UGLAS CO...
... to certify t...

... and correct copy as ...
the office of the Clerk of Superior ...
Court, Case #
than
Page
of
...ted ...

2743  004

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (a) limit in any manner any indemnification provided by FIS to the Association under the Agreement, or (b) be construed to grant FIS the power to initiate or defend any suit, litigation or proceeding in the name of the Association except as specifically provided. If FIS receives any notice of suit, litigation or proceeding in the name of the Association, beneficiary, mortgagee or investor connection with one of the mortgage loans or mortgage notes serviced by the Association, then FIS shall promptly forward a copy of same to the Association.

This limited power of attorney is not intended to extend the powers granted to FIS under the Agreement or to allow FIS to take any action with respect to the mortgage loans or mortgage notes not authorized by the Agreement.

This Limited Power of Attorney shall be effective June 1, 2008, and shall continue until the earliest of: (a) the date of its revocation by the Association; or (b) May 31, 2012.

IN WITNESS WHEREOF, Washington Mutual Bank, has caused this Limited Power of Attorney to be signed and acknowledged in its name and behalf by a duly elected and authorized officer this _____ day of May, 2008.

Washington Mutual Bank

By: _Elizabeth Boulton_

Its:  **Elizabeth Boulton**
      **Vice President**

NOTARY ACKNOWLEDGMENT

STATE OF __FL__ )
                      )ss.
COUNTY OF __Duval__ )

I certify that I know or have satisfactory evidence that __Elizabeth Boulton__ is the person who appeared before me, and said person acknowledged that s/he signed this instrument, on oath stated that s/he was authorized to execute the instrument and acknowledged it in his/her capacity as __Vice President__ of Washington Mutual Bank, to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

LODA A. SATTLER
Notary Public, State of Florida
My commis. exp. Apr. 17, 2010
Commission No. DD 542341

Dated: May 30, 2008

_Lora A. Sattler_
Notary Public, State of _____
My appointment expires _____

**RECORDED**
Page 2 of 2
**NOV 03 2008**

Brenda G. Payne
Clerk Superior Court
Douglas County, GA

Weissman, Nowack, Curry & Wilco, P.C.
300 Park Brooke Place
Suite 100
Woodstock, Ga. 30189

**Weissman Nowack Curry & Wilco, P.C.**
ATTORNEYS AT LAW

www.wncwlaw.com

Doc ID: 002604400002 Type: GLR
Filed: 10/27/2008 at 09:56:00 AM
Fee Amt: $12.00 Page 1 of 2
Douglas County Georgia
RHONDA G PAYNE Clerk Superior Court
BK 2743 PG 3-4

2008192777    DEED BOOK **21125** Pg **1**

Filed and Recorded:
11/4/2008 12:14:08 PM
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENT, that Washington Mutual Bank, a federal savings association (the "Association") by and through its officers hereby constitutes and appoints FIS Foreclosure Solutions, Inc. ("FIS") its true and lawful Attorney-in-Fact, in its name, place and stead and for its benefit, with full power of substitution in connection with mortgage loans or mortgage notes serviced by the Association on its own behalf or those serviced for others which are referred by the Association to FIS to provide administrative default support services.

FIS shall discharge its duties and exercise the grant authority under this Limited Power of Attorney by and through the following employees of FIS:

| | | | |
|---|---|---|---|
| Bill Newland | 1st Vice President | Christina Allen | Manager |
| Chris Hymer | 1st Vice President | Eric Tate | Manager |
| Greg Lyons | Vice President | Jeanelle Gray | Manager |
| Matthew Rogina | Vice President | Jodi Sobotta | Manager |
| Scott Walter | Vice President | Laura Hescott | Manager |
| Amy Weis | Assistant Vice President | Liquenda Allotey | Manager |
| Christine Anderson | Assistant Vice President | Mathew Casey | Manager |
| Chrys Houston | Assistant Vice President | Reginald Lynch | Manager |
| Dory Goebel | Assistant Vice President | Rick Wilken | Manager |
| John Cody | Assistant Vice President | | |

The Association hereby grants to FIS the authority to act in any manner necessary and proper to exercise the powers enumerated in the below paragraph and in accordance with that certain Default Services Agreement, as may be amended or extended from time to time ("Agreement") between the Association and FIS and its predecessor FNFS, pursuant to which FIS will provide foreclosure, bankruptcy and other mortgage loan related administrative support services to the Association in furtherance of its servicing obligations.

FIS is permitted to sign authorized documents for the following enumerated transactions on behalf of the Association as Attorney-in-Fact as fully as the Association might or could do in its servicing capacity with respect to any of the mortgages loans and mortgage notes secured thereby and nothing herein or in the Agreement shall be construed to the contrary: (a) applications for order of foreclosure; (b) assignments of mortgages or deeds of trust; (c) substitutions of trustee in deeds of trust, deeds to secure the debt, or co-ops and other forms of security instruments in accordance with state law; (d) assignments and transfers of lien; (e) foreclosure deeds; and (f) such other documents as may be necessary and proper to carry out the powers granted herein or to provide foreclosure and other related default services as requested by the Association.

GEORGIA, DOUGLAS COUNTY
This is to certify that the within
Limited _____
is a true and correct copy recorded in
the office of the Clerk of Superior / State
Court. Case #_____
Book 2743
This 10 Day of _____ 20__
Rhonda G. Payne Clerk

Page 1 of 2



This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (a) limit in any manner any indemnification provided by FIS to the Association under the Agreement, or (b) be construed to grant FIS the power to initiate or defend any suit, litigation or proceeding in the name of the Association except as specifically provided. If FIS receives any notice of suit, litigation or proceeding in the name of the Association, beneficiary, mortgagee or investor connection with one of the mortgage loans or mortgage notes serviced by the Association, then FIS shall promptly forward a copy of same to the Association.

This limited power of attorney is not intended to extend the powers granted to FIS under the Agreement or to allow FIS to take any action with respect to the mortgage loans or mortgage notes not authorized by the Agreement.

This Limited Power of Attorney shall be effective June 1, 2008, and shall continue until the earliest of: (a) the date of its revocation by the Association; or (b) May 31, 2012.

IN WITNESS WHEREOF, Washington Mutual Bank, has caused this Limited Power of Attorney to be signed and acknowledged in its name and behalf by a duly elected and authorized officer this ____ day of May, 2008.

Washington Mutual Bank

By: _Elizabeth Boulton_

Its:  **Elizabeth Boulton**
      **Vice President**

NOTARY ACKNOWLEDGMENT

DEED BOOK 21125 Pg 2
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

STATE OF ___FL___ )
                           )ss.
COUNTY OF __Duval__ )

I certify that I know or have satisfactory evidence that ___**Elizabeth Boulton**___ is the person who appeared before me, and said person acknowledged that s/he signed this instrument, on oath stated that s/he was authorized to execute the instrument and acknowledged it in his/her capacity as ___**Vice President**___ of Washington Mutual Bank, to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

LORA A. SATTLER
Notary Public, State of Florida
My comm. exp. Apr. 27, 2010
Comm. No. DD 545841

Dated: May 2̲9̲, 2008

_Lora A. Sattler_
Notary Public, State of _____
My appointment expires _____

Page 2 of 2

This certifies that I have this day served a true and correct copy of the within and foregoing PLAINTIFF'S REPLY TO DEFENDANT'S J.P. MORGAN CHASE BANK, N.A. MOTION TO DISMISS  PLAINTIFF'S COMPLAINT upon Defendant's counsel of record by U.S. Mail, postage pre-paid , addressed as follows:


Wargo & French
Shanon J. McGinnis
John P. Mittelbach
1170 Peachtree Street, N.E.
Suite 2020
Atlanta, Georgia 30309

McCurdy & Candler, LLC
Frank R. Olsen
P.O. Box 57
Decatur, Georgia 30031

CAROLYN BOONE, PRO SE

.