Case 1:10-cv-00800-TWT Document 27 Filed 06/24/10 Page 1 of 16

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 24 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLYN BOONE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | |
| -against- ) | CIVIL ACTION NO. 1:10-CV-800-TWT-LTW |
| ) | |
| JP MORGAN CHASE BANK, N.A. ) | |
| and McCURDY & CANDLER, LLC ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF 'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff commenced this civil action for Wrongful Foreclosure on February 18, 2010 in the Superior Court of DeKalb County, State of Georgia, Civil Action No. 10CV2598-1. Defendant J P Morgan Chase Bank, National Association removed it to this Court March 19, 2010. Chase filed its Motion to Dismiss on March 26, 2010. Defendants Chase & McCurdy & Candler, LLC commenced a wrongful foreclosure of plaintiff's property on 5/5/09. Chase is a stranger to the Security Deed, and no assignment is recorded in DeKalb County Records. No Corporate affidavit attesting to a default or debt owed by Plaintiff to Chase has been recorded.

The Security Deed is invalid as no consideration of value (loan) was disbursed to Plaintiff when the Deed was executed. Chase utilized a fraudulent Power of Attorney document that is a stranger to the Security Deed, to execute the foreclosure deed. The details of these fraudulent schemes are documented exhaustively in the proposed Amended Complaint, attached as Exhibit (A). There is no rule of procedure that permits Chase that never had standing to pursue foreclosure to substitute in another stranger, the Limited Power of Attorney document as a party attorney-in-fact to execute the foreclosure deed on 5/5/09.

Given the abundance and highly incriminating nature of the new facts that have come to light since February 18, 2010, Plaintiff has commensurately expanded the causes of action. In the time since February, Plaintiff's factual and legal investigation has continued and intensified, resulting in the significantly, expanded allegations set for in the proposed Amended Complaint. Plaintiff owed no debt to Chase. Chase had no legal right to foreclose and sell Plaintiff's property at 815 Mountain Oaks Parkway, Stone Mountain Georgia 30087.

**ARGUMENT**

In the timeless words of the United states Supreme Court:

Rule 15(a) declares that leave "shall be freely given when justice requires," this mandate is to be heeded. If the underlying fact or circumstances relied upon by Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of movant allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc-the leave sought should, as the rule require, be freely give. Forman v. Davis 371 U.S. 178, 182 (1962) (citations omitted). None of the factors mentioned by the Supreme Court in Forman exist here. Formal discovery in this litigation has not yet begun. Far from being "dilatory" as the extreme specificity of the proposed Amended Complaint attests, Plaintiff have been tireless in their pursuit of facts and law underlying Defendants' schemes to defraud Plaintiff. Having merely filed a motion to dismiss, and done nothing else in this litigation, Defendants are in no way prejudiced by allowance of the proposed amendment, which is likewise in no way an exercise in "futility."

Although there is a legion of case law demonstrating why leave to amend should be given by the Court in this litigation, the proposed Amended Complaint speaks lucidly for itself.

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT to the Defendant's counsel of record by depositing a true copy by U.S. Mail, postage pre-paid upon the following:

Wargo & French LLP
Shannon J. McGinnis
John P. Mittelbach
1170 Peachtree Street, N.E.
Atlanta,
 Georgia 30309

McCurdy & Candler, LLC
Frank R. Olson
P. O. Box 57
Decatur Georgia 30031

_____
CAROLYN BOONE, PRO SE

For all the foregoing reasons, Plaintiff request that this Court grant plaintiff motion for leave to file the proposed Amended Complaint.

Dated: June 17, 2010

Respectfully submitted,

*[signature]*
CAROLYN BOONE, PRO SE
115-14 209th Street
Cambria Heights, N.Y. 11411
(718) 527-6139

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLYN BOONE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| -against- | )  CIVIL ACTION NO. 1:10-CV-800-TWT-LTW |
| | ) |
| JP MORGAN CHASE BANK, N.A. | ) |
| and McCURDY & CANDLER, LLC | )  FIRST AMENDED COMPLAINT |
| | ) |
| Defendants | ) |

The Plaintiff acting upon her personal knowledge and belief complaining of the defendants herein allege as follows:

Plaintiff seeks damages for state claims.

Plaintiff: CAROLYN BOONE resides at 115-14 209th Street Cambria Heights, New York 11411.

1. DENDANT JP MORGAN BANK, N.A. is registered with Georgia's Office of the Secretary of State as a foreign entity agent for service is c/o CT Corporation Systems, 1201 Peach Tree Street North East, Atlanta Georgia 30361 suite 1240. (Herein after Chase)
2. DEFENDANT McCURDY & CANDLER, LLC is registered with Georgia's Office of the Secretary of State and conduct business at 3525 Piedmont Road Building 6 Suite 700, Atlanta GA 30305
3. Plaintiff Complaint pleads claims for Wrongful Non-judicial foreclosure Fraud Malice Willful Misconduct Oppression Unjust Gains.
4. When reference in this complaint is made to any act of the Defendants, it shall be deemed to mean that the officers, directors, agents employees, subsidiaries, affiliates, or representatives of the Defendants committed or authorized such act and did so while acting within the scope of their employment or agency.
5. JP Morgan Chase Bank National Association is not registered with Georgia Secretary of State to conduct business in Georgia. (Exhibit K attached)

FIRST CAUSE OF ACTION
WRONGFUL NON-JUDICIAL FORECLOSURE AND SALE

6. May 5, 2009 the Defendant (Chase) purportedly conducted or had conducted a wrongful non-judicial foreclosure and sale of Plaintiff's property. The Property address, 815 Mountain Oaks Parkway, Stone Mountain Georgia 30087. The Security Deed (which Chase is a stranger of) dated 8/21/03 and recorded in the DeKalb County Records Deed Book 15258 page 488. The Deed reads a maximum credit limit of $133,955.60. No funds were disbursed to the Plaintiff, no consideration was provided to Plaintiff for this Security Deed. Plaintiff never signed a promissory note or any other documents establishing a debt, no Rider or Credit Agreement was filed with the Security Deed evidencing a debt in the County Records. Therefore the Security Deed utilized for the foreclosure and sale was invalid due to failure of consideration. (Exhibit A attached)

7. A Security Deed absent a loan it purports to secure is null and void, as a matter of law. A Contract is formed when there is manifestation of mutual assent to the exchange and a consideration. Plaintiff borrowed no funds for this Security Deed. The Security Deed is defective on its face. Further the Deed lacks a legal description, rendering the Deed defective. The Security Deed was not attested it lacks an oath, and the unofficial witness signature appears first, it lacks a notary seal. Washington Mutual Bank, F.A. & Defendant (Chase) are not in the chain of title.

8. The Security Deed has a power of sale, but it is clearly contingent upon the execution of provision #12 which reads Waiver of Grantor's Rights upon Default. By execution of this paragraph. The prerequisite or the ability to exercise the power of sale clause and conduct a non-judicial foreclosure and sale is by the execution, by Plaintiff, of a single page document known as an Acknowledgement and Waiver of Borrower's Rights. PLAINTIFF DID NOT EXECUTE THIS Single Page PARAGRAPH.

9. Attached to this document would be a Closing Attorney's Affidavit. The signature page of the Security Deed is prima facie evidence that this is a separate Rider, or an attachment as it contains a box to be checked, it reads, Waiver of Grantor's/Borrower's Rights and Closing Attorney's Affidavit. Prudent closing procedure since 1973 following the decision of Law v United States Dept of Agriculture has included the use of the Borrower's Waiver in conjunction with the execution of the deed.
Plaintiff was not in default, and Plaintiff owed no debt to the Defendant (Chase) who is a complete stranger to the Security Deed. Violation of OCGA 23-2114 as (Chase) had no legal right to foreclose at the time foreclosure proceedings were commenced.

10. Further the Security Deed was not legally enforceable as no attorney was present at Closing. Pursuant to OCGA 15-19-50 (Chase) is in violation, as those who conduct witness only closing or otherwise facilitate the execution of deeds of conveyance on behalf of others are engaged in the practice of law, rendering the Security Deed, void as a matter of law.

11. As the Supreme Court explained, the general rule is that an agreement may not be enforced if it is illegal. Stating the rule broadly, an agreement is illegal if it violates a statue or cannot be performed without violating a statue Id. at 689. The Security Deed has no legal description contained in it or attached to it. The Security Deed reads See exhibit A, but does not have attached to and incorporated herein, rendering it defective. Defendant is in violation of OCGA 44-2-14(a) specifically requires attestation as provided by law before a deed or mortgage may be effectively recorded. The Security Deed was not attested and it does not show two witnesses.

12. There existed in the DeKalb County Records a Modification Security Instrument dated September 12, 2006, (page 2of 4) which reads that a copy of any Notice of Default and any Notice of Sale, be mailed to Plaintiff's property. Defendant (Chase) failed to comply with this provision, of the Security Instrument as no Notice of Default or Notice of sale was mailed to Plaintiff. A foreclosure of a residence is not valid unless this notification is timely mailed. (Exhibit B attached)

13. The language in the body of the statue contemplates that the "holder of the Security Deed " is the entity to give notice, as indicated by its reference to notices to be mailed "to the last address of the owner or owner's of the equity of redemption appearing on the records of the holder of the Security Deed.

14. Plaintiff received no notices whatsoever from (Chase) at any time. No Notice of Default renders the sale void as a matter of law, further Defendant is in violation of **OCGA 13-4-44 require strict compliance with the deed to secure debt. Additionally Defendant is in violation of OCGA 44-14-162.2(a) plainly requires the secured creditor send notice to the property address.**

15. **Defendants are in violation of OCGA 44-14-162.2(a) which states Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by certified mail.**

16. **A claim for wrongful exercise of a power of sale under OCGA 23-2114 can arise when a creditor has no legal right to foreclose. Sears mtg. Corp v. Leeds Bldg. Products, 219 Ga App 349, 351(2) (464 SE2d 907) (1995).**

DEFECTIVE NOTICE OF SALE UNDER POWER PUBLICATION
SECOND CAUSE OF ACTION

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 15.

17. The notice advertisement intentionally misrepresented the Security Deed as last transferred by an assignment. **No assignment is recorded**. Senate Bill 531 requires that the current holder of the mortgage loan records the assignment of the security deed, which shows the present owner of the mortgage, in the public deed records before conducting the foreclosure sale. Defendants Chase and McCurdy & Candler LLC violated this statute. Violation of this statute renders the sale void, as a matter of law. To cover-up the fact that the Defendants misrepresented transferred by an assignment Defendants did not record the Notice under Sale in the County Records. Defendant intentionally, willfully, and fraudulently made these misrepresentations.

18. The evidence is likewise convincing that Defendant McCurdy & Candler, LLC at all times prior to making these allegations acted in bad faith knowing them to be false and indeed, it was forewarned of the potential consequences for making such false allegations. The falsity of the allegations is readily apparent from a cursory review of their own documents readily available on their official website (attached as Exhibit G). Defendant's website shows Senate Bill 531 requiring assignments to be recorded before the foreclosure and sale.

19. Defendant Chase & McCurdy & Candler, LLC intentionally, willfully and fraudulently made these misrepresentations additionally Defendants misrepresented that because of Plaintiff's default in the payment of the indebtedness in the amount of $137,955.60 Defendant (Chase) declared the entire amount due and payable and auction would pursue. Plaintiff owed no indebtedness of $137,955.60 to (Chase).

20. Foreclosure by advertisement is a statutory remedy, and the failure to comply with the foreclosure statute invalidates the foreclosure.

21. The modified Security Deed claimed a credit limit of $157,955.00. Defendants were well aware of this modification because they stated it in the foreclosure deed. Defendants therefore intentionally omitted the modification from the Notice under Power Publication, rendering the Publication Notice defective, and the foreclosure and sale void as a matter of law.

22. No Chase Corporate Official Affidavit stating a debt or a default is recorded in the County records, further (Chase) have nothing filed in the County Records representing a debt owed to it, or a default.

23. The Notice intentionally misrepresents a legal description is in the Security Deed, and that a note existed when it does not. Defendants misrepresented how the funds were to be applied to the payment of said indebtedness. Defendants misrepresented that JP Morgan Chase Bank, National Association was the attorney-in-fact for the Plaintiff, and they would execute the foreclosure deed. Defendants Chase & McCurdy & Candler, LLC, failed to exercise fairly the power of sale. (Exhibit C attached)

24. Where a grantee does not comply with the statutory duty to exercise fairly the power of sale deed to secure debt OCGA 23-2-114 the debtor may either seek to set aside the foreclosure or sue for damages for tort of wrongful foreclosure. Defendants intentionally omitted the Modification Instrument credit limit of $157,955.00 from the notice publication. Defendants numerous misrepresentations caused a chilling to the biding.

### FRAUDULENT FORECLOSURE DEED
### THIRD CAUSE OF ACTION

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1- through 23.

25. The foreclosure deed intentionally omitted who conducted the foreclosure sale, whether the party conducting the sale had the authority to do so. The Deed intentionally misrepresented Defendant (Chase) as duly appointed agent and attorney in fact for the Plaintiff. (Chase) is a stranger to the Security Deed and not appointed for anything. (Exhibit D attached).

26. The foreclosure deed states S/I/I and not as last transferred by an assignment. The foreclosure deed reads purchased by (Chase) for Seventy Thousand Four and 52/100 Dollars cash in hand paid receipt acknowledge. Not credit bid. Who pays cash for what they claim to already be entitled.

27. The foreclosure deed reads executed pursuant to a Limited Power of Attorney recoded in Deed Book 21125 page 1 DeKalb County, recorded 11/4/08. This document was first Recorded in Douglas County Records 10/27/08.

28. Plaintiff obtained a certified copy of the Limited Power of Attorney document from the Douglas County Records. It does not have affixed to it a notary seal, and it contains no notary stamp. Comm No. is illegible. Plaintiff called the Florida Secretary of State, Notary division and no notary license in the last four years existed for Lora A Sattler, who name appears on the Limited Power of Attorney as notary. (Exhibit E attached)

29. The Power of Attorney document utilized by the Defendants Chase & McCurdy & Candler, LLC, somehow (fraudulently) between Douglas County, and DeKalb County Records, acquired what purports to be an illegible **Notary Seal. Comm No. is illegible.** The document purports to show a vice president signature, that does not bear any authentication in the form of, a corporate witnesses or corporate seal, indicating anyone at Washington Mutual authorized this signature. The document purports to act with corporate authority, but lack the requisite corporate formalities to render them effective. (Exhibit F attached)

30. Defendant (Chase) and Defendant McCurdy & Candler, LLC illegally transferred title out of Plaintiff's name with this fraudulent Limited Power of Attorney document on May 5, 2009. State lines were crossed for this fraudulent act, as the fraudulent foreclosure deed was executed in the State of Minnesota. Furthermore, this Limited Power of Attorney document is a stranger to the Security Deed.

31. The Security Deed does not authorize the use of this document. Misrepresentation renders the foreclosure and sale void as a matter of law, additionally, the Limited Power of Attorney document was for the Law Firm Weissman Nowack Curry & Wilco P.C. It states Washington Mutual Bank and FIS Foreclosure Solutions, Inc., presently named Lender Processing Services.

32. Lender Processing Services is under investigation by Connecticut Attorney General Richard Blumenthal, along with Florida Attorney General. Fulton County Superior Court notary division called them in for fraudulent notary acts. The fraud ties right in with the Limited Power of Attorney document utilized by the Defendants. The company is not incorporated in the state of Georgia. The Security Deed was governed by Georgia laws so it could not be executed out of state.

33. The foreclosure deed was not executed in compliance with the Security Deed. Paragraph 4(g) of the Security Deed reads Lender as Grantors attorney in fact to execute all documents necessary to transfer title if there is a default. Lender is defined as the holder and owner of the credit agreement. Though (Chase) is none of the above, the Security Deed does not authorize attorney in fact to substitute another attorney in fact.

## UNJUST ENRICHMENT
## FOURTH CAUSE OF ACTION

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 32.

34. Defendant (Chase) retained a benefit to the detriment of Plaintiff by selling Plaintiff's property for $55,000.00 in February 2010. Defendant's retention of these benefits violates fundamental principles of justice, equity and good conscience. The DeKalb County Tax Assessor value Plaintiff's property at $150,000.00. Defendant gained unjustly by selling property it was not legally entitled. As a result of Chase and McCurdy & Candler, LLC unjust enrichment, the Plaintiff have been injured and damaged in that the Plaintiff have lost her home and have lost any equity in her home, resulting in financial and emotional damages including mental pain.

35. Plaintiff claim all damages allowable under law as a result of the Defendants Chase and McCurdy & Candler, LLC wrongful conduct and unjust enrichment.

### FIFTH CAUSE OF ACTION
### MISREPRESENTATION

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1-34.

36. Defendant McCurdy & Candler, LLC sent Plaintiff a letter dated March 30, 2009 intentionally misrepresenting JP Morgan Chase Bank, National Association as the Creditor no address or phone number was given for Chase, (Exhibit J attached) and misrepresented Washington Mutual Mortgage as the Servicer (Washington Mutual no longer existed). Defendants violated OCGA 44-14-162 which requires the current holder of the mortgage be named, along with the telephone number and address.

37. Another letter from Defendant McCurdy & Candler, LLC dated March 30, 2009 reads this law firm represents JP Morgan Chase Bank, National Association the Creditor on the above referenced loan. As of the date of this letter, you owe $172,322.09. (Exhibit H attached).

38. Another letter dated March 30, 2009 reads enclosed is a copy of the PAYOFF quote to us by Washington Mutual Mortgage stating the entire amount of $172,364.95 certified check or money order made payable to Washington Mutual Mortgage, ( Exhibit I attached) and stating **the investor** has authorized Washington Mutual Mortgage to provide this information and to act on its behalf. Clearly there could not be an investor who would be the holder and Chase who was being misrepresented as the creditor. These letters where confusing, deceptive, and contradictive, additionally

39. Another letter dated April 20, 2009 reads enclosed is a copy of the REINSTATEMENT quote provided to us by Washington Mutual Mortgage. Please note this figure is good through May 4, 2009. We must receive the entire amount of $0.00 by May 4, 2009. Plaintiff knew this amount was correct $0.00 since Plaintiff owed no debt to Chase. Plaintiff believed the matter was corrected. Plaintiff never expected a foreclosure and sale would commence after this letter.

40. Defendants Chase & McCurdy & Candler, LLC did not record a Memorandum of sale, and Defendants purposely obtained Plaintiff's property by deception. "Purposely" means that it was the Defendants conscious object to deceive and thereby to obtain Plaintiff's property. Plaintiff received a Relocation letter, offering Plaintiff $1000.00 to vacate the premises by 5/21/09 LPS Asset Management name was on the top of the correspondence. This letter will confirm that WaMu the owner/servicer has obtained the Property as a consequence of a foreclosure sale.

41. According to the Defendant McCurdy & Candler, LLC website showing their Representative Clients Washington Mutual is listed LPS Asset Management Solutions and LPS Foreclosure Solutions are listed. Since this litigation has begun they took the web page down. JP Morgan Chase Bank, National Association did not show as their client. There appears to be great discrepancies as to who the defendant received their authorization from when the foreclosure and sale was commenced.

## SIX CAUSE OF ACTION
## WRONGFUL EVICTION

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 40.

42. Chase & McCurdy & Candler, LLC had the plaintiff disposed from her home on August 12, 2009 by showing the court a fraudulent document which defendant did not record. The judge gave the Plaintiff seven days to vacate her rightful residence. The defendant did not show the judge the foreclosure deed and he did not ask to see it. Plaintiff allege that the actions of Defendants in ejecting Plaintiff from her home and wrongfully foreclosing as a violation of law, wrongful and tortuous and Defendants holds no title to Plaintiffs home or property, and that its actions constitute trespass, negligence, wantonness, abuse of process and slander of title.

## SEVENTH CAUSE OF ACTION
## SLANDER OF TITLE

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 41.

43. Defendants Chase & McCurdy & Candler, LLC did without privilege published untrue and disparaging statements with respect to the property of Plaintiff. Under such circumstances as would lead a reasonable person to foresee, that a prospective purchaser or lessee thereof might abandon his intentions. Defendants had no legal rights as Plaintiff was not indebted or in default with (Chase). The advertisement ran 4/9/09, 4/16/09, 4/23/09, 4/30/09, for 815 Mountain Oaks Parkway, Stone Mountain Georgia. Defendants made a false and malicious publication. The publication disparaged the plaintiff's title to property. Defendants knew these allegations were false.

## EIGHTH CAUSE OF ACT
## ABUSE OF PROCESS

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 42.

44. Defendants Chase & McCurdy & Candler, LLC are liable for extreme and outrageous conduct by, (1) recoding in County Records a fraudulent Foreclosure Deed. (2) Defendants Writ of Possession was obtained by misrepresenting to the courts (Chase's) legal rights to Plaintiff's property. The court **Granting the Marshal the right to remove Plaintiff together with her property hereon from said house and premise and to deliver full and quiet possession of same to (Chase) on July 31, 2009.**

45. The Defendants Chase & McCurdy & Candler, LLC are guilty of misuse of the power of the court, it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice. The Defendants caused damage to the judicial process when a court is asked to rule on incorrect or baseless facts and a danger that a family would lose its home without just cause and in violation of law. Defendants violated OCGA 44-7-50 as Defendants misrepresented Plaintiff as tenant at sufferance.

## NINTH CAUSE OF ACTION
## LIBEL

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 44.

46. Chase & McCurdy & Candler, LLC Publication Notice in the Champion Newspaper which ran 4/9/09, 4/16/09, 4/23/09, 4/30/09 accusing Plaintiff of default in an indebtedness not paid of $137,955.60. Misrepresenting a note Plaintiff defaulted on that does not exist. To cover-up these untruths Defendant's did not record the advertisement. Plaintiff owed no such indebtedness to (Chase). Defendants published defamatory communications with reckless disregard for the truth. Defendant slandered title by among other actions wrongfully publishing a foreclosure notice based on fraudulent assignment.
47.

## TENTH CAUSE OF ACTION
## FRAUD

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 45.

48. Defendant Chase, and Defendant McCurdy & Candler, LLC utilized an invalid and fraudulent Limited Power of Attorney document to execute the foreclosure deed dated 5/5/09 and illegally transferred legal title out of Plaintiff's name in the state of Minnesota. Chase had no legal rights to Plaintiff's property. The Power of Attorney document and Chase are strangers to the Security Deed. The Property address is 815 Mountain Oaks Parkway, Stone Mountain Georgia 30087.
49. The same Defendants conducted a foreclosure and sale of Plaintiff's real property 815 Mountain Oaks Parkway, Stone Mountain Georgia 30087 on 5/5/09 by misrepresenting as last transferred by an assignment to Chase in the notice advertisement and later misrepresenting S/I/I, in the foreclosure deed. Defendants misrepresented a debt owed to (Chase) when Plaintiff owed no such debt.

50. The Defendants (Chase) and McCurdy & Candler LLC had no right to foreclose on Plaintiff's property, that it actions in initiating foreclosure proceedings against Plaintiff were fraudulent.

51. "Fraud" and "dishonesty" are closely synonymous, and "Fraud" may consist in misrepresentation or concealment of material facts or statement of fact made with the consciousness of its falsity.

## ELEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 48.

52. Georgia decisional law provided that one who is not a party to a contract whereby title to property is retained in the seller as security for the balance of the purchase money who is not named as payee in the notes for payments and who has no written assignment of the notes or the contract, **cannot** foreclose the contract in his name as holder and owner there of. Defendant (Chase) had no rights to Plaintiff's property. The County Records is void of any relationship between Plaintiff and Defendant. The Defendants conduct in perpetrating this fraud was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in civil community.
53. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs designated 1 through 50.

## TWELTH CAUSE OF ACTION
## CONVERSTION

54. Defendant Chase assumed unauthorized assumption and exercise of the right of ownership over Plaintiff's real property, to the alteration of their condition and the exclusion of Plaintiff's owner's rights. Chase had no rights when it foreclosed and sold Plaintiff's property. Myers v. Catoe Constr. Co. 80 N.C. App 692, 695,343 SE2D 281, 283 (1986). "The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner... and in consequences. Chase foreclosed on a non-existent debt.
55. Plaintiff have suffered irreparable harm specifically, Plaintiffs ownership and possession of the unique real property was interfered with. And the wrongful foreclosure sale deprived Plaintiff of the use and enjoyment of her homestead. Additionally Plaintiff lost the right to sell or mortgage the property at some future date and did not obtain full benefit of the appreciated value.

WHEREFORE, it is respectfully demanded that the Court would void the wrongful foreclosure as wrongful eviction from one's home is a serious injury. It is well recognized that real property is unique and not fungible. A person's home has even more value. The whole family is uprooted and displaced.

Plaintiff and her family have suffered greatly from the lost of their home. Even more so that it was accomplished under fraud and the courts were made a part of it. Plaintiff seeks punitive, compensatory & statutory damages for the above mentioned acts of fraud, defective notice and wrongful foreclosure, in the amount of $3.5 Million Dollars from each of the Defendants named in the caption of this Complaint. Each Defendant participated in the scheme to steal Plaintiff's property

through deception and fraud. The Defendants have subjected the Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

Plaintiff's suffering of homelessness, extreme emotional distress, anger, sleeplessness, humiliation, grief, despair, and mental pain. Plaintiff suffers a severe outbreak of eczema all over her body from the stress and displacement of her home and family. The loss of real property, and personal property, as the Judge gave Plaintiff seven days to vacate her home. Plaintiff's personal belonging s where set out on the lawn as it was impossible for Plaintiff to remove her valuable possessions in seven days.

Typically, punitive damages are limited. If however it is found that the defendants acted or failed to act, with the specific intent to cause harm." There is no limit on the amount of punitive damages that can be awarded O.C.G.A. 51-12-5.1 (f).

Plaintiff Prays: That the Court would enter a Order voiding the foreclosure action of the Defendants, and award the Plaintiff for damages in the amount of $3.5 Million Dollars from each of the captioned named Defendants; and that Plaintiff have such other and further relief as the Court may deem just and proper and equitable given the facts of the case.

Dated: February 10, 2010

Respectfully Submitted,

*Carolyn Boone*
CAROLYN BOONE
Pro Se
115-14 209th Street
Cambria Heights, N.Y. 11411
(347) 445-3130

The undersigned Plaintiff verify, under oath that the factual allegations in this Verified First Amended Complaint are true and correct.

Plaintiff _/s/ Carolyn Boone_
CAROLYN BOONE