IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLYN BOONE,

     Plaintiff,

v.

                     CIVIL ACTION NO.
                     1:10-CV-800-TWT

JP MORGAN CHASE BANK, N.A. and
MCCURDY & CANDLER, LLC,

     Defendants.

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss, Defendant McCurdy & Candler, LLC's Motion for Judgment on the Pleadings, Plaintiff's Motion to Remand to State Court, Plaintiff's Motion for Default Judgment, Defendant JP Morgan Chase Bank, N.A.'s Joinder in Defendant McCurdy & Candler, LLC's Motion to Stay, Motion to Strike Plaintiff's Second Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff's Motion for Judicial Notice, Plaintiff's Second Motion for Judicial Notice, Plaintiff's Motion for Partial Summary Judgment, Plaintiff's Emergency Motion to Strike Defendant JP Morgan Chase Bank, N.A.'s Declaration, Plaintiff's Supplemental Motion for Judicial Notice, Plaintiff's Third Motion for Judicial Notice, Plaintiff's Motion for Sanctions for Violation of Fed. R. Civ. P. 11, and Plaintiff's Motion to Strike Defendant Chase's Affidavit of the Federal

Deposit Insurance Corporation. Docket Entries [3, 6, 7, 13, 20, 23, 27, 28, 34, 35, 40, 46, 48, 53, 54 ].

For the reasons outlined below, the parties' motions are adjudicated as follows:

(1)   This Court **RECOMMENDS** that Plaintiff's Motion to Remand to State Court be **DENIED**. Docket Entry [6].

(2)   This Court **RECOMMENDS** that Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss be **GRANTED** as to Plaintiff's federal claims and that Plaintiff's state claims be **REMANDED** to the Superior Court of DeKalb County. Docket Entry [3].

(3)   This Court **RECOMMENDS** that McCurdy & Candler, LLC's Motion for Judgment on the Pleadings be **GRANTED** as to Plaintiff's federal claims and that Plaintiff's state claims be **REMANDED** to the Superior Court of DeKalb County. Docket Entry [7].

(4)   This Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **DENIED**. Docket Entry [13].

(5)   For good cause shown, Defendant JP Morgan Chase Bank, N.A.'s Request for a Stay is **GRANTED NUNC PRO TUNC**. Docket Entry [20].

(6)   Defendant JP Morgan's Motion to Strike Plaintiff's Second Response to Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**. Docket Entry [23].

(7)   This Court **RECOMMENDS** that adjudication of the Plaintiff's Motion for

2

Leave to File Amended Complaint, Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's Motion to Strike Defendant Chase's Affidavit of the Federal Deposit Insurance Corporation be **DEFERRED** to the Superior Court of DeKalb County Docket Entries [27, 35, 54].

(8)   Plaintiff's Motions for Judicial Notice should be **DEFERRED** to the Superior Court of DeKalb County. Docket Entries [28, 34, 46, 48].

(9)   Plaintiff's Emergency Motion to Strike Defendant JP Morgan's July 7, 2010 Declaration is **GRANTED IN PART**. Exhibit A to the Declaration (Docket Entry 30-2) is **STRICKEN** and the Clerk is **DIRECTED** to place the document **UNDER SEAL**. This Court **RECOMMENDS** that the decision as to whether the declaration should be stricken should be **DEFERRED** to the Superior Court of DeKalb County. Plaintiff's request for sanctions, however, is **DENIED**. Docket Entry [40].

(10)  Plaintiff's Motion for Sanctions for Violation of Fed. R. Civ. P. 11 is **DENIED**. Docket Entry [53].

## PLAINTIFF'S MOTION TO REMAND

## I.   BACKGROUND

Plaintiff Carolyn Boone (hereinafter "Plaintiff") filed the instant lawsuit in the Superior Court of DeKalb County on February 18, 2010, for claims arising out of a home equity line of credit ("HELOC") she obtained from Washington Mutual Bank, N.A ("WAMU") on September 12, 2006. (Compl. ¶¶ 5, 18, 25, 47; Docket Entry 1-2,

p. 20).  Plaintiff's Complaint alleges that Defendants JP Morgan Chase Bank, N.A. and McCurdy & Candler, LLC (collectively "Defendants") wrongfully foreclosed on her home, fraud, misrepresentation, as well as violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1331 on the grounds that Plaintiff's Complaint raised federal questions.

Plaintiff alleges in her Complaint that she secured the loan with her personal residence located at 815 Mountain Oaks Parkway, Stone Mountain, Georgia. (Docket Entry [1-2], p. 20; Compl. ¶ 49).  Subsequently, the Federal Deposit Insurance Corporation (FDIC) closed WAMU and took it into receivership on July 11, 2008. (Compl. ¶ 33).  Plaintiff claims that at some point, a representative from the Defendant law firm of McCurdy & Candler, LLC ("McCurdy & Candler") advised her that WAMU reported her as being late on her mortgage payments and then referred the matter to McCurdy & Candler for handling.  (Compl. ¶¶ 47-48).  According to Defendant JP Morgan Chase Bank, N.A. ("JP Morgan"), JP Morgan subsequently purchased the assets and liabilities of WAMU, including Plaintiff's HELOC, as of September 25, 2008. (Docket Entries [3-4, 3-5]).  Defendant JP Morgan foreclosed on Plaintiff's home on May 5, 2009, and dispossessed her from her residence with the assistance of McCurdy & Candler.  (Compl. ¶¶ 5, 47-52).

4

A.    **Alleged Problems With the Loan Transactions**

In the instant lawsuit, Plaintiff alleges a myriad of problems she has with the foreclosure of her loan.  Plaintiff alleges that the initial lending transaction between Plaintiff and Washington Mutual Bank was not enforceable because the Security Deed did not include a legal description, the signature page is not dated, and the unofficial witness signature appears first on the document.  (Compl. ¶¶ 13, 40).  Plaintiff also contends both that the security deed was not properly executed because it lacks a notary seal and that the notary's handwritten expiration date of November 13, 2003 did not match the date on her Notary Stamp, which indicated that her commission expired on November 13, 2005, (Compl. ¶¶ 13, 40).  Plaintiff further claims that the modification of the WAMU loan agreement was unenforceable because the security instrument did not include the Lender, its successors or assigns, or a power of sale clause, and no agreement was filed in the county records (Compl. ¶ 14).

B.    **Alleged Problems With the Foreclosure Proceedings**

Plaintiff also alleges numerous anomalies in the foreclosure proceedings. Plaintiff contends that "the Defendant"[1] did not loan any money to Plaintiff and has no rights under the security deed.  (Compl. ¶ 6, 25-26).  Plaintiff claims foreclosure is also improper because "Defendant" did not explain to her or make her aware of the Power of Sale clause or its meaning. (Compl. ¶ 11).  Plaintiff claims that she never executed

---

[1]  Plaintiff refers to "the Defendant" throughout her Complaint without identifying the Defendant to whom she is referring.

an "Acknowledgment and Waiver of Borrower's Rights" and therefore, never waived her right to notice and a judicial hearing prior to the exercise of any foreclosure remedies. (Compl. ¶¶ 9-10). Plaintiff also asserts that no assignment to JP Morgan was recorded prior to the foreclosure and sale. (Compl. ¶ 6, 25-26). Plaintiff alleges that she never received a "welcome letter," the "required RESPA servicing Transfer Disclosure" or any other correspondence from "the defendant" prior to the foreclosure and sale. (Compl. ¶ 33). Plaintiff further contends that "Defendant" breached the security deed which required that Plaintiff be "given a Notice of Default" and a "Foreclosure Disclosure" and violated the Georgia Residential Mortgage Act when it failed to record the Notice of Default and Foreclosure Disclosure prior to the foreclosure and sale. (Compl. ¶¶ 9-10, 41-42). In addition, Plaintiff claims that the Notice of Sale Under Power Publication was defective because it included numerous misrepresentations. (Compl. ¶¶ 16-24).   Plaintiff further claims that no memorandum of sale was recorded, JP Morgan did not send her any notices of its intent to foreclose or sell, Defendants failed to send her notice of the completion of the foreclosure and sale, and Defendants failed to provide proof in the form of a recorded affidavit containing facts constituting their claim such as the default and the amount due under the loan. (Compl. ¶¶ 54-56). Plaintiff also claims that the foreclosure on her home was fraudulent because of anomalies and misrepresentations within her foreclosure deed as well as problems with its execution. (Compl. ¶¶ 15, 27-36, 58).

Plaintiff further contends that Defendants "engaged in deceptive means" in

6

collecting a debt in violation of the FDCPA, 15 U.S.C. §§ 1692e(10) and 1692j(id) which prevents a collector from claiming or threatening to enforce a debt when the collector knows the debt is illegitimate. (Compl. ¶ 54). Plaintiff also appears to claim that an unspecified Defendant violated the FDCPA when it ran an advertisement for foreclosure sale of Plaintiff's home prior to initiating correspondence with the Plaintiff and prior to the expiration of the thirty-day period to dispute the debt. (Compl. ¶ 45).

Plaintiff further claims that Defendant McCurdy & Candler misrepresented to her that JP Morgan was the creditor and that WAMU was the servicer. (Compl. ¶ 43). Plaintiff also contends that Defendant McCurdy & Candler, in an effort to have her dispossessed from her home, provided a fraudulent document to the Court indicating that JP Morgan was the new owner of her property even though no document recorded in county records shows JP Morgan as the owner. (Compl. ¶¶ 49-50). Plaintiff alleges that Defendants misrepresented in a sworn application for a writ of possession, filed with the State Court of DeKalb County, that Plaintiff "has not accepted any money in the interim" even though the payment history transaction for her loan shows that JP Morgan accepted payment in the amount of $159,622.14. (Compl. ¶ 52).

Plaintiff also claims that Defendants violated the Georgia Mortgage Fraud Act which prohibits one from filing a document containing a deliberate misstatement or omission. Finally, Plaintiff claims that although she attempted to rescind her loan when she sent a letter to "Defendant"on March 30, 2009, "Defendant" did not respond within twenty days and did not agree to rescind Plaintiff's loan in violation of TILA. (Compl.

7

¶¶ 25-26).

In Plaintiff's Motion to Remand, Plaintiff argues that the instant lawsuit should be remanded because her federal claims constitute only three out of the sixty-one issues raised in her Complaint. Plaintiff also alleges that removal was improper because it was untimely, Defendant McCurdy & Candler's consent to removal was untimely and defective, and Defendants omitted, from their removal document, exhibits h, k, and l which were attached to the initial complaint.

## II.   **LEGAL ANALYSIS**

### A.   **This Court has Removal Jurisdiction**

Plaintiff appears to contend that her Complaint should be remanded because her Complaint was mostly comprised of state law claims and her federal claims constituted only a small portion of her causes of action. Defendant JP Morgan argues in response that because Plaintiff asserts claims under TILA, the FDCPA, and RESPA, Plaintiff's Complaint raises federal questions, and this Court has jurisdiction. Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to

8

demonstrate that federal jurisdiction exists." <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (internal citation omitted). In this case, Plaintiff pleads federal claims pursuant to TILA, RESPA, and the FDCPA. Because Plaintiff has pleaded these federal claims, removal jurisdiction exists and remand is not warranted.[2] <u>In re City of Mobile</u>, 75 F.3d 605, 607 (11th Cir. 1996) (explaining that it is improper to remand federal claims pursuant to 18 U.S.C. § 1367 even if state issues substantially predominate over the federal issues); <u>see also</u> <u>Poche v. Texas Air Corps, Inc.</u>, 549 F.3d 999, 1005 (5th Cir. 2008), <u>citing</u> <u>Laurents v. Arcadian Corp.</u>, No. 94-41183, 1995 WL 625394, 69 F.3d 535

---

[2] Plaintiff does not argue that this Court exercise its discretion to remand the entire matter or only the state law claims pursuant to 28 U.S.C. § 1441(c) on the grounds that the state claims are separate and independent from the federal claims. 28 U.S.C. § 1441(c) provides that whenever a "separate and independent claim . . . within the jurisdiction conferred by section 1331 . . . is joined with . . . otherwise removable claims . . . , the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Where both federal and state claims are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c). <u>In re City of Mobile</u>, 75 F.3d at 608.

AO 72A
(Rev.8/82)

(5th Cir. Oct. 4, 1995) (holding that although the district court had discretion to remand state law claims that were removed along with one or more federal question claims, it could not remand federal question claims absent a defect in the removal procedure).

**B.** **Plaintiff's Arguments that her Complaint Should be Remanded Because of Technical Deficiencies Within the Removal Process are Without Merit**

　　　1.　Timeliness

Plaintiff's arguments that the removal was improper on technical grounds are not well-taken. Plaintiff argues that the removal and Defendant McCurdy and Candler's consent to removal was untimely because both occurred more than thirty days after Defendants' receipt of an initial pleading. Plaintiff's argument is not supported by the facts of this case. Title 28, section 1446(b) provides that the notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). Defendants timely removed the matter because Plaintiff filed the instant lawsuit on February 18, 2010, Defendant JP Morgan was served on February 19, 2010, and Defendants removed the matter less than thirty days later on March 19, 2010. See Docket Entry [1-2], p. 41 (indicating that Defendant JP Morgan was served on February 19, 2010). Similarly, Defendant McCurdy & Candler's March 19, 2010 consent to the removal was also filed less than thirty days after McCurdy & Candler was served on February 24, 2010. See Docket Entry [1-2], p. 40 (indicating that Defendant McCurdy & Candler was served on

10

February 24, 2010).

       2.   <u>Consent to Removal</u>

      Plaintiff also argues that Defendant McCurdy & Candler's consent to removal was ineffective because someone other than McCurdy & Candler's attorney signed the consent to removal. Defendants desiring to remove a civil action from a state court are required to file a notice of removal. 28 U.S.C. § 1446(a). All defendants who have been served or otherwise properly joined in the action must either join in the removal or file a written consent to the removal. <u>Bailey v. Janssen Pharmaceuitica, Inc.</u>, 536 F.3d 1202, 1207 (11th Cir. 2008). The Notice of Removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. <u>Harper v. AutoAlliance Internat'l, Inc.</u>, 392 F.3d 195, 201 (6th Cir. 2004); <u>see also</u> <u>id.</u> at 1207 n.8. While each Defendant is required to join in a notice of removal or to consent to the removal, there is no requirement that each Defendant independently sign the notice of removal. 28 U.S.C. § 1446(a); <u>see also</u> 16 James Wm. Moore et al., Moore's Federal Practice ¶ 56.10 (3d ed. 2010) (explaining that while all defendants must join in a notice of removal pursuant to 28 U.S.C. § 1441, all defendants are not required to sign the notice of removal). Rule 11 merely requires any pleading to be signed "by at least one attorney of record" and states that by presenting such pleading, the attorney is certifying that the allegations and other contentions have evidentiary support. <u>Harper</u>, 392 F.3d at 201-02. Nothing within Rule 11 requires McCurdy & Candler to directly express that it concurs in the removal or prevents counsel for JP Morgan from making that representation on McCurdy &

11

Candler's behalf. Harper, 392 F.3d at 201; see also Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1224-25 (9th Cir. 2009) (stating that "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient").  In this case, counsel for JP Morgan, who is an officer of the Court, indicated in the Notice of Removal that Defendant McCurdy & Candler consented to the removal, and signed Defendant McCurdy & Candler, LLC's separate joinder and consent to removal on behalf of Frank Olson, who is counsel for McCurdy & Candler, with his express permission.  Additionally, consistent with the consent to removal filed on McCurdy & Candler's behalf, McCurdy & Candler has not indicated that it objects to the removal of the case.  This Court is therefore satisfied that Mr. Olson, on behalf of McCurdy & Candler, consented to and joined the Notice of Removal in advance of its filing.

      3.    Omission of Pleadings

     Finally, this Court is also not persuaded by Plaintiff's contention that the case should be remanded because Defendants failed to include all state court pleadings and process with the notice of removal.  First, a failure to include all state court pleadings and process with a notice of removal is procedurally incorrect, but it is not a jurisdictional defect. Cook v. Randolph Cnty, 573 F.3d 1143, 1150 (11th Cir. 2009); Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 (11th Cir. 1985) (explaining that failure to file all pleadings with the removal is not a jurisdictional defect and may be remedied by filing them at a later date).  Second, Section 1446(a)

AO 72A
(Rev.8/82)

only requires Defendants to file all pleadings which were *served* upon them, not copies of all pleadings which were *filed* in the state court proceeding. Cook, 573 F.3d at 1150. It is not clear to this Court that Defendants failed to attach a copy of all process, pleadings, and orders served upon them. Plaintiff only contends that Defendants did not remove copies of exhibits that were *filed* with her initial Complaint in the Superior Court. Defendant Chase contends that it attached all the documents Plaintiff *served* upon them to its Notice of Removal. Accordingly, this Court cannot find that Defendants' Notice of Removal was technically deficient in this regard. Therefore, Plaintiff's Motion to Remand should be **DENIED**. Docket Entry [6].

<u>**DEFENDANT JP MORGAN CHASE BANK, N.A.'S MOTION TO DISMISS AND DEFENDANT MCCURDY AND CANDLER'S MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

**I.   BACKGROUND**

Defendant JP Morgan filed its Motion to Dismiss Plaintiff's Complaint on March 26, 2010. Docket Entry [3]. On April 13, 2010, Defendant McCurdy & Candler filed a Motion for Judgment on the Pleadings which incorporated all of Defendant JP Morgan's arguments supporting its Motion to Dismiss Plaintiff's Complaint. Docket Entry [7]. Defendants contend that (1) Plaintiff fails to state a claim under TILA because her claims are inadequately pled and time-barred; (2) Plaintiff's FDCPA claims fail because they are inadequately pled, Defendants were not debt collectors as defined by the FDCPA, and the foreclosure proceedings were not debt collection activities as defined by the FDCPA; (3) Plaintiff fails to state a RESPA claim because she fails to

13

specify which provision of RESPA Chase or WAMU violated and does not include enough factual material to meet minimum pleading standards; (4) Plaintiff's wrongful foreclosure claim fails because Plaintiff has not alleged any violation of the foreclosure statutes, the closing documents attached to Plaintiff's Complaint show that the underlying loan and foreclosure documents were proper, Plaintiff received the required notices of foreclosure sale, it was proper for JP Morgan, rather than WAMU, to foreclose on Plaintiff's residence because it was the successor in interest to WAMU, nothing within the foreclosure statutes requires the foreclosing creditor to state the manner in which it obtained rights to the security deed, and because other purported deficiencies Plaintiff identifies in the foreclosure proceedings do not violate the laws governing foreclosure proceedings.

## II.   LEGAL ANALYSIS

### A.   Motion to Dismiss/Motion for Judgment on the Pleadings Standard

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim for relief. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). A Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion for judgment on the pleadings tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint, however, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

14

555 (2007). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009). To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest required elements of the claim. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. Iqbal, 129 S. Ct. at 1940. The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Iqbal, 129 S. Ct. at 1940.

The Court should not consider matters outside the pleadings when considering a party's motion to dismiss. See FED. R. CIV. P. 12(b)(6); Prop. Mgmt. & Inv., Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985). However, a court may consider documents

15

attached to the defendant's motion when they are central to the plaintiff's claim and their authenticity is not disputed. <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002); <u>Harris v. Ivax Corp.</u>, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

**B.    <u>Plaintiff's TILA Claims</u>**

Plaintiff alleges that she attempted to rescind a loan transaction occurring on September 12, 2006, on the grounds that the written right to rescind within the loan documentation "did not have the dates filled in" and that proper disclosures were not provided. (Compl. ¶ 25). Plaintiff claims that although she attempted to rescind her loan when she sent a letter to "Defendant"on March 30, 2009, Defendant did not respond within twenty days and did not agree to rescind her loan in violation of TILA. (Compl. ¶¶ 25-26). Defendants contend that Plaintiff's TILA claim must be dismissed because given that she alleges few facts in support of her claim, her articulation of her claim fails to meet minimum pleading standards. Additionally, Defendants contend that the factual allegations within Plaintiff's Complaint are so scant that Plaintiff does not allege any facts showing that TILA's provisions apply to her HELOC. Finally, Defendants contend that Plaintiff's claim for rescission is time-barred because the three-year limitations period runs from the date of the loan transaction, which occurred more than three years prior to the filing of the Plaintiff's Complaint.

**1.    <u>Plaintiff's Rescission Claim is Time-Barred</u>**

The TILA requires creditors to provide borrowers with certain disclosures regarding finance charges, interest rates, and borrower's rights. <u>See</u> 15 U.S.C. §§ 1631,

16

1632, 1635, 1637, 1638; <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998). If a creditor fails to make a required disclosure, the borrower may sue for statutory and actual damages within one year of the violation. 15 U.S.C. § 1640(e). In addition to providing a right to damages, TILA also permits a borrower whose loan is secured by a "principal dwelling" to rescind the loan transaction entirely until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms containing the required material disclosures, whichever is later. 15 U.S.C. § 1635(a); <u>Velardo v. Freemont Inv. Co.</u>, 298 F. App'x 890, 892 (11th Cir. 2008); <u>Sueiro v. Countrywide Home Loans, Inc.</u>, No. 09-21436-CIV-HOEVELER, 2009 WL 2915781, at *3-4 (S.D. Fla. Sept. 11, 2009). If the lender fails to deliver the appropriate forms and disclosures, the borrower's right of rescission lasts three years after consummation of the transaction (or upon sale of the property, whichever comes first). <u>See</u> 15 U.S.C. § 1635(f).

In this case, according to Plaintiff's Complaint, Plaintiff attempted to rescind a transaction occurring on September 12, 2006, on the grounds that the written right to rescind within the loan documentation "did not have the dates filled in" and that proper disclosures were not provided. Plaintiff filed the instant lawsuit on February 18, 2010, more than four years after the 2006 mortgage transaction. Therefore, Plaintiff's claim for rescission is past both the three days for rescinding loan transactions as well as the extended three year period. Accordingly, Plaintiff's claim for rescission is untimely.

Furthermore, the three-year period for bringing claims for rescission cannot be

17

equitably tolled. Beach, 523 U.S. at 419 (holding that Congress's manifest intent was that TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of section 1635(f) has run"). 15 U.S.C. § 1635(f) is a statute of repose, not a limitations period. Beach, 523 U.S. at 419. Statutes of repose "preclude a right of action after a specified period of time"; whereas limitations periods provide "that a cause of action must be brought within a certain period of time after the cause of action accrued." Jones v. Saxon Mtg., 537 F.3d 320, 327 (4th Cir. 1998); see also Beach, 523 U.S. at 419. Thus, section 1635(f) creates a substantive right in those protected to be free from liability after a legislatively-determined period of time and is motivated by "considerations of the economic best interest of the public as a whole and . . . a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists." Jones, 537 F.3d at 327. Because Section 1635(f) is a statute of repose, it is not subject to equitable tolling. Jones, 537 F.3d at 327 (noting that "it is easy to understand why a statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason" because to "permit tolling of a statue of repose would upset the economic best interests of the public as a whole"); In re Cmty. Bank, 622 F.3d 275, 301 n.18 (3rd Cir. 2010); Goldman v. Aurora Loan Servs., No. 1:09cv3337-RWS, 2010 WL 3842308, at *3 (N.D. Sept. 24, 2010); see also Beach, 523 U.S. at 412 (holding that "section 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"). Because Plaintiff's claims for rescission cannot be equitably tolled, they are

18

time-barred and should be **DISMISSED WITH PREJUDICE**.

      2.   <u>Plaintiff's Claim Pursuant to 1635(b) is Inadequately Pled</u>

      Additionally, to the extent that Plaintiff is attempting to allege a separate violation of Section 1635(b) for Defendants' failure to take action within twenty days after receipt of her notice of rescission, her claim is inadequately pled. When a borrower exercises a *valid* right of rescission, the creditor must take action within twenty days after receipt of the notice of rescission, returning the borrower's money and terminating the security interest. <u>See</u> 15 U.S.C. § 1635(b), 1640(a); <u>Frazile v. EMC Mortg. Corp.</u>, 382 F. App'x 833, 839 (11th Cir. 2010); <u>Smith v. Am. Fin. Sys. (In re Smith)</u>, 737 F.2d 1549, 1552 (11th Cir. 1984). Failure to do so is a violation of 15 U.S.C. §§ 1635(b), 1640(a). <u>Frazile</u>, 382 F. App'x at 839; <u>Smith</u>, 737 F.2d at 1552. Plaintiff, however, does not state a claim for Defendants' alleged failure to rescind her loan within the twenty-day period because she fails to plead sufficient facts or articulate a legal theory tending to indicate that she exercised a *valid* right to rescind the loan.

      First, Plaintiff's mere allegation that "the notice of right to rescind did not have the dates filled in" is not sufficient to show that she had a valid right to rescind. Plaintiff does not explain which dates were omitted from the notice of her right to rescind or the significance of the dates which were allegedly omitted. Thus, this Court cannot ascertain whether the omission of unspecified dates from the notice of the right to rescission was egregious enough to give rise to her right to rescission.

      The Eleventh Circuit has held that "TILA does not require perfect notice; rather

AO 72A
(Rev.8/82)

it requires a clear and conspicuous notice of rescission rights." <u>Smith v. Highland Bank</u>, 108 F.3d 1325, 1327 (11th Cir. 1997), <u>citing</u> <u>Veale v. Citibank, F.S.B.</u>, 85 F.3d 577, 580 (11th Cir. 1996). Thus, "technical deficiencies do not matter if the borrower receives a notice that effectively gives him notice as to the final date for rescission and has the three full days to act." <u>Melfi v. WMC Mortg. Corp.</u>, 568 F.3d 309, 312 (1st Cir. 2009); <u>see also</u> <u>Ward v. Lime Fin. Servs.</u>, No. 09-00057-KD-N, 2009 WL 3425676, at *5 (S.D. Ala. Oct. 22, 2009) (concluding that courts are "bound to construe the notification requirements of TILA for rescission, not as requiring a hyper-technical satisfaction of every jot and tittle of the statute and the regulations, but as requiring 'a clear and conspicuous notice of recision rights'"), <u>citing</u> <u>Veale</u>, 85 F.3d at 580. In that regard, the First Circuit Court of Appeals and several district courts within this Circuit have concluded that the omission of dates from the notice of the right of rescission did not amount to a violation of TILA permitting the extension of the borrower's right to rescind beyond the initial three-day period. <u>Melfi</u>, 568 F.3d at 312-313 (concluding that an uncompleted blank within a form where final deadline to rescind was to be indicated did not merit extension of the borrower's right to rescind because borrower could easily calculate the three-day period for rescission based on information within the form); <u>Ward</u>, 2009 WL 3425676, at *5 (holding that borrower was not entitled to extension of the rescission period because although notice of right of rescission did not indicate the date of the transaction, it was a simple matter for a reasonable borrower to calculate the date by which he was required to exercise his rescission right from the information

AO 72A
(Rev.8/82)

provided); McMillan v. AMC Mortg. Servs., Inc., 560 F. Supp. 2d 1210, 1220-21 (S.D. Ala. 2008) (holding that failure to provide a certain date for the exercise of the three-day rescission right was a technical violation that did not trigger extended rights of rescission); Megitt v. Indymac Bank, F.S.B., 547 F. Supp. 2d 56, 61-62 (D. Mass. 2008) (holding that omission of rescission deadline from plaintiffs' loan transactions were at most technical violations that did not give rise to an extended rescission period). Because Plaintiff's Complaint does not indicate what dates were omitted from the notice of right to rescind or facts indicating that the omission of the dates made it so that Plaintiff effectively was denied notice of the deadline for rescission, this Court cannot conclude that Defendants' alleged failure to include dates within the notice of right of rescission amounted to violation giving Plaintiff a right of rescission beyond the initial three-day period.

Furthermore, Plaintiff's conclusory allegation that she did not receive "the proper disclosures required" is similarly insufficient to state a claim for a valid right of rescission. Plaintiff provides no factual allegations indicating which disclosures were not provided or how the disclosures were not "proper." Therefore, Plaintiff has not presented enough factual matter taken as true to suggest required elements of the claim or to nudge her claims beyond the speculative level. Twombly, 550 U.S. at 555; Speaker v. United States Dep't of Health and Human Servs. Ctrs. For Disease Control, 623 F.3d 1371, 1380 (11th Cir. 2010) (holding that plaintiff must do more than recite statutory elements in conclusory fashion and instead, must proffer enough factual

21

AO 72A
(Rev.8/82)

content to raise a right to relief above the speculative level). Because Plaintiff's section 1635(b) claim is inadequately pled, it should be **DISMISSED WITHOUT PREJUDICE.**[3]

C.   <u>Plaintiff's FDCPA Claim</u>

Plaintiff also appears to claim that Defendant[4] violated the FDCPA when it ran an advertisement for foreclosure sale of Plaintiff's home prior to the expiration of the thirty-day period to dispute the debt. (Compl. ¶ 45). Plaintiff further contends that Defendants engaged in deceptive means to collect a debt in violation of 15 U.S.C. 1692e(10), 1692j when they claimed, attempted or threatened to enforce a debt while knowing that the debt is not legitimate. (Compl. ¶ 54). Defendants contend that Plaintiff's FDCPA claims are inadequately pled because she fails to plead any factual support for an alleged FDCPA violation and fails to indicate how they engaged in deceptive means to collect a debt. Defendants further contend that Plaintiff's FDCPA claims also fail because nonjudicial foreclosure activity is wholly exempt from the FDCPA's coverage and because they are not debt collectors as defined by the FDCPA.

This Court finds that Plaintiff's FDCPA claims have been inadequately pled and are seriously lacking factual support. Plaintiff's claim that Defendant violated the

---

[3]   This Court observes that not only has Plaintiff attempted to remand her Complaint back to the Superior Court of DeKalb County, but also Plaintiff has attempted to amend her Complaint and has omitted to plead a TILA claim or any other federal claims within her proposed amended complaint

[4]   Plaintiff does not identify the Defendant to whom she is referring.

AO 72A
(Rev.8/82)

FDCPA when it ran an advertisement for foreclosure sale of Plaintiff's home prior to the expiration of the thirty-day period to dispute the debt, without more facts, does not state a claim. (Compl. ¶ 45). Under 15 U.S.C. § 1692g(b), if the consumer notifies the debt collector that any portion of the debt is disputed within a thirty-day period after the initial communication by the collector, the debt collector must cease collection activities until it mails verification of the debt or a copy of the judgment against the consumer. However, the Act plainly also provides that the validation period is not a grace period and in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity.   15 U.S.C. § 1692g(b) ("Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period . . . unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor"); Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 134-35 (2nd Cir. 2010); see also Shimek v. Weissman, Nowack, Curry & Wilco, P.C., 374 F.3d 1011, 1013 (11th Cir. 2004) (concluding that a "debt collector's contemporaneous filing of a lien with the Clerk of Court and the sending of a dun letter to a consumer prior to the consumer requesting verification of that debt does not violate the FDCPA"); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir.1997) ("The debt collector is perfectly free to sue within thirty days; he just must cease his efforts at collection during the interval between being asked for verification of the debt and mailing the verification to the debtor"). Thus, without more facts, such

23

as assertions explaining how Defendants refused to cease collection activities after Plaintiff disputed the debt, Plaintiff's allegations fail to state a claim.

Plaintiff's other FDCPA claim is also too poorly pled to state a claim. Plaintiff pleads only that "[t]he defendants have engaged in deceptive means to collecting [sic] a debt in violation of the [FDCPA,] specifically 15 U.S.C. 1692e(10) & 1692j(id) [sic] . . . , no person shall claim, attempt, or threaten to enforce a debt when such person know[s] that the debt is not legitimate or assert[s] the existence of some legal right [knowing] that the right does not exist." (Compl. ¶ 54). Plaintiff does not refer to any factual allegations in support. Plaintiff's Complaint omits any explanation of how the parties claimed, attempted, or threatened to enforce a debt they knew was not legitimate or a legal right they knew did not exist. While Plaintiff's Complaint does include some factual allegations from time to time, Plaintiff does not identify which factual allegations support her FDCPA violation. Thus, Plaintiff fails to adequately plead her claim. See Speaker, 623 F.3d at 1380 (holding that in order to state a claim under the privacy act, plaintiff must do more than allege that the CDC did not fulfill its record-keeping obligation; it must also allege the specific nature of the record-keeping obligation that the CDC failed to satisfy); Carvel v. Godley, No. 10-10766, 2010 WL 4910167, at *2 (11th Cir. Dec. 2, 2010) (finding that complaint was inadequately pled where it required the court and the defendant to rummage through page after page of facts and conclusions to make independent determinations regarding what allegations, if any, fit with each claim if any).

AO 72A
(Rev.8/82)

Plaintiff's multiple responses to Defendants' motions are not responsive to Defendants' arguments and do little to assist the Court in adjudicating her claims. Plaintiff failed to respond to Defendants' contentions that they are not debt collectors and that their efforts to enforce a security interest does not amount to debt collection activities for purposes of the FDCPA. Additionally, Plaintiff does not defend her method of pleading her claims. In Plaintiff's second response, she only mentions in passing that Defendants violated Sections 1692e(10) and 1692j of the FDCPA because Defendants' alleged notice of default misrepresented the identity of the creditor, the acceleration amounts due, and failed to describe the purported default. (Pl.'s Second Br. 2, Docket Entry [10]). Not only does Plaintiff fail to make these assertions in her Complaint, these allegations wholly contradict Plaintiff's Complaint, in which she states that she was not given a notice of default. (Compl. ¶ 9) ("Further plaintiff was not given a Notice of Default and none was recorded in the County Records"). Moreover, this allegation amounts to a legal conclusion. See Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions . . ."). In Plaintiff's third response brief, she merely repeats the same conclusion in her Complaint that Defendants engaged in deceptive means to collect a debt in violation of Sections 1692e and 1692(d), which prohibit threatening to enforce a debt while aware that the debt is not legitimate or the assertion of a legal right when the right does not exist. Plaintiff's sparse argument

25

amounts to abandonment of her FDCPA claims. The law is well settled in this circuit that a legal claim or argument that has not been briefed is deemed abandoned and that mentioning an issue without providing specific argument in support is not sufficient. Dawkins v. Glover, 308 F. App'x 394, 395 (11th Cir. 2009). The mere mention of an argument without any supporting substantive analysis is not sufficient. Seay v. United States, 166 F. App'x 422 (11th Cir. 2006) (Petitioner's mere statement that district court improperly dismissed his complaint on res judicata grounds without any substantive argument in support amounted to abandonment of his claims even though he argued the merits of his underlying claims). Moreover, issues cryptically raised in passing and not clearly raised are deemed abandoned. APA Excelsior III L.P. v. Premiere Techs., Inc., 476 F.3d 1261, 1270 (11th Cir. 2007).

Given that Plaintiff did not respond to Defendants' arguments that they are not debt collectors, that they were not engaged in debt collection activities for purposes of the FDCPA, and that her FDCPA claim was not adequately pled, Plaintiff has effectively abandoned them. Hawkins v. Potter, 316 F. App'x 957, 960 (11th Cir. 2009) (deeming issue abandoned where pro se party failed to include substantive argument in support of issue and made only passing references to an order from which he appealed). Under these circumstances, this Court concludes that Plaintiff's FDCPA claims should be **DISMISSED WITHOUT PREJUDICE.**[5]

---

[5] Furthermore, this Court observes that not only has Plaintiff attempted to remand her Complaint back to the Superior Court of DeKalb County, but also Plaintiff has attempted to amend her Complaint and has omitted to plead an FDCPA claim or

### D.   Plaintiff's RESPA Claim

The only mention of RESPA in Plaintiff's Complaint was her statement that she never received "the required RESPA Servicing Transfer Disclosure." (Compl. ¶ 33). Defendants contend that Plaintiff's RESPA claim fails to meet minimum pleading standards because she fails to identify which provisions were violated and fails to plead any factual allegations in support of her claim. In Count VIII of Plaintiff's Complaint. In response, in a section of her brief titled "Regarding RESPA," Plaintiff states only that "[t]he rescission is automatic, since the 2003 . . . Security Deed failed to have a future advance clause, for the modification in 2006."

This Court finds that Plaintiff's RESPA claim is inadequately pled. Plaintiff does not explain the legal theory supporting her claim, describe the factual predicate, or identify the Defendant against whom the claim is being brought. Although courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules, and this Court is not required rewrite a deficient pleading. See Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 459 (11th Cir. 2009) (noting that it was proper for district court to dismiss claims for violations of "Georgia's Procedural Foreclosure Law" when the pro se plaintiff failed to offer any factual allegations pertaining to the law or even which statutory provisions he was claiming the defendant violated); GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), recognizing overruling on other grounds, Randall v. Scott, 610 F.3d 701 (11th

---

any other federal claims within her proposed amended complaint.

Cir. 2010). Moreover, Plaintiff also abandons her RESPA claim. As discussed above, issues not briefed or only mentioned in passing by a pro se litigant are deemed abandoned. Warren, 342 F. App'x at 459.

Even if this Court were to assume that Plaintiff was attempting to state a claim under 12 U.S.C. § 2605(b)(1), Plaintiff has still failed to plead sufficient facts to support a claim. Title 12, Section § 2605(b)(1) requires that a servicer "of any federally related mortgage loan . . . [to] notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person" 12 U.S.C. § 2605(b)(1). Thus, when a loan's servicing is transferred, RESPA requires the transferor to notify the borrower in writing not less than fifteen days before the effective date of the transfer. 12 U.S.C. § 2605(b)(2)(A). The transferee has until fifteen days after the transfer to provide the borrower with notice of the transaction. 12 U.S.C. § 2605(c)(2)(A). Plaintiff, however, fails to identify any Defendant as a servicer who would have responsibility for notifying her of the transfer of servicing of the loan. Additionally, Plaintiff fails to assert in her Complaint that the servicing at some point was transferred. Plaintiff acknowledges that WAMU, who originated her loan, was taken into receivership by the FDIC, but does not assert that it resulted in a change in the servicing of her loan. Accordingly, this Court **RECOMMENDS** that Plaintiff's RESPA claim be **DISMISSED WITHOUT PREJUDICE**.[6] See, e.g., Washington v. Dep't of Children and Families, 256 F. App'x

---

[6] Furthermore, this Court observes that Plaintiff has attempted to amend her Complaint and has omitted to plead a RESPA claim.

AO 72A
(Rev.8/82)

326, 328 (11th Cir. 2007) (concluding that district court should not have dismissed shotgun pleading *with prejudice* without ordering plaintiff to amend complaint and remanding case for the district court to either order plaintiff to comply with pleading requirements <u>or</u> to dismiss the complaint *without* prejudice).

### E.   <u>Plaintiff's State Law Claims</u>

Because the Court has recommended that Plaintiff's federal law claims be dismissed, the undersigned is now recommending that Plaintiff's state law claims be dismissed without prejudice.  According to 28 U.S.C. § 1367, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court explained that exercising supplemental jurisdiction requires a federal court to consider judicial economy, convenience, fairness, and comity. The Court held that:

> When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

<u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988) (footnote omitted); <u>see also</u> <u>Novak v. Cobb Cnty.-Kennestone Hosp. Auth.</u>, 849 F. Supp. 1559 (N.D. Ga. 1994) (dismissing state law claims without prejudice upon granting summary judgment on all pending federal claims), <u>aff'd,</u> 74 F.3d 1173 (11th Cir. 1996).  Because the undersigned has recommended that Plaintiff's federal claims be dismissed, Plaintiff's only remaining

AO 72A
(Rev.8/82)

claims rely on applicable state law. The undersigned therefore **RECOMMENDS** that Plaintiff's remaining state law claims be **REMANDED** to the Superior Court of DeKalb County. See Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1226 (11th Cir.2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.").

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In Plaintiff's Motion for Default Judgment, filed on May 7, 2010, she contends that she is entitled to default judgment against Defendant JP Morgan on the grounds that it did not answer her Complaint on or before March 26, 2010. Docket Entry 13]. The entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to timely plead or otherwise defend and that fact is made to appear by affidavit or otherwise. FED. R. CIV. P. 55(b); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). Under Rule 81 of the Federal Rules of Civil Procedure, a defendant who did not answer before removal must answer or *present other defenses or objections* no later than seven days after the notice of removal is filed. Fed. R. Civ. P. 81(c)(2)(C). In this case, default judgment is not appropriate because Defendant JP Morgan's Motion to Dismiss satisfied its obligation to timely defend itself under Rule 81(c). Hand v. Cargill Fertilizer, Inc., 157 F. App'x 230, 233-34 (11th Cir. 2005). Because Defendant JP Morgan timely defended the action, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **DENIED**. Docket Entry [13].

AO 72A
(Rev.8/82)

## JP MORGAN'S MOTION TO STRIKE PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

JP Morgan argues in its Motion to Strike Plaintiff's Second Response to Defendant's Motion to Dismiss Plaintiff's Complaint that Plaintiff's sur-reply (Docket Entry 16) to its Motion to Dismiss should be stricken. Docket Entry [23]. In support, JP Morgan argues that sur-replies are only justified when a valid reason for additional briefing exists, such as where the movant raises new arguments in its reply brief. JP Morgan further argues that Plaintiff's sur-reply does not satisfy the standard because it merely rehashes allegations in her Complaint and initial response to its Motion to Dismiss. Plaintiff argues that she had a valid reason for additional briefing because she submitted proof of events which have happened since the date of the original pleading. In support, Plaintiff argues that she filed the additional reply in order to present evidence of a Limited Power of Attorney document which did not have a Notary Seal affixed to it when it was filed in Douglas County, but had a seal when it was filed in DeKalb County. Plaintiff also asserts that the signature by the Vice President of WAMU did not bear any authentication by a corporate witness, corporate seal, or corporate stamp. In reply, JP Morgan argues that Plaintiff's reply does not address any arguments that could not have been made in her first response brief.

Local Rule 7.1 gives non-movants the opportunity to file *one* response in opposition to motions. LR 7.1B, NDGa. Plaintiff has, in essence, filed four responses

AO 72A
(Rev.8/82)

to JP Morgan's Motion to Dismiss.[7]  <u>See</u> Docket Entries [5, 10, 14, 16].  Plaintiff provided no explanation as to why her presentation of the Limited Power of Attorney documents and related argument could not have been presented in her first three responses to Defendants' Motions.  Accordingly, JP Morgan's Motion to Strike Plaintiff's Second Response to Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**, and Plaintiff's sur-reply (Docket Entry 16) is **STRICKEN**.  Docket Entry [23].

## PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE

In Plaintiff's Motions for Judicial Notice (Docket Entries 28, 34, 46, 48), Plaintiff requests that the Court take judicial notice of the Security Deed, Foreclosure Deed, Limited Powers of Attorney filed in DeKalb and Douglas Counties, Certified Documents from the Georgia Secretary of State, Defendants' Notice of Sale Under Power published in the Champion Newspaper, Verification of JP Morgan's Answer and Defenses to Plaintiff's Petition, an Affidavit of JP Morgan, a Final Order in Superior Court, Purchase & Assumption Agreement, and JP Morgan's Certificate of Interested Persons and Corporate Disclosure Statement.  Because judicial notice of these additional documents would have no bearing on this Court's adjudication of the federal claims addressed within Defendants' Motions for dismissal and because the documents may

---

[7]  Although Docket Entry [14] is styled as a response to McCurdy & Candler's Motion for Judgment on the Pleadings, McCurdy & Candler's Motion for Judgment on the Pleadings simply incorporated all of the arguments made by JP Morgan in its Motion to Dismiss.  <u>See</u> Docket  Entry [7].

have some bearing on the adjudication of the state law claims, Plaintiff's Motions for Judicial Notice should be **DEFERRED** to the Superior Court of DeKalb County. Docket Entries [28, 34, 46, 48].

## PLAINTIFF'S EMERGENCY MOTION TO STRIKE DEFENDANT JP MORGAN'S DECLARATION (DOCKET ENTRY 40)

Similarly, In Plaintiff's Emergency Motion to Strike and Seal Defendant JP Morgan's Declaration, Plaintiff seeks to strike the July 7, 2010 Declaration of JP Morgan (Docket Entry 30-2) on the grounds that it was not properly authorized or authenticated by JP Morgan and it contains hearsay, speculation, as well as irrelevant and scandalous statements.   Docket Entry [40].   Plaintiff further argues that Exhibit 1 to the Declaration should be sealed because it contains her full social security number. The Declaration Plaintiff seeks to strike, entitled Declaration of JP Morgan Chase Bank, N.A., is the declaration of a Research Specialist who attaches a copy of a HELOC Agreement and Disclosure between WAMU and Plaintiff.   The HELOC includes Plaintiff's unredacted social security number below the line for Plaintiff's signature. Because JP Morgan's declaration is not necessary to this Court's adjudication of the federal claims, this Court **RECOMMENDS** that ruling as to whether the declaration should be stricken be **DEFERRED** to the Superior Court of DeKalb County.   Docket Entry [40].   Plaintiff's concerns regarding the presence of her unredacted social security number, however, are well-taken. Rule 5.2 of the Federal Rules of Civil Procedure does provide that in documents filed with the Court, all but the last four digits of a person's

AO 72A
(Rev.8/82)

social security number should be redacted.  Accordingly, this Court does agree with Plaintiff that Exhibit A to the Declaration (Docket Entry 30-2) should be **STRICKEN** and put **UNDER SEAL.**[8]

Plaintiff also seeks $55,000 as a sanction for JP Morgan's improper posting of her social security number.  In support, Plaintiff contends that her social security number is now "on the internet" and appears on a website called "SCRIBD.com"  This Court concludes that sanctions are not warranted in the instant case.  Less than hour after JP Morgan mistakenly filed a copy of the HELOC Agreement and Disclosure displaying Plaintiff's full social security number, JP Morgan promptly sought to correct its mistake by filing a corrected filing and contacting the Clerk of Court to restrict the public's access to it. (McGinnis Decl. ¶¶ 5-6).  Under these circumstances, this Court cannot conclude that sanctions are warranted and Plaintiff's request for sanctions is **DENIED.**

## PLAINTIFF'S MOTION FOR SANCTIONS FOR VIOLATION OF FED. R. CIV. P. 11

In Plaintiff's Motion for Sanctions for Violation of Fed. R. Civ. P. 11 (Docket Entry 53), Plaintiff seeks sanctions against JP Morgan and its counsel on the grounds that defense counsel's declaration (Docket Entry 45-1) contained a false statement. Docket Entry [53].  Plaintiff contends that counsel for JP Morgan falsely declared that she searched SCRIBD.com for records concerning Plaintiff and received only three hits. Plaintiff assumes that counsel's declaration was false because her own search of her

---

[8] It appears that the Clerk has already restricted access to the exhibit.

name on SCRIBD.com revealed forty hits. In response, counsel explained that when she searched for Plaintiff's name by placing it in quotation marks, she received only three hits and that Plaintiff's search caused more hits because Plaintiff did not put her name in quotation marks. In this Court's view, Plaintiff's argument that counsel made a false statement is baseless. The manner in which the search was conducted would affect the number of hits produced by the search, and there is nothing before this Court that would indicate that defense counsel conducted the search in a manner which would restrict the number of relevant hits. Indeed, there is nothing before this Court to show that Plaintiff's social security number was on SCRIBD.com. Accordingly, Plaintiff's request for sanctions due to false statements being included in counsel's declaration is **DENIED**.

Plaintiff also contends that JP Morgan's declaration (signed by Patricia Green at Docket Entry 30-2) is false and violates Rule 11 of the Federal Rules of Civil Procedure. Ms. Green, who signed the declaration, indicated that she executed the declaration in Jacksonville, Florida on July 7, 2010. Plaintiff contends that Ms. Green's statement that she executed the declaration in Jacksonville, Florida is a false statement because JP Morgan Chase Bank, N.A., is not a registered corporation in the state of Florida. Even if this Court were to assume *arguendo* that JP Morgan is not registered as a corporation in Florida, it does not follow that Ms. Green did not execute the affidavit in Florida. Accordingly, this Court cannot conclude that Ms. Green's affidavit contains a false statement and Plaintiff's request for sanctions for falsehoods in Ms. Green's statement

AO 72A
(Rev.8/82)

is **DENIED**.

Finally, Plaintiff contends that sanctions should be awarded in her favor because the Declaration of JP Morgan Chase Bank, N.A. (Docket Entry 43-1), dated July 21, 2010, falsely certifies that copies of Chase's 2009 and 2010 Corporate annual registrations are true copies. Plaintiff argues that this certification cannot be truthful because the affidavit attaches the Secretary of State's certification of the copies, which is dated one day later than the affidavit, July 22, 2010. Rule 11(b)(3) of the Federal Rules of Civil Procedure provides that when counsel submits a paper to the Court, she is certifying that the factual contentions within the paper have evidentiary support. Fed. R. Civ. P. 11(b)(3). In this case, given that the copy of the certification by the Secretary of State postdates the date of the affidavit, it appears that the declarant could not have actually authenticated copies that were attached to the affidavit. Thus, the affidavit, as it was submitted, was not technically accurate.[9]  Nevertheless, this Court cannot conclude that the affidavit was interposed for any improper purpose or that counsel was trying to purposefully deceive the Court or Plaintiff. Moreover, there is no evidence that the exhibits appended to the affidavit were not, as the declarant stated, copies of the 2009 and 2010 Annual Registrations. Indeed, they are certified by the Secretary of State as being true and correct copies. Accordingly, under these circumstances, this Court concludes that sanctions are not warranted and Plaintiff's request is **DENIED**.

---

[9] Counsel should ensure that the declarant has copies of the attached exhibit in hand when she signs a declaration authenticating them.

36

Plaintiff further contends that the Declaration is deceptive because it indicates that it is attaching the 2009 and 2010 annual registrations for Defendant JP Morgan Chase Bank, N.A., but in actuality, it is the attaching the registrations for JP Morgan Chase Bank, which Plaintiff contends is a separate entity.   Plaintiff presents no evidence showing that the registration for JP Morgan Chase Bank appended to the July 21, 2010 Declaration is not the registration for JP Morgan Chase Bank, N.A. or that the JP Morgan Chase Bank registered with the Georgia Secretary of State is not the JP Morgan Chase Bank, N.A. who is a Defendant in this case.   Accordingly, this Court cannot conclude that the Declaration is false, and Plaintiff's request for sanctions stemming from her argument that the Declaration is deceptive in this regard is **DENIED**.

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOCKET ENTRY 27), PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOCKET ENTRY 35), AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT CHASE'S AFFIDAVIT OF THE FEDERAL DEPOSIT INSURANCE CORPORATION (DOCKET ENTRY 54)

The remainder of Plaintiff's Motions concern only matters which if they were resolved, would have no bearing on the adjudication of Plaintiff's federal claims and/or claims brought pursuant to state law.  Docket Entries [27, 35, 54].  Because this Court have recommended remand of Plaintiff's state law claims to the Superior Court of DeKalb County, this Court also **RECOMMENDS** that adjudication of the remaining Motions be **DEFERRED** to the Superior Court of DeKalb County.

### CONCLUSION

For the foregoing reasons, the parties' motions are adjudicated as follows:

(1)   The Court **RECOMMENDS** that Plaintiff's Motion to Remand to State Court be **DENIED**. Docket Entry [6].

(2)   The Court **RECOMMENDS** that  Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss be **GRANTED** as to Plaintiff's federal claims and that Plaintiff's state claims be **REMANDED** to the Superior Court of DeKalb County. Docket Entry [3].

(3)   The Court **RECOMMENDS** that McCurdy & Candler, LLC's Motion for Judgment on the Pleadings be **GRANTED** as to Plaintiff's federal claims and that Plaintiff's state claims be **REMANDED** to the Superior Court of DeKalb County. Docket Entry [7].

(4)   The Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **DENIED**. Docket Entry [13].

(5)   For good cause shown, Defendant JP Morgan Chase Bank, N.A.'s Request for a Stay is **GRANTED NUNC PRO TUNC**. Docket Entry [20].

(6)   Defendant JP Morgan's Motion to Strike Plaintiff's Second Response to Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**. Docket Entry [23].

(7)   This Court **RECOMMENDS** that adjudication of the Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's Motion to Strike Defendant Chase's Affidavit of the Federal Deposit Insurance Corporation be **DEFERRED** to the Superior Court of

38

DeKalb County Docket Entries [27, 35, 54].

(8)   Plaintiff's Motions for Judicial Notice should be **DEFERRED** to the Superior Court of DeKalb County.  Docket Entries [28, 34, 46, 48].

(9)   Plaintiff's Emergency Motion to Strike Defendant JP Morgan's July 7, 2010 Declaration is **GRANTED IN PART**.  Exhibit A to the Declaration (Docket Entry 30-2) is **STRICKEN** and the Clerk is **DIRECTED** to place the document **UNDER SEAL** as well as to restrict access to parties only.  This Court **RECOMMENDS** that the decision as to whether the declaration should be stricken should be **DEFERRED** to the Superior Court of DeKalb County.  Plaintiff's request for sanctions, however, is **DENIED**.  Docket Entry [40].

(10)  Plaintiff's Motion for Sanctions for Violation of Fed. R. Civ. P. 11 is **DENIED**.  Docket Entry [53].

As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 31st day of January, 2011.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLYN BOONE,

      Plaintiff,

v.

JP MORGAN CHASE BANK, N.A. and
MCCURDY & CANDLER, LLC,

      Defendants.

CIVIL ACTION NO.
1:10-CV-800-TWT

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir.

AO 72A
(Rev.8/82)

1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 31st day of January, 2011.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)