ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 11 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| CAROLYN BOONE, PRO SE | ) ) ) |
| Plaintiff, | ) ) |
| -against- | ) CIVIL ACTION NO. 1: 10-CV-800-TWT-LTW ) ) |
| JP MORGAN CHASE BANK, N.A., and McCURDY & CANDLER LLC | ) ) ) |
| Defendants | ) ) ) |

## PLAINTIFF'S OPPOSITION TO MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

Plaintiff requests a DE NOVO DETERMINATION OF THE ENTIRE FILE. This case is presently before the Court because Defendant JP Morgan Chase Bank, N.A (herein after Chase) with McCurdy & Candler consent joinder, **improperly** removed it from the DeKalb County Superior Court. March 19, 2010 (Docket Entry 1). Misrepresenting federal question jurisdiction. The face of the complaint does not contain federal question jurisdiction. Plaintiff timely filed her Motion To Remand on April 9, 2010 ( Docket Entry 6) and this court just sat on it. Plaintiff objects to the Magistrate Judge's BACKGROUND version of this case. Plaintiff Complaint was for Wrongful Foreclosure regarding an Equity line of Credit Security Deed, and **not** as a ("HELOC") she obtained from Washington Mutal Bank, N.A. ("WAMU") on September 12, 2006, (Compl. 5, 18, 25, 47, Docket Entry 1-2 p. 20), as the Magistrate claims. (See Plaintiff Compl. 5-61)

Plaintiff objects to the Magistrates Report and Recommendation (herein after R&R) (1) that Plaintiff's Motion to Remand to State Court be DENIED. Docket Entry (6). Plaintiff contends that this court does not have federal question jurisdiction or subject matter jurisdiction, nor diversity jurisdiction over Plaintiff's Complaint. Plaintiff's complaint are all state law claims, regardless of all the spins the Magistrate, and the Defendants Chase & McCurdy & Candler attempted to place on it.

Plaintiff objects to the Magistrate's asserting that Plaintiff's Complaint alleges violation of the Real Estate Settlement Procedures Act (RESPA) the Fair Debt Collection Practices Act (FDCPA) and the Truth in Lending Act ("TILA") Plaintiff objects to the Magistrate's stating, Plaintiff alleges in her Complaint that she secured the loan with her personal residence located at 815Mountain Oaks Parkway, Stone Mountain, Georgia and she reference (Docket Entry 1-2, p. 20; Compl. 49). Plaintiff **never** stated a loan was secured by her personal residence at any time during the litigation nor the complaint.

Plaintiff objects to the Magistrate stating Plaintiff claims that at some point, a representative from the Defendant law firm of McCurdy & Candler, Llc ("McCurdy & Candler") advised her that WAMU reported her as being late on her mortgage payments and then referred the matter to McCurdy & Candler for handling. (Compl.47-48). This is a complete fabrication of the truth clearly stated in the complaint. The Magistrate completely twisted what the Plaintiff stated. Plaintiff stated An email to the Plaintiff from Lieutenant Logan of the DeKalb County Police Department said "Ms. Boone I spoke with Dianna at McCurdy & Candler she told me that Washington Mutual Bank reported you as being late on your mortgage payments." (Compl. 47).

Plaintiff objects to the Magistrate's reference to a loan. There is **no record of a loan** and Plaintiff never stated a loan, Magistrate's reference to statements at (Compl. 25-26) is incorrect. Plaintiff asserts that no assignment is recorded in the County Records (Compl. 19). Plaintiff objects to the Magistrate's assertion that Plaintiff alleged the Georgia Residential Mortgage Act was violated because no Notice of Default was recorded. Plaintiff stated (Compl. 51) The Defendants are in violation of Georgia Mortgage Fraud Act which states anyone who files or causes to be filed with the Official Registrar of deed of any County of Georgia any document the person knows to contain a deliberate misstatement, misrepresentation or omission $5,000.00, three to twenty years. The Defendant did record in the DeKalb County Record a fraudulent foreclosure deed (Compl. 51).

Plaintiff objects to the Magistrate's assertion, that Plaintiff also appears to claim that an unspecified Defendant violated the FDCPA when it ran an advertisement for foreclosure sale of Plaintiff's home prior to initiating correspondence with the Plaintiff and prior to the expiration of the thirty-day to dispute the debt. (Compl. 45). The Magistrate is fishing for federal claims. Contrary to the Magistrate's assertion, Georgia has a certain number of days that the notice is to be provided to the Plaintiff, (Compl. 45) speaks for itself.

### REQUEST A DE NOVO REVIEW OF THE ENTIRE FILE

Pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.
The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

In Plaintiff's initial Response papers she stated that she was **not** consenting to this court's jurisdiction even though she was being forced to litigate her defenses to Defendants, Chase and, McCurdy & Candler's subsequent filings.

Defendant Chase, and Defendant McCurdy & Candler, misrepresented federal question jurisdiction, Tila, Respa, FDCPA on Plaintiff's behalf, to falsely gain entrance into this court and it appears to have worked because the Magistrate Judge, joined forces. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983). The suit must "really and substantially " involve a dispute regarding the "validity, construction or effect" of the law "upon determination of which the result depends."

Shulthis v. McDougal, 225 U.S. 561, 569 (1912); see also Gully, 299 U.S. at 119 **(federal question jurisdiction requires that the federal issue "be an element and an essential one, of the Plaintiff's cause of action").**

**Fed R. Civ. P. 11. The removing parties thus certify that to the best of their knowledge and belief, removal of the case is warranted. If federal court determines that the removing party did not accurately investigate the basis of federal jurisdiction, it may impose sanctions pursuant to 1447 ©).**

In determining federal question jurisdiction, Courts generally look to the face of the Plaintiff's "well pleaded complaint." If, on the face of the Plaintiff's complaint, no federal question is apparent, then federal removal jurisdiction does not exist.". A Plaintiff need not expressly plead a federal claim because courts will look to the nature of the claims pled to determine whether a federal question is there. The mere fact that a complaint may give rise to a federal defense, however does not satisfy the federal question requirement. The Plaintiff is the master of its complaint.

Plaintiff objects to the Magistrates R&R (6) Defendant JP Morgan's Motion to Strike Plaintiff's Second Repose to Defendants Motion to Dismiss Plaintiff's Complaint is Granted (Docket Entry 23) as this is a **state** issue and has nothing to do with this court. Plaintiff's REPLY was timely and in accordance with law. The Magistrate does **not** have authority to strike this document and no hearing was heard on this motion to strike.

Plaintiff objects to Magistrate (5). The case should have never been in this court to begin with as the Magistrate at no time looked or made a report and recommendation on Plaintiffs motion to remand even though it was filed before the Defendants motion to stay. Plaintiff objects to Magistrate R&R(10), no hearing was held on this motion and the Magistrate does not have authority to deny sanctions, or make final

judgments as Plaintiff never consented.

The Magistrate misquoted Plaintiff on page 4, as Plaintiff never stated that she secured the loan with her personal property. Plaintiff stated at (Compl.5) pursuant to an Equity Line of Credit Security Deed. Anywhere in the R&R you find the statement of loan regarding the Plaintiff it is objected by the Plaintiff as she clearly states in her Complaint **no consideration was provided to the Plaintiff for the Security Deed**. Clearly if Chase had a loan that was indeed enforceable by law, it would already be attached to a Summary Judgment Motion with Chase's name of it. They never filed a motion for Summary Judgment because they have **no loan, evidenced by their HELOC presented to this court.**

Magistrate is incorrect Plaintiff (Compl.(19) states there is **no** assignment recorded in the DeKalb County Records.

All the while the Magistrate was bias and still is bias in her R&R.

Plaintiff objects, as her state law claims should not be labeled dismissed without prejudice. All of the Plaintiff's claims should be REMANDED back to state court as this court never had original jurisdiction.

This court cannot content on the one hand not to take jurisdiction of Plaintiff's state claims and then slice and dice documents pertaining to her wrongful foreclosure case. The Magistrate has no legal authority to deny or strike any of Plaintiff's documents pertaining to state causes. Definitely not so, when they have nothing to do with the purported federal question claims. Furthermore, it was Defendant Chase who named Plaintiff's REPLY a (sur-reply)

Plaintiff objects that sanctions should be denied. Chase and its counsel are **required** by law to

validate and scrutinized all documents it chooses to file electronically. Rule 5.2 states **ONLY** the last four digits of a social security number can be on the documents. Defendant Chase electronically filed Plaintiff's **entire social security number** which was available to everyone through PACER system. Furthermore, the Heloc that was submitted is **frivolous**; Plaintiff signature is **not on the document**, the document **does not show a loan**, it is not a non-negotiable instrument, which Chase needs an assignment for, **that it does not have**. Clearly Chase's only purpose for filing the useless document was to harass the Plaintiff and deceive the court.

Rule 5.2 is **not** conditional on one hour as Chase would have this court believe.

Plaintiff objects to Magistrate denial of monetary sanctions. Plaintiff claim, Rule 73 challenge the Magistrate Judges jurisdiction to enter a final judgment without party consent. Plaintiff provided this court with a copy of the Heloc she obtained off of PACER the **same** day that Chase electronically filed it, with Plaintiff's full social security number, therefore the argument that it was withdrawn in a hour's time is without merit, Plaintiff provided this court with that very document, and yet the Magistrate chooses to disregard this fact. Plaintiff is legally entitled to sanctions in the amount of $55,000.00.   Plaintiff  is now exposed to identity theft, because of the negligence of Chase and its counsel. (Docket Entry 53).

Plaintiff objects to Magistrate denial of monetary sanctions.   Defendant Chase alleges that they searched Plaintiff's name in quotation marks is utterly insane obtaining three hits. There is no logical reason to search someone's name in quotation marks, unless you were seeking to retain as few hits as possible which is exactly what the Defendant intended to accomplish. (McGinnis Decl 5-6).   Plaintiff is not required to search the 60 or more hits on SCRIBD, in her name search and present it to this court, Plaintiff did not violate the Rule, Chase and its counsel did.   Chase has the burden of proving Plaintiff's social security number is not on the internet, or SCRIBD.

Plaintiff objects to Magistrate denial of monetary sanctions. The Magistrate misrepresented what

Plaintiff is seeking sanctions for regarding the declaration of Chase. Chase's counsel declaration stated Plaintiff executed the Heloc Agreement. This statement is **false, as Chase nor its counsel had personal knowledge of this statement. Because Plaintiff never executed any documents in their presence.** Defendants Chase and their council are guilty of perjury. **Plaintiff is warranted sanctions.** (McGinnis Decl. 5-6) Docket Entry 45-1).

Plaintiff objects to the denial of sanctions for JP Morgan's declaration (signed by Patricia Green at Docket Entry 30-2). Plaintiff also stated that Patricia Green stated personal knowledge that Plaintiff executed the Heloc Agreement. **This statement is grounds for perjury as Plaintiff never executed any documents in the presence of Patricia Green. The Magistrate omitted this argument from her R&R.**

Plaintiff objects to the Magistrate's denial of sanctions; It is amazing to Plaintiff that the Magistrate would attempt to justify an Affidavit by Patricia Green, stating in her declaration #3-4, **Attached hereto is a TRUE COPY** of Chase's 2009, 2010 Corporation Annual Registration with Georgia's Office of Secretary of State. I declare under penalty of **perjury** under the laws of the United States of America that the forgoing (and she states it again) is true and correct. Executed **July 21, 2010.** When the purported Secretary of State Certified Copy document is dated **July 22, 2010.** The Magistrate cannot justify, and attempt to uphold this act of deception. Patricia Green claimed the document was true and correct a **day** before the document was conceived. That is absurd. Plaintiff is entitled to monetary sanctions. Magistrate states this court cannot conclude that the affidavit was interposed for any improper purpose or that counsel was trying to purposefully deceive the Court or Plaintiff. Magistrate goes on to proclaim the document is certified.

Generally, the certification is hand written, and stamped, by an agent of the institution on the document itself. This document only has the words Certified Copy printed on the page and **it does not specify what it's purpose is for, or where it came from.** They could have took it from any document.

Compare Plaintiff's Certified Document from the **Georgia Secretary of State, stating JP Morgan Chase Bank, N.A. is not registered with the Georgia Secretary of State.** (Docket entry 34, Exhibit A) How can Chase or the Magistrate justify a document that **does not** even have **JP Morgan Chase Bank, N.A.** name on it. Once again, Chase is a Stranger to the documents. Furthermore, the burden of proof is on Chase and they have not met that burden.

Furthermore, The document reads JP Morgan Chase Bank. Which is a separate and distinct entity, as is JP Morgan Chase & Co. Plaintiff provided this court with a Certified document from the Georgia Secretary of State, stating JP Morgan Chase Bank, N.A. is not registered. **The Magistrate makes no mention of this document.** JP Morgan Chase Bank, N.A. has **no certificate of authority** and it had **no** legal right to initiate its state proceedings when it had Plaintiff illegally dispossessed from her rightful and legal home. Chase has no legal right to **any** court in Georgia without a certificate of authority. No hearing was heard on any issue of this court. Plaintiff objects to the denial of sanctions.

**When determining whether sanctions are appropriate, a district court "should use an objective reasonableness test to determine whether a Rule 11 violation has occurred' and that once it is determined that a Rule 11 violation has occurred, the imposition of sanctions is mandatory."'** Schrag v. Dinges, Nos 94-3005, 94-3093 and 94-3102, 1995 U.S. App. LEXIS 31940 **35-36 (10th Cir Nov. 14 1995),

Once a court determines to remand, it may award attorney's fees and cost associated with the removal if it determines, by examining the Plaintiff's complaint at the time of removal, that the Defendant's removal was "legally improper." Avitts, III F.3d at 32.

Plaintiff respectfully request that sanctions be awarded to Plaintiff for cost, frivolous filing, and

time spent, as this case have been in this court for almost twelve (12) months to date. Plaintiff objects to the Magistrate denying motions when no hearings were conducted by this court. Plaintiff requests a DE NOVO DETERMINATION OF THE ENTIRE FILE.

Plaintiff request that the case in its entirety be remanded, and that this court hear and grant motion for sanctions.

Dated:   February 11, 2011

Respectfully submitted,
_/s/ Carolyn Boone_
CAROLYN BOONE, Pro Se
115-14 209th Street
Cambria Heights, N.Y. 11411
(718) 527-6139

CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the within and foregoing PLAINTIFF'S OPPOSITION TO MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION upon Defendant's counsel of record by U.S. Mail, postage pre-paid, addressed as follows.

Wargo & French LLP
Shannon J. McGinnis
John P. Mittelbach
1170 Peachtree, Street, N.E.
Suite 2020
Atlanta, Georgia 30309

McCurdy & Candler, LLC
Frank R Olson
Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305

CAROLYN BOONE