FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 1 5 2011

JAMES N. HATTEN, CLERK
By

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLYN BOONE,
PRO SE

    Plaintiff,

-against-

JP MORGAN CHASE BANK, N.A.,
and McCURDY & CANDLER LLC

    Defendants

CIVIL ACTION NO.   1: 10-CV-800-TWT-LTW

**PLAINTIFF'S SUPPLEMENTAL OPPOSITIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

Plaintiff objects to denial of Plaintiff's Motion for Default Judgment against JP Morgan Chase Bank, N.A. untimely filing of it's Motion to Dismiss (Docket Entry # 13). Chase's motion was untimely, March 19. 2010 (Docket #3) because it was filed in violation of Fed. R.Civ P. 81(C)(A) After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

(A) 21 days after receiving — through service or otherwise — a copy of the initial pleading stating the claim for relief;

(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

(C) 7 days after the notice of removal is filed.

The longest of these periods is (A). Plaintiff is entitled to Default Judgment against Chase.

Plaintiff objects to the Magistrate's (#5). This Court stayed (delayed) the Plaintiff's right to a fair and timely opportunity to litigate her case. This Court never had jurisdiction to this case and it should not have taken eleven months, for this court to rectify the problem. Furthermore, Plaintiff had to file, on her own behalf, a motion for a report and recommendation from the magistrate judge, or this case would have continued to sit on the back burner forever. Plaintiff fears, that she cannot get a fair trail in this court which is evident by the magistrate's delaying this action as well as assisting the Defendants in justifying that this court had jurisdiction over Plaintiff claims. All state court judgments and orders made in this court will be made null and void. Plaintiff request that this court retain jurisdiction over the issue of sanctions. See Friendly for American Free Enterprise Assoc. v. Wal-Mart Stores, Inc., 284 F3d. 575, 578 n. 2 (5th Cir. 2002) (the court retains power to issue sanctions under Rule 11 even when the case is no longer before it); Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 247 (3d Cir. 2000) (court still had jurisdiction to issue sanctions after it dismissed or remanded case, even if it lacked subject matter jurisdiction over the claim in which the sanctionable conduct occurred). Chase and McCurdy & Candler, has behaved absurdly-not only throughout this case, but also in other similar suits. The district court on remand is free to consider whether sanctions are appropriate under Rule 11 for papers filed in the district court opposing motion to remand, or under 28 U.S.C. 1927 for unreasonably and vexatiously multiplying the proceedings in this case. Removal was baseless, blatantly frivolous, constituted an abuse of process, was submitted solely to harass, cause unnecessary delay, and

needlessly increase the cost of litigation. Discretion is abused whenever in it's exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. Plaintiff has suffered a miscarriage of justice thus far.

Dated:   February 14, 2011

Respectfully submitted,
*/s/ Carolyn Boone*
CAROLYN BOONE, Pro Se
115-14 209th Street
Cambria Heights, N.Y. 11411
(718) 527-6139

## CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the within and foregoing PLAINTIFF'S SUPPLEMENTAL OPPOSITIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION upon Defendant's counsel of record by U.S. Mail, postage pre-paid, addressed as follows.

Wargo & French LLP
Shannon J. McGinnis
John P. Mittelbach
1170 Peachtree, Street, N.E.
Suite 2020
Atlanta, Georgia 30309

McCurdy & Candler, LLC
Frank R Olson
Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305

_____
CAROLYN EJOVI